IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HALO CREATIVE & DESIGN LIMITED, HALO TRADEMARKS LIMITED, and HALO AMERICAS LIMITED, | ) ) ) ) | Case Number: 1:14-cv-08196 |
| Plaintiffs, | ) ) | Judge Harry D. Leinenweber |
| v. | ) ) | Magistrate Judge Susan E. Cox |
| COMPTOIR DES INDES INC., CDI INTERNATIONAL, CDI FURNITURE, and DAVID OUAKNINE, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
<u>**MOTION TO DISMISS ON *FORUM NON CONVENIENS* GROUNDS**</u>

Defendants Comptoir Des Indes Inc. ("CDI") and David Ouaknine (collectively, "Defendants") submit the following memorandum of law in support of their Motion to Dismiss on *Forum Non Conveniens* Grounds.  This action should be dismissed because the Northern District of Illinois has little, if any, substantive connection to the subject matter of this dispute.

Plaintiffs Halo Creative & Design Limited, Halo Trademarks Limited, and Halo Americas Limited (collectively, "Plaintiffs") are three interrelated Hong Kong companies, while Defendants are a Canadian company and its CEO.  It is not immediately apparent why Plaintiffs chose to file this design patent, copyright, and trademark infringement suit here in Illinois, where none of the parties have any employees or physical presence.

Under the factors courts consider in the *forum non conveniens* analysis, the Federal Court of Canada is a far superior forum in which to resolve this dispute.  This Court should dismiss this action so that it can be re-filed in that forum.

**Factual Background**

This is an action for design patent infringement, copyright infringement, trademark infringement, and two related Illinois state causes of action. The Defendants are a Canadian company headquartered in Montreal and a Canadian citizen residing in Montreal[1]. Declaration of David Ouaknine Dated December 10, 2014 ("Ouaknine Dec.") at ¶¶ 2, 5. The Plaintiffs are three related Hong Kong companies which are all headquartered in Hong Kong. Complaint ¶ 2. The Complaint identifies twenty-five models of furniture sold by CDI which it alleges infringe on one or more of Plaintiffs' alleged design patents, copyrights or trademarks.

The allegations of the Complaint do not suggest that Plaintiffs have any employees or physical presence in Illinois. Defendant CDI also has no employees or physical presence in Illinois. Ouaknine Dec. ¶ 7. Instead, CDI sells its furniture to a number of third-party distributors, which in turn sell that furniture throughout the United States. Ouaknine Dec. ¶ 9. The Complaint alleges that at least some of those third-party sales of CDI's furniture have been to buyers in Illinois. Complaint ¶¶ 8-9.

**Argument**

**I.     This Case Should Be Dismissed So That It Can Be Refiled with the Federal Court of Canada.**

"The common law doctrine of *forum non conveniens* allows a federal district court to dismiss a suit over which it would normally have jurisdiction in order to best serve the convenience of the parties and the ends of justice." *Stroitelstvo Bulgaria Ltd. v. Bulgarian-American Enterprise Fund*, 589 F.3d 417, 421 (7th Cir. 2009). In analyzing whether to dismiss a

---

[1] The remaining names appearing as defendants on the caption, CDI International and CDI Furniture, are alternative business names of Defendant Comptoir Des Indes Inc. They do not have separate legal existence. Ouaknine Dec. ¶ 4.

case on *forum non conveniens* grounds, a court first asks whether there is an alternative forum which is both available and adequate. *Id*. If those requirements are satisfied, the court then analyzes whether the private interests of the parties and the public interests of the forums favor dismissal. *Id*. at 424.

In the present case, the Federal Court of Canada is an available and adequate alternative forum. Moreover, a balancing of the relevant private and public interest factors shows that Court to be a far more appropriate forum in which to decide the present dispute.

### A. The Present Plaintiffs' Choice of Forum Is Entitled to Little Weight.

Because each of the Plaintiffs is incorporated and headquartered in Hong Kong, China (*see* Complaint ¶ 2), with no apparent physical business presence in the Northern District of Illinois, their decision to file suit here does not weigh heavily in the *forum non conveniens* analysis. "A defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum. When the plaintiff's choice is not its home forum, however, the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'" *Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.*, 549 U.S. 422, 127 S.Ct. 1184, 1191, 167 L.Ed.2d 15 (2007) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)).

