IN THE UNITED STATES DISTRCT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


HALO CREATIVE & DESIGN
LIMITED, HALO TRADEMARKS,
LIMITED, and HALO AMERICAS
LIMITED,                                                    Case No. 14 C 8196

                    Plaintiffs,
                                                     Harry D. Leinenweber
            v.

COMPTOIR DES INDES INC., CDI
INTERNATIONAL, CDI FURNITURE,
and DAVID OUAKNINE,

                    Defendants.


MEMORANDUM OPINION AND ORDER

I.   BACKGROUND

This is an intellectual property action between Hong Kong Plaintiffs and Canadian Defendants. While none of the parties have any employees or a physical presence in Illinois, the Plaintiffs chose this venue. They contend that they designed their product (high-end furniture) for consumption in the United States under the protection of its intellectual property laws so they seek to enforce the rights here. The Defendants, competitors, sell similar furniture in the United States through independent United States distributors. The Defendants have moved to dismiss based on *forum non conveniens,* contending that the Plaintiffs should refile this suit in the federal courts in Canada.

## II. DISCUSSION

The law relating to *forum non conveniens* is not particularly complicated. *See, Kamel v. Hill-Rom Co., Inc.,* 108 F.3d 799 (7th Cir. 1997). A court may dismiss a suit for *forum non conveniens* over which it has jurisdiction if it best serves the convenience of the parties and the ends of justice. *Gulf Oil v. Gilbert,* 67 S.Ct. 839, 842-43 (1947). While a plaintiff's choice of forum is entitled to some deference, where its choice is not its home forum, its deference has less force. *Sinochem International Co. Ltd. v. Malasyia Intern. National Shipping Corp.,* 127 S.Ct. 1184, 1191 (2007). However, there must be an adequate alternative forum available and the "vexation and oppression" of the defendant must outweigh the convenience to the plaintiff. *Piper Aircraft Co. v. Reyno,* 102 S.Ct. 252, 258 (1981).

To be an available forum, the parties must be amenable to process and subject to jurisdiction in the foreign court. Here, the Defendants, being Canadians, are obviously subject to the jurisdiction of the Canadian courts, and the Plaintiffs, Hong Kong citizens, would be subject to the jurisdiction of the Canadian courts if they filed suit in Canada. Moreover, the individual Defendant, David Ouaknine, would be subject to the jurisdiction of the Canadian courts and a refiling there by Plaintiffs would moot his objection to the jurisdiction of this Court.

- 2 -

The next issue is whether the available forum is an adequate forum. Here Plaintiffs take issue with the adequacy because they are seeking to enforce United States Intellectual property laws which they contend a Canadian court cannot do. Defendants answer that Canadian courts, as signatories of the Berne Convention for the Protection of Literary and Artistic Works, can offer Plaintiffs adequate protection of their intellectual property rights. Under this convention a signatory nation must extend all of the protection it affords its own citizens to foreign nationals. Since Canada, Hong Kong, and the United States are signatories, Plaintiffs are entitled to all of the protections offered by Canadian law to Canadian citizens. Even if the Canadian law does not offer exactly the same protections as United States law, the test is whether the local law fails to offer a potential avenue for redress, *i.e.,* whether the foreign laws are so inadequate so as to amount to no remedy at all. If so, then the forum is inadequate and not available. *Stroitelsivo Bulgaria Ltd. v. Bulgarian-American Enterprise Fund,* 589 F.3d 417, 421 (7th Cir. 2009).

In addition, although neither party discusses Canadian conflict of laws to determine whether a Canadian Court could, in fact, enforce United States intellectual property laws, as pointed out in *Creative Technology, Ltd. v. Aztech Systems Pte., Ltd.,* 61 F.3d 696, 702 (9th Cir. 1995), the United States has recognized the potential of applying the copyright laws of other nations and

perhaps Canada could do likewise. Finally, the Canadian Courts could, if Plaintiffs are successful in establishing violations of the copyright laws, enjoin Defendants from exporting their furniture to the United States which would effectively prevent any continuing violation in the United States of its intellectual property laws.

The next step in the analysis is the balancing of the private and public interest factors. The factors must weigh in favor of the Defendants to warrant dismissal under *forum non conveniens.* The private factors include ease of access to sources of proof, availability of compulsory process, cost of obtaining attendance of willing witnesses, and the enforceability of any judgment. *Clerides v. Boeing Co.,* 534 F.3d 623, 628 (7th Cir. 2008). Access to proof would seem to tilt toward the Defendants. Plaintiffs would need to have access to evidence of design, promotion and sale of Defendants' alleged infringing goods all of which are located in Canada. In addition, the documents probably are in the French language and the need to translate such documents would not be necessary in a Canadian Court which in Quebec is bilingual, but would be necessary in an American court.

Compelling attendance of unwilling witnesses could be slightly more difficult out of a Canadian court if the witnesses were located in the United States, but not impossible because they could be compelled through the issuance of letters rogatory to the

district court in which the witnesses resides.  *See,* 28 U.S.C. § 1782.  The cost of obtaining attendance of the willing witnesses to Plaintiffs would be similar because they would need to transport their witnesses from Hong Kong to either Chicago or Montreal.  The cost to Defendants would, of course, be considerably higher if they had to transport their witnesses from Montreal to Chicago.  This factor greatly weighs in Defendants' favor.

The public interest factors likewise do not compel denial of the Motion to Dismiss.  These factors include relative congestion of the courts, familiarity with governing law, existence of a local interest, avoidance of conflict of law problems, and any unfairness of burdening citizens of an unrelated forum with jury duty. *Clerides,* 534 F.3d at 628.  The Plaintiffs argue that the "local interest" factor weighs in their favor.  However, the vast majority of Plaintiffs' case involves copyright and not trademark enforcement.  Copyrights exist to protect the property rights of the copyright owner and not necessarily to protect the consumer. After all, a person who buys an infringing sofa does not believe it is the sofa of the infringed party so there is not a "passing off" problem.  Canada, on the other hand, has an interest in seeing that claims against its citizens are fairly resolved.  This factor is, at best, neutral.

Familiarity with the law would not pose any problem if Canada applies its own laws to the case and the possibility that it would

apply United States law about which it would be less familiar would possibly make this point slightly in favor of Plaintiffs but not by much. The issue of the burden of jury duty does not appear to the Court to be significant.

Considering all of the private and public factors, together they weigh in favor Defendants. Since Canada is an adequate forum, the Motion for Dismissal for *forum non conveniens* is granted.

### III.   CONCLUSION

For the reasons stated herein, the Defendants' Motions to Dismiss on *forum non conveniens* are granted. The Defendant David Ouaknine has also moved to dismiss based on a lack of jurisdiction. Since the case is dismissed, his Motion is denied as moot.

**IT IS SO ORDERED.**


_____
Harry D. Leinenweber, Judge
United States District Court

Dated:1/29/2015