# United States Court of Appeals for the Federal Circuit

---

**HALO CREATIVE & DESIGN LIMITED, HALO TRADEMARKS LIMITED, HALO AMERICAS LIMITED,**
*Plaintiffs-Appellants*

v.

**COMPTOIR DES INDES INC., DAVID OUAKNINE,**
*Defendants-Appellees*

---

2015-1375

---

Appeal from the United States District Court for the Northern District of Illinois in No. 1:14-cv-08196, Senior Judge Harry D. Leinenweber.

---

Decided: March 14, 2016

---

BARRY HORWITZ, Greenberg Traurig LLP, Chicago, IL, argued for plaintiffs-appellants. Also represented by RICHARD DANIEL HARRIS.

MARK RAY BAGLEY, Tolpin & Partners, PC, Chicago, IL, argued for defendants-appellees.

---

Before DYK, MAYER, and HUGHES, *Circuit Judges*.

DYK, *Circuit Judge*.

Halo Creative & Design Ltd., Halo Trademarks Ltd., and Halo Americas Ltd. (collectively, "Halo"), own two U.S. design patents, thirteen U.S. copyrights, and one U.S. common law trademark relating to twenty-five of their furniture designs. Halo is located in Hong Kong. Halo sued Comptoir Des Indes, Inc. ("Comptoir"), a Canadian company, and its CEO, David Ouaknine (collectively, "appellees"), a Canadian resident, in the Northern District of Illinois. Halo asserted that appellees infringed their intellectual property and violated Illinois consumer fraud and deceptive business practices statutes.

Appellees moved to dismiss on *forum non conveniens* grounds, contending that the Federal Court of Canada would be a superior forum. The district court granted the motion and dismissed the case. *Halo Creative & Design Ltd. v. Comptoir Des Indes, Inc.*, No. 14C8196, 2015 WL 426277, at *3 (N.D. Ill. Jan. 29, 2015) ("*Halo*"). Halo appeals. We reverse and remand for further proceedings.

BACKGROUND

Halo is a Hong Kong private company that designs and sells high-end modern furniture. It is the exclusive owner of U.S. Design Patent Nos. D655,526 S and D655,100 S, thirteen U.S. copyrights,[1] and one U.S.

---

[1] Halo has pending copyright applications, not registered copyrights, but the Seventh Circuit follows the prevailing "application approach" rather than the "registration approach," *see Chi. Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 631 (7th Cir. 2003); 2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 7.16[B][3][b][ii]

common law trademark, all relating to twenty-five of its furniture designs. Halo's common law trademark, ODEON, is used in association with at least four of its designs. Halo sells its furniture in the United States, including through its own Timothy Oulton retail stores. Appellee Comptoir, a Canadian corporation, also designs and markets high-end furniture. Comptoir's furniture products are produced by manufacturers in China, Vietnam, and India. Comptoir's furniture products are imported into the United States, where Comptoir offers its products for sale to consumers directly at various furniture shows and also through several distributors across the country, including in the Northern District of Illinois.

On October 20, 2014, Halo brought suit against appellees in the Northern District of Illinois, alleging infringement of its U.S. design patents, copyrights, and trademark. Halo also alleged that appellees had violated Illinois consumer fraud and deceptive business practices statutes. Halo accused twenty-five of appellees' products of infringement. Twenty-three of those twenty-five were the subject of Halo's copyright infringement allegations. With respect to two products, Halo alleged infringement only of its design patents. Four of appellees' products were also alleged to infringe Halo's trademark.

Appellees moved to dismiss on *forum non conveniens* grounds, contending that Canada, where appellees reside, "is a far superior forum in which to resolve this dispute." A. 229.[2] Appellees' theory was that a copyright remedy

---

(2015), and therefore Halo's copyright applications suffice to bring suit for infringement pursuant to 17 U.S.C. § 411(a). For convenience we refer to the applications as "copyrights."

[2] Pages in Halo's appendix are referred to as A __.

would be available in the Federal Court of Canada. Appellees' only evidence concerning the remedies available in the Federal Court of Canada was a printout of a webpage from the site of the Federal Court of Canada. The webpage explained that the Federal Court of Canada has jurisdiction to adjudicate "intellectual property rights, including copyright, industrial design . . . patents . . . and trade-marks." A. 249. Appellees did not adduce any expert testimony regarding the adequacy of the Federal Court of Canada as an alternative forum. Nor did appellees submit any evidence that the Canadian courts could provide a remedy for United States infringement. Halo opposed the motion, arguing both that Canada would not be an adequate forum to resolve its United States intellectual property dispute and that private and public interests militated against dismissal.