### B. The Federal Court of Canada is an Available and Adequate Forum in Which to Hear This Action.

"An alternative forum is 'available' if all of the parties are amenable to process and within the forum's jurisdiction." *Stroitelstvo*, 589 F.3d at 421. Defendants are certainly amenable to process in Canada, all of which is within the jurisdiction of the Federal Court of

Canada. CDI is a Quebec, Canada corporation with its principal place of business at 170 re Sherbrook Est., Montreal, Quebec, H2X 3B3 Canada. Ouaknine Dec. ¶ 5. Defendant David Ouaknine is a Canadian citizen who resides at 6247A Chemil Hillsdale, Montreal, Quebec, H3S 2M8 Canada. Ouaknine Dec. ¶ 2. Even if these facts alone did not place Defendants within the jurisdiction of the Federal Court of Canada, Defendants hereby consent to the jurisdiction of the Federal Court of Canada regarding the subject matter of this action should it be dismissed by this Court.

There should also be no question that the Federal Court of Canada is an adequate forum. "An alternative forum is adequate if it provides the plaintiff with a fair hearing to obtain some remedy for the alleged wrong. It is not necessary that the forum's legal remedies be as comprehensive or as favorable as the claims a plaintiff might bring in an American court. Instead, the test is whether the forum provides some potential avenue for redress for the subject matter of the dispute." *Stroitelstvo*, 589 F.3d at 421 (internal citations omitted). The thrust of Plaintiffs' Complaint is that twenty-five models of furniture sold by CDI infringe on one or more of Plaintiffs' alleged design patents, copyrights or trademarks.[2] The Federal Court of Canada has conferred jurisdiction over, and thus expertise to understand, patent, copyright, and trademark infringement disputes. *See* Exhibit A to Declaration of Mark R. Bagley dated December 10, 2014 ("Bagley Dec."). Therefore, the Federal Court of Canada is an adequate alternative forum because it can provide Plaintiffs with an avenue of redress for the subject matter of the present Complaint.

---

[2]The Complaint also includes one claim each under the Illinois Consumer Fraud and Deceptive Business Practices Act and the Illinois Uniform Deceptive Trade Practices Act, but those claims cover the same accused furniture sales as the design patent, copyright, and trademark claims. *See* Complaint ¶¶ 72-89.

      **C.**      **The Private Interests of the Parties Favor Dismissal in Favor of the Federal Court of Canada.**

Courts look to a specific set of factors when weighing the private interests of the parties in a *forum non conveniens* analysis. "The private interest factors that a court may consider include the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Stroitelstvo*, 589 F.3d at 425. In this case, the relative ease of access to sources of proof and the cost of obtaining attendance of willing witnesses weigh towards dismissal in favor of the Federal Court of Canada, while the remaining factors are neutral.

      **1.**      **Ease of Access to Sources of Proof**

This is an intellectual property infringement action in which a Montreal company is accused of selling infringing items, through third-party distributors, throughout the United States and Canada. Documents and other proof related to Defendants' design, promotion and sale of the accused items will be located mostly at CDI's principal place of business, which is in Montreal. Transporting such documents and things to Chicago would be an unnecessary expense. *See Stroitelstvo*, 589 F.3d at 425 (recognizing expense in transporting witnesses and documents from Bulgaria to Chicago). In addition, most of CDI's business records are in French. Ouaknine Dec. ¶ 8. As a result, the officially bilingual (meaning English and French) Federal Court of Canada would be able to handle such documents without translation, while such documents would need to be translated into English if the case remained in this Court. *See Stroitelstvo*, 589 F.3d at 425 (recognizing significant expense in translating documents from

Bulgarian to English). Defendants presume that documents and things related to Plaintiffs' establishment of their alleged intellectual property rights will be located primarily in Hong Kong. However, there should be no appreciable difference in ease of access to those proofs if this case were heard in Montreal rather than Chicago. On balance, the ease of access to proof factor favors dismissal.