The district court concluded that Canada would be an adequate forum. It explained that Halo could seek relief for its copyright claims under Canadian law, because Canada, Hong Kong, and the United States are all signatories of the Berne Convention. Further, even though there was no evidence that the Canadian courts would apply United States law, the court reasoned that "the United States has recognized the potential of applying the copyright laws of other nations and perhaps Canada could do likewise." *Halo*, 2015 WL 426277, at *2. The court did not address Halo's design patent, trademark, or state law allegations.

The district court then balanced the private and public interests. As for private interests, the district court found that access to proof and the cost of obtaining attendance of willing witnesses weighed in favor of appellees. As for public interests, the district court found that the existence of a local interest in having localized controversies decided at home was neutral, while familiarity with governing law pointed perhaps slightly in Halo's

favor. Balancing all of the interests, the district court concluded that they weighed in appellees' favor. Accordingly, the district court dismissed the complaint.

Halo appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1). Under Seventh Circuit law, we review a district court's grant of a motion to dismiss on *forum non conveniens* grounds for abuse of discretion. *Fischer v. Magyar Allamvasutak Zrt.*, 777 F.3d 847, 866 (7th Cir. 2015); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).

## DISCUSSION

The doctrine of *forum non conveniens* has a long history. Although transfer between federal courts was codified in 28 U.S.C. § 1404(a), *forum non conveniens* concerning foreign and state venues has always been a common-law doctrine. *Piper Aircraft*, 454 U.S. at 253; 14D Charles Alan Wright et al., *Federal Practice and Procedure* § 3828 (4th ed.). In 1947, the Supreme Court recognized that the doctrine applies to suits in federal district court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947), and *Koster v. (American) Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 526 (1947). *Forum non conveniens*, the Court explained, allows a federal district court to dismiss a suit over which it would normally have jurisdiction if trial in a foreign forum would "best serve the convenience of the parties and the ends of justice." *Koster*, 330 U.S. at 527. Whether dismissal would promote convenience and justice should be determined by weighing various private and public interest factors. *See Gilbert*, 330 U.S. at 508. Such private interest factors include: "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining the attendance of unwilling, witnesses; [and the] possibility of view of the premises." *Id*. Public interest factors include: "con-

gest[ion]" of the courts; the burden of jury duty imposed upon a "community which has no relation to the litigation"; "a local interest in having localized controversies decided at home"; and the potential for a "conflict of laws." *Id.* at 508–09.

The Supreme Court returned to the doctrine of *forum non conveniens* in *Piper Aircraft*. There the Court confronted a wrongful death action arising out of a plane crash in Scotland. 454 U.S. at 238–39. All of the decedents were Scottish residents, and their administrator brought suit against the American plane and propeller manufacturers in United States district court, asserting, *inter alia*, strict tort liability theories. *Id.* at 239–40. The district court dismissed on *forum non conveniens* grounds, but the Third Circuit reversed, reasoning that strict tort liability theories were unavailable in Scotland, and thus dismissal would "work a change in the applicable law" such that *forum non conveniens* dismissal was precluded. *Id.* at 246.

The Supreme Court disagreed. Every *forum non conveniens* inquiry, the Court explained, must begin with a determination of whether there exists an alternative forum that is both adequate and available to hear the case. *Id.* at 254 n.22. An alternative forum is available if "the defendant is 'amenable to process' in the other jurisdiction." *Id.* An alternative forum is adequate unless "the remedy offered by the other forum is clearly unsatisfactory," as when "the alternative forum does not permit litigation of the subject matter of the dispute." *Id.* Contrary to the holding of the Third Circuit, "[t]he possibility of a change in substantive law" does not automatically render an alternative forum inadequate. *Id.* at 247. Rather, an alternative forum is inadequate only if the remedy it would provide is "so clearly inadequate or unsatisfactory that it is no remedy at all." *Id.* at 254. If no available and adequate alternative forum exists, *forum*

*non conveniens* dismissal is not permitted. *Id.* at 254 n.22. If such an alternative forum does exist, district courts must proceed to balance the private and public interest factors described in *Gilbert* to determine whether dismissal is warranted. *See id.* at 257.