### 2. Compelling Attendance of Unwilling Witnesses

Based on the factual allegations in the Complaint, the primary witnesses in this intellectual property case will likely be the employees of the party companies. The allegations do not reveal any specific third-party witnesses within the United States, such that the present Court could compel their attendance at trial but a Canadian court could not. This factor is therefore neutral in the *forum non conveniens* analysis.

### 3. Cost of Obtaining Attendance of Willing Witnesses

As stated above, the primary witnesses in this intellectual property case will likely be the employees of the party companies. Those employees are the ones who know about the creation and first uses of the alleged intellectual property rights of the Plaintiffs on one side, and about the design, promotion and sales of the accused items by Defendants on the other side. All of the employees of CDI, including Defendant David Ouaknine, work and live in the Montreal area. Ouaknine Dec. ¶ 6. Therefore, it would be significantly less costly and more convenient for these witnesses to attend a trial in Montreal[3] than to have to travel to Chicago. With respect to Plaintiffs, there is no indication that any of their employees or other relevant witnesses are

---

[3]The Federal Court of Canada may sit anywhere in that country, and it regularly conducts hearings and renders decisions in major cities such as Montreal. *See* Bagley Dec. Ex. A. The Federal Court of Canada maintains a permanent physical location, called a Registry Office, in Montreal. *See* Bagley Dec. Ex. B. It would therefore be reasonable to assume that a Federal Court of Canada trial in this action, if necessary, would occur in Montreal.

located in Chicago. Instead, such employees are most likely to be located in Hong Kong, where all three of those companies are headquartered. *See* Complaint ¶ 2. For such employees located in Hong Kong, there should be no appreciable difference in cost or convenience between traveling to Montreal or Chicago. Because it would be less costly for Defendants' anticipated witnesses to have this case heard in Montreal, and equally costly for Plaintiffs' anticipated witnesses to have this case heard in Chicago or Montreal, this factor favors dismissal of the Chicago action.

### 4. Viewing the Premises

Based on the allegations in the Complaint, Defendants do not anticipate the viewing of any premises to be necessary in this action. Therefore this factor is neutral.

### D. The Public Interests of the Forums Favor Dismissal in Favor of the Federal Court of Canada.

There are an additional set of factors that courts weigh when analyzing the public interests of the forums in a *forum non conveniens* analysis. "The public interest factors include the administrative difficulties stemming from court congestion; the local interest in having localized disputes decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Stroitelstvo*, 589 F.3d at 425. Here, Illinois' lack of a local interest in the present dispute and the unfairness of burdening Illinois citizens with jury duty strongly favor dismissal, having the forum court familiar with the governing law slightly disfavors dismissal, and the remaining factors are neutral.

1. **Relative Congestion of the Courts**

There is insufficient publicly available information to make an accurate comparison of congestion between the present Court and the Federal Court of Canada. The Administrative Office of the U.S. Courts has published statistics indicating that as of June 2014, the median time from filing a civil case to trial in the Northern District of Illinois was 35.4 months. *See* Bagley Dec. Ex. C. However, Defendants could locate no parallel information for the Federal Court of Canada. Because there is insufficient information to make this comparison, this factor should be considered neutral. *See Clerides v. Boeing Co.*, 534 F.3d 623, 630 (7th Cir. 2008) (congestion factor considered neutral where insufficient information to assess congestion of foreign courts).

2. **Local Interest in Deciding Localized Disputes**

There should be no doubt that Canada has a strong interest in deciding the present dispute. That interest stems from the fact that one of its companies and one of its citizens have been accused of intellectual property infringement. Illinois has no such interest, as none of its citizens, residents, or companies are parties to this dispute. In fact, it would be flatly wrong to say this dispute was "localized" in Illinois in any way. Illinois' only apparent connection to this dispute is the allegation that CDI placed the accused items into the stream of commerce throughout the United States, through third-party distributors, and some of those items were eventually sold in Illinois. *See* Complaint ¶¶ 8-9. Illinois' lack of a local interest in this dispute means that this factor strongly favors dismissal in favor of the Federal Court of Canada.