It is clear after *Piper Aircraft* that an alternative forum is not adequate unless it "permit[s] litigation of the subject matter of the dispute." *Id.* at 254 n.22; *see also Kamel v. Hill-Rom Co., Inc*, 108 F.3d 799, 803 (7th Cir. 1997) ("An alternative forum is adequate when the parties will not be deprived of all remedies or treated unfairly."). In other words, adequacy is determined by whether the foreign forum will provide "some potential avenue for redress for the subject matter of the dispute." *Stroitelstvo Bulg. Ltd. v. Bulgarian-Am. Enter. Fund*, 589 F.3d 417, 421 (7th Cir. 2009). Thus while "it is not enough to say that the transfer will 'lead to a change in applicable law unfavorable to the plaintiff,'" *Fischer*, 777 F.3d at 867 (quoting *In re Factor VIII or IX Concentrate Blood Prods. Litig.*, 484 F.3d 951, 956 (7th Cir. 2007)), a change in law cannot be such that the plaintiff would be left without any "potential avenue for redress for the subject matter of the dispute." *Stroitelstvo*, 589 F.3d at 421.[3]

The moving party bears the burden of persuasion as to the adequacy of the alternative forum. *In re Ford Motor Co., Bridgestone/Firestone North Am. Tire, LLC*, 344 F.3d 648, 652 (7th Cir. 2002). Appellees fail to meet that burden here.

---

[3] *See also Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764, 768 (9th Cir. 1991); *Cheng v. Boeing Co.*, 708 F.2d 1406, 1411 (9th Cir. 1983); *Figueiredo Ferraz E Engenharia de Projeto Ltda. v. Republic of Peru*, 665 F.3d 384, 390 (2d Cir. 2011).

The first requirement for an alternative forum is availability, i.e., that "all parties are amenable to process and are within the forum's jurisdiction." *Fischer*, 777 F.3d at 867 (quoting *Kamel*, 108 F.3d at 803). Appellees, a Canadian corporation, would be amenable to process in Canada. Halo does not dispute that it too would be subject to the Federal Court of Canada's jurisdiction if it filed suit there. Thus, the Federal Court of Canada is an available alternative forum. But Halo vigorously contests that the Federal Court of Canada would be an adequate forum.

The district court based its adequacy analysis exclusively on Halo's copyright claims, and, on appeal, appellees continue to focus solely on copyright in defending the adequacy of the Federal Court of Canada. The district court offered two reasons in support of its conclusion that the Federal Court of Canada is an adequate forum. First, the district court posited that because Canada, Hong Kong, and the United States are all signatories to the Berne Convention, Halo is "entitled to all of the protections offered by Canadian [copyright] law to Canadian citizens." *Halo*, 2015 WL 426277, at *1. True enough, but this alone is no answer to the ultimate question of whether the Federal Court of Canada could provide "some potential avenue for redress for the subject matter of the dispute." *Stroitelstvo*, 589 F.3d at 421. The Berne Convention requires "national treatment," which means that "authors should enjoy in other countries the same protection for their works as those countries accord their own authors." 5 *Nimmer on Copyright* § 17.01[B][1][a] (alterations omitted). The Berne Convention does not require that member countries provide remedies for extraterritorial infringing activity. Nor does the Berne Convention require that Canada apply its laws extraterritorially. The district court improperly conflated "national treatment" with extraterritorial enforcement. While the district

court was correct that, under the Berne Convention, Halo would be entitled to all of the protections available to Canadian citizens under Canadian law, there is no indication that Canadian citizens could successfully sue in Canada with respect to exclusively extraterritorial infringement.

Halo's complaint seeks redress for alleged infringement of its United States intellectual property rights that occurred in the United States. Territoriality is always of concern in intellectual property disputes. It cannot be assumed that a foreign court would adjudicate an intellectual property dispute where the alleged infringement occurred elsewhere, and the case otherwise has little or no connection to the chosen forum. The copyright and patent laws of the United States certainly reflect such territoriality. United States copyright law, for example, generally admits of no remedy for extraterritorial infringement unless a predicate act of infringement was first committed within the United States. *Nimmer on Copyright* § 17.02; *Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 307 (4th Cir. 2012).[4] Appellee has provided no evidence that Canadian copyright law operates any differently. To the contrary, a leading Canadian Copyright treatise notes that "a Canadian court would not have jurisdiction to entertain in an action brought by an author of a work in respect of acts being committed outside Canada, even if the defendant was within Canada." John S. McKeown, *Canadian Law of Copyright and*

---

[4] Patent law is also territorial. *E.g.*, *Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 455 (2007) ("The traditional understanding that our patent law operates only domestically and does not extend to foreign activities is embedded in the Patent Act itself." (alterations, citations, and internal quotation marks omitted)).