3. **Court's Familiarity with Governing Law**

This factor weighs at most slightly in favor of retaining jurisdiction in the Northern District of Illinois. For the copyright and trademark claims, which cover the vast majority of

accused items in this case[4], a Canadian court could simply apply Canadian law to the acts of Defendants. "The *forum non conveniens* doctrine does not guarantee the plaintiff its choice of law, or even that United States law will be applied in the alternative forum." *Creative Technology, Ltd. v. Aztech System Pte. Ltd.*, 61 F.3d 696, 701 (9th Cir. 1995) (holding that a Singapore court should apply Singapore copyright law to Singapore defendants for acts leading to allegedly infringing sales in the United States). The design patent claim, which only applies to three out of the twenty-five accused furniture items, requires a different analysis. As far as Defendants can tell, Plaintiffs own no parallel design patents for these same designs in Canada. As a result, a Canadian court would need to apply U.S. design patent law for those few applicable sales which occurred in the U.S. However, there is no particular reason to think that the Federal Court of Canada, which hears Canadian intellectual property law cases, would have difficulty understanding or applying U.S. principles of design patent infringement to the present facts. At most, this factor weighs slightly against dismissal.

### 4. Avoiding Conflicts of Laws

Defendants foresee no conflicts of laws problems if this action were to be heard and decided by the Federal Court of Canada. As a result, this factor is likely neutral.

### 5. Burdening Citizens in Unrelated Forum with Jury Duty

For many of the same reasons why Illinois lacks a local interest in this dispute, it would be unfair to burden Illinois citizens with serving on a jury to settle this dispute between Hong Kong plaintiffs and Canadian defendants. As described above, Illinois has little connection to

---

[4]This analysis leaves aside the alleged claims under the Illinois Consumer Fraud and Deceptive Business Practices Act and the Illinois Uniform Deceptive Trade Practices Act because they are basically duplicative of the remaining claims, and because it is not clear that they would even be made if this action were re-filed with the Federal Court of Canada.

the present dispute. Accepting the Complaint allegations on this point as true, CDI placed accused items into the stream of commerce throughout the United States, through third-party distributors, and some of those items were eventually sold in Illinois. *See* Complaint ¶¶ 8-9. This does not create a strong relationship to the forum. *See Creative Technology,* 61 F.3d at 704 ("This is essentially a dispute between two Singapore corporations as to which of them was the original developer of the disputed sound card technology. This is not a case involving the piracy of American made products or substantively involving American companies. As such, the United States' interest in resolving this controversy and the relation of the jury community to this controversy are extremely attenuated …."). Because the citizens of the Northern District of Illinois have little connection to the present litigants or dispute, this factor strongly weighs in favor of dismissal.

**Conclusion**

This Court should dismiss the present action on *forum non conveniens* grounds. The Federal Court of Canada provides an available, adequate alternative forum for this dispute. A significant number of public and private interest factors favor this case being heard in Canada, including the relative ease of access to sources of proof, the cost of obtaining attendance of willing witnesses, Illinois' lack of a local interest in the present dispute, and the unfairness of burdening Illinois citizens with jury duty. On the other hand, the factor of having the forum court familiar with the governing law slightly disfavors dismissal, and the remaining factors are neutral. Taken as a whole, these factors strongly suggest that this case should be dismissed in favor of a forum with a substantive connection to the dispute.

                                                                           Respectfully submitted,

                                                                           COMPTOIR DES INDES INC. and
                                                                           DAVID OUAKNINE

Date:   December 10, 2014                By:     s/ Mark R. Bagley
                                                                        Mark R. Bagley
                                                                        TOLPIN & PARTNERS, PC
                                                                        100 North LaSalle Street, Suite 510
                                                                        Chicago, Illinois 60602
                                                                        (312) 698-8971

                                                                        Attorney for Defendants
                                                                        COMPTOIR DES INDES INC. and
                                                                        DAVID OUAKNINE

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS ON *FORUM NON CONVENIENS* GROUNDS** was served via the Northern District of Illinois electronic filing system to:

> Richard D. Harris
> Richard P. Bender
> Barry R. Horwitz
> GREENBERG TRAURIG, LLP
> 77 West Wacker Drive, Suite 3100
> Chicago, Illinois 60601

on this 10th day of December, 2014.

                                              s/ Mark R. Bagley
                                              Mark R. Bagley