*Industrial Designs* 591 (3d ed. 2000).[5] While the Seventh Circuit has approved the use of expert testimony to establish the adequacy of an alternative forum, *e.g.*, *Fischer*, 777 F.3d at 867; *In re Factor VIII*, 484 F.3d at 956–57, appellees have adduced no such evidence.

The only evidence appellees submitted to the district court was a printout of a webpage from the site of the Federal Court of Canada, simply showing that the Federal Court of Canada has jurisdiction to adjudicate "intellectual property rights, including copyright, industrial design . . . patents . . . and trade-marks." A. 249. But this evidence demonstrates nothing more than the unremarkable proposition that the Federal Court of Canada has jurisdiction over Canadian intellectual property disputes. For the first time on appeal, appellees also cite certain

---

[5] Because "protection given under the [Canadian Copyright] Act is territorial," "extra territorial proceedings" have been precluded "on the basis that a territorial right cannot be violated by an extraterritorial act." *Id.* at 523, 591. "[T]he jurisdiction of Canadian courts is confined to matters where a real and substantial connection with the forum jurisdiction exists." *Tolofson v. Jensen* (sub nom. *Lucas (Litig. Guardian of) v. Gagnon*), [1994] 3 S.C.R. 1022, 1026. Another treatise confirms that "Canadian rights do not extend to reproductions that occur abroad," David Vaver, *Intellectual Property Law* 152 (2nd ed. 2011), as does a 2010 case from the Canadian Federal Court of Appeal, *Sirius Canada Inc. v. CMRRA/SODRAC Inc.*, 2010 FCA 348, [2012] 3 F.C.R. 717 ("[T]he act of authorizing [an infringing act] in Canada is not actionable under the *Copyright Act* where the primary infringement occurs outside Canada," given the "well established and well understood territorial limitation of the *Copyright Act*.").

provisions of the Canadian Copyright Act. Section 64 of the Act covers "useful articles," which are defined as any "article that has a utilitarian function," i.e., "a function other than merely serving as a substrate or carrier for artistic or literary matter," and provides certain situations in which infringement of such "useful articles" may occur. Copyright Act, R.S.C. 1985, c. C-42, § 64, *available at* http://laws.justice.gc.ca/eng/acts/c-42/page-27.html. But neither this provision nor any other in the Canadian Copyright Act provides a remedy for extraterritorial infringement.

There is no evidence in the record that any act of alleged infringement occurred in Canada.[6] There is no evidence that appellees' furniture is designed in Canada, or that the allegedly infringing furniture was shipped through Canada to the United States after manufacture in Asia. It is undisputed that the only evidence of any connection to Canada in the record is that appellees have their principal place of business there. But this fact alone cannot suffice. The question is whether the Federal Court of Canada could provide "some potential avenue for

---

[6] The sole material before the district court consisted of the parties' briefs, which made no mention of infringing activity in Canada. When asked at oral argument whether the record reflects that Comptoir's furniture was designed in Canada, counsel for appellees stated, "the record does not show that. I would agree with that." Oral Arg. at 16:13–16:17. When asked whether the record shows if any infringing act occurred in Canada, counsel stated, "I will admit that the record did not get that specific. . . . The presumption was if you have a Canadian company, the courts of Canada are going to have jurisdiction over it, and that's as far as the analysis went." *Id.* at 19:49–19:53, 22:33–22:44.

redress for the subject matter" of Halo's dispute. *Stroitelstvo*, 589 F.3d at 421. There is no evidence of any predicate act of infringement that occurred in Canada—let alone evidence that such a predicate act, if found, would enable the Federal Court of Canada under Canadian law to redress subsequent infringing acts in the United States.

Second, the district court explained that "the United States has recognized the potential of applying the copyright laws of other nations and perhaps Canada could do likewise." *Halo*, 2015 WL 426277, at \*2. But this is mere speculation as to what the Canadian courts would do. The district court cited no support for the proposition that a Canadian court could or would apply United States copyright law, or, for that matter, patent or trademark law. Nor have appellees adduced any such evidence. On appeal, appellees do not even argue that the Federal Court of Canada would apply United States law. To the contrary, it appears that the only intellectual property law the Federal Court of Canada would apply is its own. *See, e.g.*, Lesley Ellen Harris, *Canadian Copyright Law* 66 (4th ed. 2014). To be sure, there is isolated support in the United States cases, whatever the relevance of United States case authority may be, that United States courts can sometimes redress infringement occurring abroad by applying foreign law, *see, e.g.*, *Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Co.*, 145 F.3d 481, 492 (2d Cir. 1998), or that foreign courts could redress United States infringement by applying United States law, *see Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 702 (9th Cir. 1995). But these are cases in which at least a predicate infringing act occurred in the forum jurisdiction.

In *Boosey & Hawkes*, a film was produced in the United States, and alleged infringement occurred abroad where the film was distributed. 145 F.3d at 484–85. The

Second Circuit suggested that the United States district court might give redress for the foreign infringement. *Id.* at 491. In *Creative Technology*, the initial acts of alleged infringement occurred in Singapore, and the court determined that the High Court of Singapore would not be precluded from redressing damages stemming from the subsequent distribution of those products in the United States. 61 F.3d at 702.

The continued vitality of *Boosey & Hawkes* is open to doubt. *See* 5 *Nimmer on Copyright* § 17.03[A]. Even in cases where predicate infringing acts occurred in the United States, the application of foreign copyright law has remained an "anomaly in the jurisprudence," and the "specter" of "opening the floodgates to resolution in U.S. courts of cases alleging violation of other nations' copyright laws . . . remains unrealized in practice, with rare exception." *Id.* at § 17.03[A]. In any event, there is no evidence that any predicate act occurred in Canada, and no authority that Canada would provide a remedy for United States infringement or apply United States law under such circumstances.

Thus, based on the evidence in the record, the Federal Court of Canada would fail to provide any "potential avenue for redress for the subject matter" of Halo's dispute, *Stroitelstvo*, 589 F.3d at 421, even with regard to Halo's claims of copyright infringement. The district court abused its discretion in concluding otherwise.

It is particularly important that a *forum non conveniens* movant demonstrate the adequacy of an alternative forum when the dispute implicates the enforcement of intellectual property rights. The policies underlying United States copyright, patent, and trademark laws would be defeated if a domestic forum to adjudicate the rights they convey was denied without a sufficient showing of the adequacy of the alternative foreign jurisdiction.

Case: 15-1975    Document: 42    Filed: 03/14/2016    Pages: 14
Case: 1:14-cv-01575 Document #: 78-2 Filed: 03/14/16 Page 14 of 14 PageID #:506

14          HALO CREATIVE & DESIGN v. COMPTOIR DES INDES INC.

It is largely for this reason that district courts have routinely denied motions to dismiss on *forum non conveniens* grounds when United States intellectual property rights form the crux of the dispute. *See, e.g.*, *Potothera, Inc. v. Oron*, No. 07-CV-490-MMA(AJB), 2009 WL 734282, at \*4 (S.D. Cal. Mar. 19, 2009) ("Israel does not provide an adequate alternative forum because Plaintiff's claims could not be resolved fully there and an Israeli decision regarding U.S. patent rights would be unenforceable in this country."); *Greenlight Capital, Inc. v. GreenLight (Switzerland) S.A.*, No. 04 Civ. 3136(HB), 2005 WL 13682 (S.D.N.Y. Jan. 3, 2005) ("[T]here is no evidence that Greenlight Capital will be able to fully litigate its U.S. trademark rights in Switzerland because trademark rights are largely territorial.") (citations, internal quotation marks, and alterations omitted); *Jose Armando Bermudez & Co. v. Bermudez Int'l*, No. 99 Civ. 9346(AGS), 2000 WL 1225792 (S.D.N.Y. Aug. 29, 2000) ("[T]he Dominican courts are unlikely to be able to grant an adequate remedy to plaintiff, because plaintiff's claims are primarily governed by U.S. trademark and copyright law and are based on infringing acts in the United States.").

Because we hold that the district court abused its discretion and therefore that dismissal on *forum non conveniens* grounds was improper, we need not address Halo's remaining arguments regarding whether the district court abused its discretion by focusing solely on Halo's copyright claims when two of the accused products were allegedly covered only by design patents, whether Canadian copyright law would even protect the furniture designs at issue, or whether the district court erred in allocating the burden of proof or balancing the private and public interest factors.

## REVERSED AND REMANDED

Case: 15-1375      Document: 42    Filed: 03/14/16    Pages: 15
Case: 1:14-cv-08196 Document #: 238-2 Filed: 03/14/16 Page 15 of 15 PageID #:507

HALO CREATIVE & DESIGN v. COMPTOIR DES INDES INC. 15

COSTS

Costs to appellees.