IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HALO CREATIVE & DESIGN LIMITED, a Hong Kong company, HALO TRADEMARKS LIMITED, a Hong Kong company and HALO AMERICAS LIMITED, a Hong Kong company, | ) ) ) ) ) | Cause No. 1:14-cv-08196 |
| Plaintiffs, | ) ) ) | Judge Harry D. Leinenweber |
| v. | ) ) | Magistrate Judge Susan E. Cox |
| COMPTOIR DES INDES INC., a Quebec corporation, CDI INTERNATIONAL, CDI FURNITURE, and DAVID OUAKNINE, | ) ) ) ) ) | |
| Defendants. | | |

# COMPTOIR DES INDES, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Comptoir des Indes, Inc., CDI International, CDI Furniture (collectively "CDI") and David Ouaknine, by counsel, for their Answer, Affirmative Defenses and Counterclaims, allege and state:

## Nature And Statutory Basis Of Action

1)     This is an action for patent infringement under 35 U.S.C. § 101, et seq., copyright infringement and 17 U.S.C. § 101, et seq., for trademark infringement under 15 U.S.C. § 1125(a), for violation of the State of Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, and for violation of the State of Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS 510.

**Answer**:     CDI and Mr. Ouaknine admit the Complaint purports to state claims for patent infringement, copyright infringement, trademark infringement, and deceptive practices under Illinois state laws, but it denies the truth of the allegations.

## The Parties

2)      Plaintiff HALO CREATIVE & DESIGN LIMITED is a Hong Kong private company limited by shares, having its principal place of business at G/F, 17 Gough Street, Central, Hong Kong, Special Administrative Region of the People`s Republic of China, and is the exclusive owner of all right, title and interest in and to United States Design Patent No. D655,526. Plaintiff HALO TRADEMARKS LIMITED is a Hong Kong private company limited by shares, having its principal place of business at G/F, 17 Gough Street, Central, Hong Kong, Special Administrative Region of the People`s Republic of China, and is the exclusive owner of all right, title and interest in and to United States Design Patent No. D655,100, together with all right, title and interest in and to the trademark ODEON, and certain copyrights described hereinafter. Plaintiff HALO AMERICAS LIMITED is a Hong Kong private company limited by shares, having its principal place of business at G/F, 17 Gough Street, Central, Hong Kong, Special Administrative Region of the People`s Republic of China, and is a licensee of certain intellectual property owned by HALO TRADEMARKS LIMITED, which sells products encompassing such intellectual property to one or more customers in the United States. Plaintiffs (collectively "HALO") have been in the business of designing, manufacturing, distributing and retailing furniture for well over ten (10) years, with the founders having been with the business for over thirty (30) years. During such time, HALO has established itself as a leading designer, manufacturer and distributor of original, highly ornamented furniture products throughout the world. In the United States, Halo`s furniture products have enjoyed great commercial success, through its sales to prominent furniture retailers throughout the U.S., including its own Timothy Oulton retail stores.

    **Answer**:      CDI and Mr. Ouaknine lack sufficient information from which they can admit or deny these allegations; therefore, they deny them.

3)      On information and belief, Defendant COMPTOIR DES INDES INC. is a Quebec corporation, having its principal place of business at 170 rue Sherbrooke Est, Montreal, Quebec H2X 3B3 Canada, and having another place of business at 241 rue Migneron, Saint-Laurent, Quebec H4T 1W8 Canada. On information and belief, Defendant CDI INTERNATIONAL is another corporate name used by Defendant COMPTOIR DES INDES INC., also having a place of business at 241 rue Migneron, Saint-Laurent, Quebec H4T 1W8 Canada. On information and belief,

Defendant CDI FURNITURE is yet another corporate name used by Defendant COMPTOIR DES INDES INC., also having a place of business at 241 rue Migneron, Saint-Laurent, Quebec H4T 1W8 Canada. On information and belief, each of COMPTOIR DES INDES INC., CDI INTERNATIONAL and CDI FURNITURE contracts for the manufacture of furniture products accused herein from at least one of several manufacturers in Asia, including sources in China, Vietnam and India, and imports such furniture into the United States, for the promotion and sale of such furniture products in the United States, including products sold within or into this judicial district.

<u>Answer</u>:     CDI admits Comptoir de Indes, Inc. is a corporation organized under Canadian law with its only place of business in Montreal, Quebec, Canada. Comptoir uses CDI Furniture as an assumed business name.  CDI and Mr. Ouaknine deny the remaining allegations.

4)     On information and belief, Defendant DAVID OUAKNINE is a Canadian resident having an address at 6247A Chemin Hillsdale, Montreal, Quebec H3S 2M8 Canada. On information and belief, Defendant DAVID OUAKNINE is the owner and registrant of the domain name <cdifurniture.com>, and directs and controls the website for the purpose of displaying images of furniture products that are accused of patent, copyright and/or trademark infringement herein, and also for the purposes of soliciting sales and promoting the importation and sales of such infringing furniture products in the United States, including products sold within or into this judicial district. On information and belief, Defendant DAVID OUAKNINE is the President of Defendant COMPTOIR DES INDES INC., a closely held, private corporation that is controlled by DAVID OUAKNINE and one or more of his family members. On information and belief, DAVID OUAKNINE`s involvement with COMPTOIR DES INDES, INC. is beyond that of a mere officer; rather DAVID OUAKNINE has personally traveled, and continues to travel, to the United States to one or more trade shows for the purpose of selling, and offering for sale, one or more of the accused furniture products complained of herein, for distribution in the United States. Also, on information and belief, Defendant DAVID OUAKNINE directs and controls the operations of the remaining defendants, including their copying, marketing and sales of infringing products alleged herein. On information and belief, one or more of the Defendant entities owned, operated and/or controlled by Defendant DAVID OUAKNINE -- COMPTOIR DES INDES INC., CDI INTERNATIONAL and CDI FURNITURE -- is the *alter ego* of Defendant DAVID

3

OUAKNINE. Defendants COMPTOIR DES INDES INC., CDI INTERNATIONAL, CDI FURNITURE and DAVID OUAKNINE are referred to collectively herein as "CDI."

**Answer**: CDI and Mr. Ouaknine admit Mr. Ouaknine is an officer of

Comptoir, but deny the remaining allegations, including specifically that Mr.

Ouaknine is the *alter ego* of Comptoir or the CDI entities identified.

5) On information and belief, CDI showcases, displays, and/or offers its accused products for sale in several furniture shows in the United States, including at the Las Vegas World Market in Las Vegas, Nevada, and at the High Point Market in High Point, North Carolina. On information and belief, CDI offers such furniture for sale for nationwide distribution within the United States.

**Answer**: CDI and Mr. Ouaknine deny these allegations.

6) On information and belief, CDI also showcases, displays, and/or offers its Accused Products, as defined hereinbelow, for sale through several distributors in the United States, without geographical limitation or restriction as to the method of sale, including through distributors who offer such products for sale over the Internet with free nationwide shipping, including products for sale within or into this judicial district, in direct competition with HALO's products also being sold within this judicial district.

**Answer**: CDI and Mr. Ouaknine lack sufficient information from which

they can admit or deny these allegations; therefore, they deny them.

## Jurisdiction And Venue

7) Jurisdiction over this Complaint is expressly conferred on this Court pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 106, and 28 U.S.C. §§ 1331, 1338, 1367 and 1400.

**Answer**: CDI and Mr. Ouaknine admit the cited statutory provisions

confer subject matter jurisdiction over the alleged claims. David Ouaknine denies

the court has personal jurisdiction or subject matter jurisdiction over him.

KD_7992440_2.docx

8)    On information and belief, CDI is doing business in the State of Illinois, by making its products available for sale within and into Illinois through several distributors who offer the Accused Products, as defined hereinbelow, for sale without geographic restriction in the U.S., often with free nationwide shipping, including shipment within, and into, the State of Illinois. On information and belief, CDI has sold, or has offered for sale, its products through several Internet-based distributors, including MyHabit.com (a subsidiary of Amazon.com), TouchOfModern.com, Gilt.com, Fab.com, Inmod.com, Hautelook.com (a subsidiary of Nordstrom, Inc.), PlumGoose.com, DynamicHomeDecor.com and GreatChandeliers.com. Through one or more of these distributors, CDI`s products are also offered for sale and resale through additional Internet-based retailers, including Amazon.com and BedBathandBeyond.com.

**Answer**:    CDI and Mr. Ouaknine deny these allegations.

9)    On information and belief, CDI has offered its products for sale to consumers in Illinois through one or more of these distributors and/or resellers. On information and belief, CDI has not placed any geographic restriction on any of these distributors` sales within the U.S., and thus CDI has intended for its products to be sold throughout the United States, including within the State of Illinois, whose population represents a significant portion of the market for such furniture products.

**Answer**:    CDI and Mr. Ouaknine deny these allegations.

10)    On information and belief, personal jurisdiction over CDI is vested in this Court pursuant to one or more subsections of 735 ILCS 5/2-209(a)-(c), in that CDI has, with respect to the present case, transacted business in the State of Illinois, engaged in tortious acts within the State of Illinois, and/or has contacts with the State of Illinois, all commensurate with the United States and Illinois Constitutions, so as to submit itself to the jurisdiction and process of this Court.

**Answer**:    CDI and Mr. Ouaknine deny these allegations.

11)    Venue is proper in this Judicial District under 28 U.S.C. § 1391.

**Answer**:    CDI and Mr. Ouaknine deny these allegations.

## Halo's Business, Patents, Copyrights and Trademarks

12)     HALO was first established as a furniture retailer by Major Philip Oulton in Manchester, England in 1976.  In February 2004, HALO expanded its business overseas to Hong Kong, where it has been designing, manufacturing and marketing its own distinctive furniture designs, including hand finished vintage inspired leathers, upholstery, and metal-clad cabinetry, chair and desk collections, together with ornamental lighting fixtures, for retail markets all over the world.

**Answer**:     CDI and Mr. Ouaknine lack sufficient information from which they can admit or deny these allegations; therefore, they deny them.

13)     HALO's distinctive and unique contemporary or modern furniture designs have achieved significant commercial success. A prominent U.S. retailer has purchased and has offered for sale many of HALO's products, including the furniture products that Defendants have copied as detailed herein. HALO has also opened its own brand of retail stores, called Timothy Oulton, in locations throughout the world, including in the United States, in Dallas, as well as boutiques in New York, Los Angeles and San Francisco.

**Answer**:     CDI and Mr. Ouaknine lack sufficient information from which they can admit or deny these allegations; therefore, they deny them.

14)     In addition to their commercial success, certain of HALO's designs have also gained nationwide fame through their prominence in nationally-distributed television shows, including HALO's Aviator Valkyrie desk in CBS' television show, "Two And A Half Men."

**Answer**:     CDI and Mr. Ouaknine lack sufficient information from which they can admit or deny these allegations; therefore, they deny them.

15)     HALO is the owner of several design patents covering the designs of several of the Accused Products herein, including U.S. Design Patent No. D655,526 S, titled "Armchair" by Michael Yeung Ka Fei, issued March 13, 2012 ("the `526 Patent") and U.S. Design Patent No. D655,100 S, titled "Seating Furniture" by Michael Yeung Ka Fei, issued March 6, 2012 ("the `100 Patent"). The `526 and `100 Patents are attached hereto as Exhibits A and B, respectively.

**Answer**: CDI and Mr. Ouaknine lack sufficient information from which they can admit or deny these allegations; therefore, they deny them.

16) HALO is the owner of several pending copyright applications for original ornamental designs for furniture. In particular, HALO has pending copyright applications for its original, ornamental designs in its Aviator Valkyrie Desk, Mars Chair, Aviator Tom Cat Chair, Blackhawk Coffee Table, Blackhawk Square Side Table, Blackhawk Chest, Stonyhurst Lamp Table, Ampleforth Chest, **Odeon**™ Chandelier Medium, **Odeon**™ Chandelier Small, **Odeon**™ Table Lamp, Zig Zag Chandelier and Gyro Crystal Chandelier, copies of which are collectively attached hereto as Exhibit C.

**Answer**: CDI and Mr. Ouaknine lack sufficient information from which they can admit or deny these allegations; therefore, they deny them.

17) The scope of HALO's copyrights for each of its ornamental designs extends to products having different finishes, sizes, and mountings. For example, the scope of HALO's copyright for its Stonyhurst Lamp Table extends to the Stonyhurst Lamp Table, with leather finish and the Stonyhurst Lamp Table, with metal finish. The scope of HALO's copyright for its Ampleforth Chest likewise extends to the Ampleforth Chest, with leather finish and the Ampleforth Chest, with metal finish. The scope of HALO's copyright for its **Odeon**™ Chandelier Small also extends to its **Odeon**™ Floor Lamp. The scope of HALO's copyright for its Zig Zag Chandelier extends to each of the 27" and 19" sizes of the Zig Zag Chandelier, the Zig Zag Floor Lamp and the Zig Zag Table Lamp. Similarly, the scope of HALO`s copyright for its Gyro Crystal Chandelier extends to each size thereof, the Gyro Crystal Floor Lamp and the Gyro Crystal Table Lamp.

**Answer**: CDI and Mr. Ouaknine lack sufficient information from which they can admit or deny these allegations; therefore, they deny them.

18) HALO is the owner of several unregistered trademarks used in association with its original ornamental furniture designs. Among these, HALO has used the trademark **Odeon**™ in association with several of its lighting products, including its **Odeon**™ Chandelier Medium, **Odeon**™ Chandelier Small, **Odeon**™ Floor Lamp and **Odeon**™ Table Lamp. HALO and its distributors have used the

ODEON trademark as a source indicator for HALO's lighting products in United States commerce since at least as early as 2012.

**Answer**: CDI and Mr. Ouaknine lack sufficient information from which they can admit or deny these allegations; therefore, they deny them.

19) HALO`s furniture products incorporating its patented and copyrighted designs, and those sold under its ODEON trademark, are displayed and advertised locally and throughout the United States, through its distributors' magazine advertisements, printed catalogs, brochures, circulars, inserts, and other printed matter at national and international trade shows featuring furniture and home décor, as well as on the Internet.

**Answer**: CDI and Mr. Ouaknine lack sufficient information from which they can admit or deny these allegations; therefore, they deny them.

## CDI's Misappropriation of Halo's Designs

20) On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Vintage Leather Chair," the design of which has been materially copied and derived from HALO's Aviator Tom Cat Chair, and infringes upon HALO's `526 Design Patent.

**Answer**: CDI and Mr. Ouaknine deny these allegations.

21) On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, an "Eaton 3 Seater," the design of which has been materially copied and derived from HALO's Scruffy 3 Seater, and infringes upon HALO's `100 Design Patent.

**Answer**: CDI and Mr. Ouaknine deny these allegations.

22) On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier,

original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, an "Eaton 3 Seater," the design of which has been materially copied and derived from HALO's Scruffy 3 Seater, and infringes upon HALO's `100 Design Patent.

> **Answer**: CDI and Mr. Ouaknine deny these allegations.

23) On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, an "Aero Design Desk," the design of which has been materially copied and derived from HALO's Aviator Valkyrie Desk.

> **Answer**: CDI and Mr. Ouaknine deny these allegations.

24) On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Pacific Coupe Chair," the design of which has been materially copied and derived from HALO's Mars Chair.

> **Answer**: CDI and Mr. Ouaknine deny these allegations.

25) On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, an "Aero Coffee Table," the design of which has been materially copied and derived from HALO's Blackhawk Coffee Table.

> **Answer**: CDI and Mr. Ouaknine deny these allegations.

26) On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, an "Aero Side Table with Drawers," the design of which has been materially copied and derived from HALO's Blackhawk Square Side Table.

> **Answer**: CDI and Mr. Ouaknine deny these allegations.

27)     On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, an "Aero Chest," the design of which has been materially copied and derived from HALO's Blackhawk Chest.

**Answer**:     CDI and Mr. Ouaknine deny these allegations.

28)     On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Vintage oil wax pull leather trunk 3 drawer," the design of which has been materially copied and derived from HALO's Stonyhurst Lamp Table, shown below in leather finish.

**Answer**:     CDI and Mr. Ouaknine deny these allegations.

29)     On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Metal Trunk Cube 3 Drawer," the design of which has been materially copied and derived from HALO's Stonyhurst Lamp Table, shown below in metal finish.

**Answer**:     CDI and Mr. Ouaknine deny these allegations.

30)     On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Vintage Oil Pull Leather 3 Drawer Trunk," the design of which has been materially copied and derived from HALO's Ampleforth Chest, shown below in leather finish.

**Answer**:     CDI and Mr. Ouaknine deny these allegations.

31)     On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Metal Finish Trunk With 3 Drawers," the design of which has been materially copied and derived from HALO's

Ampleforth Chest, shown below in metal finish.

<u>Answer</u>:   CDI and Mr. Ouaknine deny these allegations.

32)   On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "1920's **Odeon** Glass Fringe 5-Ring Chandelier," the design of which has been materially copied and derived from HALO's **Odeon™** Chandelier Medium.

<u>Answer</u>:   CDI and Mr. Ouaknine deny these allegations.

33)   On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "1920's **Odeon** Glass Fringe 3-Ring Chandelier," the design of which has been materially copied and derived from HALO's **Odeon™** Chandelier Small.

<u>Answer</u>:   CDI and Mr. Ouaknine deny these allegations.

34)   On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "1920's **Odeon** Glass Fringe Floor Lamp," the design of which has been materially copied and derived from HALO's **Odeon™** Floor Lamp and/or HALO's **Odeon™** Chandelier Small.

<u>Answer</u>:   CDI and Mr. Ouaknine deny these allegations.

35)   On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "1920's **Odeon** Glass Fringe Table Lamp," the design of which has been materially copied and derived from HALO's **Odeon™** Table Lamp.

<u>Answer</u>:   CDI and Mr. Ouaknine deny these allegations.

11

36) On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Spencer Chandelier Medium," the design of which has been materially copied and derived from HALO's Zig Zag Chandelier.

**Answer**: CDI and Mr. Ouaknine deny these allegations.

37) On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Spencer Chandelier Small," the design of which has been materially copied and derived from HALO's Zig Zag Chandelier.

**Answer**: CDI and Mr. Ouaknine deny these allegations.

38) On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Spencer Floor Lamp," the design of which has been materially copied and derived from HALO's Zig Zag Floor Lamp and/or HALO's Zig Zag Chandelier.

**Answer**: CDI and Mr. Ouaknine deny these allegations.

39) On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Spencer Chandelier Small," the design of which has been materially copied and derived from HALO's Zig Zag Table Lamp and/or HALO's Zig Zag Chandelier.

**Answer**: CDI and Mr. Ouaknine deny these allegations.

40) On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Large Orb Chandelier," the design of which has been materially copied and derived from HALO's Gyro Crystal

Chandelier.

    **Answer**:    CDI and Mr. Ouaknine deny these allegations.

41)    On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Medium Orb Chandelier," the design of which has been materially copied and derived from HALO's Gyro Crystal Chandelier.

    **Answer**:    CDI and Mr. Ouaknine deny these allegations.

42)    On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Small Orb Chandelier," the design of which has been materially copied and derived from HALO's Gyro Crystal Chandelier.

    **Answer**:    CDI and Mr. Ouaknine deny these allegations.

43)    On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, an "Antique Finish Floor Lamp with Curve Tubes" and an "Antique Finish Floor Lamp with Curved Tubings," the designs of which has been materially copied and derived from HALO's Gyro Crystal Floor Lamp and/or HALO's Gyro Crystal Chandelier.

    **Answer**:    CDI and Mr. Ouaknine deny these allegations.

44)    On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, an "Antique Finish Table Lamp Curved Tubes," the design of which has been materially copied and derived from HALO's Gyro Crystal Table Lamp and/or HALO's Gyro Crystal Chandelier.

    **Answer**:    CDI and Mr. Ouaknine deny these allegations.

45)     Exhibit D comprises pages from CDI's 2014 catalog, for each of the Vintage Leather Chair, the Eaton 3 Seater, the Eaton 1 Seater, the Aero Design Desk, the Pacific Coupe Chair, the Aero Coffee Table, the Aero Side Table, the Aero Chest, the Vintage Oil Wax Pull Leather Trunk 3 Drawer, the Vintage Oil Pull Leather 3 Drawer Trunk, the Metal Trunk Cube 3 Drawer, the Metal Finish Trunk With 3 Drawers, the 1920`s **Odeon** Glass Fringe 5-Ring Chandelier, the 1920`s **Odeon** Glass Fringe 3-Ring Chandelier, the 1920's **Odeon** Glass Fringe Floor Lamp, the 1920's **Odeon** Glass Fringe Table Lamp, the Spencer Chandelier Medium, Spencer Chandelier Small, the Spencer Floor Lamp, the Spencer Table Lamp, the Large Orb Chandelier, Medium Orb Chandelier, the Small Orb Chandelier, the Antique Finish Floor Lamp with Curve Tubes, the Antique Finish Floor Lamp Curved Tubings and the Antique Finish Table Lamp Curved Tubes, (collectively the "Accused Products").

**Answer**:     CDI admits Exhibit D comprises pages from CDI's 2014 catalog.

46)     The photo comparisons shown in ¶¶17-35, *supra*, comparing HALO's designs with each of the Accused Products, and as collectively shown in the Comparison Chart attached hereto as Exhibit E, illustrate that virtually each and every material detail of the design of the Accused Products has been copied and derived from each of the corresponding details of HALO's earlier, original ornamental design. Moreover, the Accused Products have been sized to be virtually identical to HALO's corresponding designs.

**Answer**:     CDI and Mr. Ouaknine deny these allegations.

## Count I: Infringement of U.S. Patent No. D655,526 S

47)     HALO hereby adopts and reavers each of the allegations contained in Paragraphs 1 through 46 above, inclusive.

**Answer**:     CDI and Mr. Ouaknine repeat and reallege their answers to

paragraphs 1 through 46 hereof, as if fully set forth herein.

48)     United States Design Patent No. D655,526 S ("the `526 Patent") was duly and legally issued by the United States Patent and Trademark Office on March 13, 2012, which is presumed to be valid and enforceable pursuant to 35 U.S.C. § 282.

14

**Answer**: CDI and Mr. Ouaknine lack sufficient information from which they can admit or deny these allegations; therefore, they denies them.

49) CDI has infringed and continues to infringe, directly and indirectly through contributory and/or induced infringement, the claim of the `526 Patent by selling and/or offering to sell in the United States and/or importing into the United States, one or more of CDI`s furniture products identified in this Complaint, including its Vintage Leather Chair.  CDI`s infringing activities violate 35 U.S.C. § 271.

**Answer**: CDI and Mr. Ouaknine deny these allegations.

50) CDI has earned profits by virtue of its infringement of the `526 Patent.

**Answer**: CDI and Mr. Ouaknine deny these allegations.

51) HALO has sustained damages as a direct and proximate result of CDI's infringement of the `526 Patent.

**Answer**: CDI and Mr. Ouaknine lack sufficient information from which they can admit or deny these allegations; therefore, they deny them.

52) HALO is suffering, and will continue to suffer, irreparable harm from CDI's infringement of the `526 Patent. HALO has no adequate remedy at law and is entitled to an injunction against CDI's continuing infringement of the `526 Patent. Unless enjoined, CDI will continue its infringing conduct.

**Answer**: CDI and Mr. Ouaknine lack sufficient information from which they can admit or deny these allegations; therefore, they deny them.

## Count II: Infringement of U.S. Patent No. D655,100 S

53) HALO hereby adopts and reavers each of the allegations contained in Paragraphs 1 through 52 above, inclusive.

**Answer**: CDI and Mr. Ouaknine repeat and reallege their answers to paragraphs 1 through 52 hereof, as if fully set forth herein.

54)     United States Design Patent No. D655,100 S ("the `100 Patent") was duly and legally issued by the United States Patent and Trademark Office on March 6, 2012, which is presumed to be valid and enforceable pursuant to 35 U.S.C. § 282.

**Answer**:     CDI and Mr. Ouaknine lack sufficient information from which they can admit or deny these allegations; therefore, they deny them.

55)     CDI has infringed and continues to infringe, directly and indirectly through contributory and/or induced infringement, the claim of the `100 Patent by selling and/or offering to sell in the United States and/or importing into the United States, one or more of CDI's furniture products identified in this Complaint, including its Eaton 3 Seater and Eaton 1 Seater. CDI's infringing activities violate 35 U.S.C. § 271.

**Answer**:     CDI and Mr. Ouaknine deny these allegations.

56)     CDI has earned profits by virtue of its infringement of the `100 Patent.

**Answer**:     CDI and Mr. Ouaknine deny these allegations.

57)     HALO has sustained damages as a direct and proximate result of CDI`s infringement of the `100 Patent.

**Answer**:     CDI and Mr. Ouaknine lack sufficient information from which they can admit or deny these allegations; therefore, they deny them.

58)     HALO is suffering, and will continue to suffer, irreparable harm from CDI`s infringement of the `100 Patent. HALO has no adequate remedy at law and is entitled to an injunction against CDI`s continuing infringement of the `100 Patent. Unless enjoined, CDI will continue its infringing conduct.

**Answer**:     CDI and Mr. Ouaknine lack sufficient information from which they can admit or deny these allegations; therefore, they deny them.

KD_7992440_2.docx

## Count III: Copyright Infringement of Halo's
## Ornamental Designs Under 17 U.S.C. § 101

59)     HALO hereby adopts and reavers each of the allegations contained in Paragraphs 1 through 58 above, inclusive.

**Answer**:     CDI and Mr. Ouaknine repeat and reallege their answers to

paragraphs 1 through 58 hereof, as if fully set forth herein.

60)     HALO has pending federal copyright applications for registration for each of the original ornamental designs for its Aviator Valkyrie Desk, Mars Chair, Aviator Tom Cat Chair, Blackhawk Coffee Table, Blackhawk Square Side Table, Blackhawk Chest, Stonyhurst Lamp Table, Ampleforth Chest, **Odeon**™ Chandelier Medium, **Odeon**™ Chandelier Small, **Odeon**™ Table Lamp, Zig Zag Chandelier and Gyro Crystal Chandelier (collectively, "HALO's Ornamental Designs"). (Ex. C.) HALO's copyrights are valid and enforceable.

**Answer**:     CDI and Mr. Ouaknine lack sufficient information from which

they can admit or deny these allegations; therefore, they deny them.

61)     CDI has had access to HALO's Ornamental Designs as soon as the designs were published by HALO through inclusion and/or display of the underlying products in retail stores, advertisements, showrooms, trade shows, and/or on the Internet, including but not limited to, their prominent display in its U.S. distributors` stores, catalogs, advertisements and websites.

**Answer**:     CDI and Mr. Ouaknine lack sufficient information from which

they can admit or deny these allegations; therefore, they deny them.

62)     CDI has directly copied and/or materially derived HALO's Ornamental Designs for its infringing furniture products corresponding to HALO's Ornamental Designs.

**Answer**:     CDI and Mr. Ouakine deny these allegations.

63)     In copying HALO's Ornamental Designs, CDI has violated the copyright laws of the United States, under 17 U.S.C. § 101, et seq.

**Answer**:        CDI and Mr. Ouaknine deny these allegations.

64)     CDI has knowingly and willfully infringed upon HALO's rights in and to its Ornamental Designs.

**Answer**:        CDI and Mr. Ouaknine deny these allegations.

65)     By reason and as a direct result of these acts of copyright infringement by CDI, HALO has suffered great and irreparable damage, the full extent of which is currently unknown, while CDI positions itself for unjust enrichment at HALO's substantial expense. HALO is suffering, and will continue to suffer, great and irreparable damage unless and until CDI is enjoined by this Court.

**Answer**:        CDI and Mr. Ouaknine deny these allegations.

## Count IV: Trademark Infringement and Unfair Competition Under 15 U.S.C. § 1125(a)

66)     HALO hereby adopts and reavers each of the allegations contained in Paragraphs 1 through 65 above, inclusive.

**Answer**:        CDI and Mr. Ouaknine repeat and reallege their answers to

paragraphs 1 through 65 hereof, as if fully set forth herein.

67)     HALO hereby charges CDI with federal trademark infringement and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**Answer**:        CDI and Mr. Ouaknine lack sufficient information from which

they can admit or deny these allegations; therefore, they deny them.

68)     HALO is the owner of all right, title, interest and goodwill in and to its unregistered **Odeon**™ trademark associated with its **Odeon**™ brand of lighting products. HALO's trademark rights are valid and enforceable. HALO's distinctive **Odeon**™ trademark has acted and continues to act as a source indicator in the marketplace for HALO's lighting products.  HALO's **Odeon**™ trademark is recognized by consumers among other things, as a result of the substantial effort of HALO, and its distributors, in marketing HALO's **Odeon**™ brand of lighting products in the United States.

18

**Answer**:     CDI and Mr. Ouaknine lack sufficient information from which they can admit or deny these allegations; therefore, they deny them.

69)     Having knowledge of these trademark rights, CDI has misappropriated HALO's distinctive **Odeon™** trademark, by having marketed, advertised, showcased, displayed, offered for sale and/or sold the following CDI products:

  a.     1920's **Odeon** Glass Fringe 5-Ring Chandelier;

  b.     1920's **Odeon** Glass Fringe 3-Ring Chandelier;

  c.     1920's **Odeon** Glass Fringe Floor Lamp; and

  d.     1920's **Odeon** Glass Fringe Table Lamp.

**Answer**:     CDI and Mr. Ouknine deny these allegations.

70)     CDI has willfully infringed upon HALO's rights in and to its distinctive **Odeon™** trademark used in association with certain of its lighting products asserted herein.

**Answer**:     CDI and Mr. Ouaknine deny these allegations.

71)     By reason and as a direct result of these acts of unfair competition and trademark infringement by CDI, HALO has suffered great and irreparable damage, the full extent of which is currently unknown, while CDI is positioned for unjust enrichment on account of HALO's style, goodwill and reputation, at HALO's substantial expense. HALO will continue to suffer great and irreparable damage unless and until CDI is enjoined by this Court.

**Answer**:     CDI and Mr. Ouaknine deny these allegations.

## Count V: Illinois Consumer Fraud and Deceptive Business Practices Act Under 815 IlCS 505

72)     HALO hereby adopts and reavers each of the allegations contained in Paragraphs 1 through 71 above, inclusive.

**Answer**:     CDI and Mr. Ouaknine repeat and reallege their answers to

paragraphs 1 through 71 hereof, as if fully set forth herein.

73)     On information and belief, CDI's acts of copying each of HALO's products as described herein have been made with the intent of causing a likelihood of confusion, or of a misunderstanding as to the source, ownership and/or authorship of its furniture designs.

<u>**Answer**</u>:     CDI and Mr. Ouaknine deny these allegations.

74)     CDI's acts constitute a violation of Illinois` Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505.

<u>**Answer**</u>:     CDI and Mr. Ouaknine deny these allegations.

75)     Upon information and belief, CDI has willfully engaged in the deceptive trade practices complained of herein.

<u>**Answer**</u>:     CDI and Mr. Ouaknine deny these allegations.

76)     CDI's aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to HALO.

<u>**Answer**</u>:     CDI and Mr. Ouaknine deny these allegations.

77)     CDI's statutory violations and other wrongful acts have injured and threaten to continue to injure HALO, including loss of customers, dilution of goodwill, confusion of existing and potential customers, injury to its reputation, and diminution in the value of its works.

<u>**Answer**</u>:     CDI and Mr. Ouaknine deny these allegations.

78)     CDI has realized revenue and profits by virtue of its wrongful acts that it otherwise would not have obtained and to which it is not entitled.

<u>**Answer**</u>:     CDI and Mr. Ouaknine deny these allegations.

79)     HALO has also been injured and will continue to incur attorneys' fees and costs in bringing the present action.

<u>**Answer**</u>:     CDI and Mr. Ouaknine deny these allegations.

80)    HALO has no adequate remedy at law for the wrongful actions of CDI.

**Answer**:    CDI and Mr. Ouaknine deny these allegations.

## Count VI: Illinois Uniform Deceptive Trade
## Practices Act Under 815 IlCS 510

81)    HALO hereby adopts and reavers each of the allegations contained in Paragraphs 1 through 80 above, inclusive.

**Answer**:    CDI and Mr. Ouaknine repeat and reallege their answers to

paragraphs 1 through 80 hereof, as if fully set forth herein.

82)    On information and belief, CDI's acts of copying each of HALO's products as described herein have been made with the intent of causing a likelihood of confusion, or of a misunderstanding as to the source, ownership and/or authorship of its furniture designs.

**Answer**:    CDI and Mr. Ouaknine deny these allegations.

83)    CDI's acts constitute a violation of Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS 510.

**Answer**:    CDI and Mr. Ouaknine deny these allegations.

84)    On information and belief, CDI has willfully engaged in the deceptive trade practices complained of herein.

**Answer**:    CDI and Mr. Ouaknine deny these allegations.

85)    CDI's aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to HALO.

**Answer**:    CDI and Mr. Ouaknine deny these allegations.

86)    CDI's statutory violations and other wrongful acts have injured and threaten to continue to injure HALO, including loss of customers, dilution of goodwill, confusion of existing and potential customers, injury to its reputation, and diminution in the value of its works.

**Answer**: CDI and Mr. Ouaknine deny these allegations.

87) CDI has realized revenue and profits by virtue of its wrongful acts that it otherwise would not have obtained and to which it is not entitled.

**Answer**: CDI and Mr. Ouaknine deny these allegations.

88) HALO has also been injured and will continue to incur attorneys' fees and costs in bringing the present action.

**Answer**: CDI and Mr. Ouaknine deny these allegations.

89) HALO has no adequate remedy at law for the wrongful actions of CDI.

**Answer**: CDI and Mr. Ouaknine deny these allegations.

## Affirmative Defenses

1) The Complaint fails to state a claim upon which relief can be granted because of the utilitarian nature of the allegedly protected designs.

2) Halo waived the right, if any, to pursue its claims by reason of its own actions and course of conduct, including but not limited to estoppel, and/or the doctrine of laches or unclean hands.

3) CDI has not and does not infringe the `526 and/or the `100 Patents by making, using, importing, selling, or offering for sale the Accused Products in the United States.

4) The `526 and/or the `100 Patents are invalid.

5) The `526 and/or the `100 Patents are unenforceable.

6) Halo's asserted copyrights are not registered, invalid and/or unenforceable.

22

7)     CDI lacked knowledge of Halo's putative trademark rights in the unregistered ODEON mark, and Halo did not include public notice of its intent to assert trademark rights in ODEON.

8)     Halo's ODEON mark is invalid or unenforceable.

9)     Counts V and VI of the Complaint alleging state law claims under the Illinois Uniform Deceptive Trade Practices Act are pre-empted by the Patent Act and the Copyright Act.

10)    Halo is not entitled to attorneys' fees under the Patent Act, the Lanham Act, the Copyright Act or the Illinois Uniform Deceptive Trade Practices Act due to lack of wilfulness and/or Halo's failure to satisfy statutory requirements for the same.

11)    The Court lacks personal jurisdiction over CDI and Mr. Ouaknine.

12)    Statutory damages and attorneys' fees are available only to copyright owners that register their works before the first publication of the work or within three months after the first publication. 17 U.S.C. § 412.  Halo is not entitled to recover statutory damages or attorneys' fees for any Accused Product on sale more than three months before Halo file an application for copyright registration.

13)    The asserted copyrights lack copyrightable subject matter. 17 U.S.C. § 102.

14)    David Ouaknine is not personally liable for any action of CDI as alleged in the complaint and he has not ignored the corporate separateness of CDI to warrant piercing the corporate veil.

# Counterclaims

Comptoir des Indes, Inc., CDI International, CDI Furniture (collectively "CDI")[1], by counsel, for its counterclaims against Halo, alleges and states:

## Jurisdiction

1)      This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, the Copyright laws of the United States 17 U.S.C. § 1 *et seq.*, and the Lanham Act 15 U.S.C. § 1 *et seq.*

2)      This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 1338(a), 2201 and 2202.

3)      Personal jurisdiction over Halo is proper in this District because it has availed itself of the rights and benefits of the laws of Illinois.

## Venue

4)      Venue is proper in this district under 28 U.S.C. § 1391(b) because Halo is subject to personal jurisdiction in this judicial district, and has directed its business, licensing and enforcement activities at this judicial district.

**Parties**

5)      CDI is a corporation that is incorporated in Canada and has its principal place of business in Montreal, Quebec, Canada.  CDI's business in the United States comprises the sale of furniture to distributors and retailers.

---

[1] As used in this Counterclaim, the term CDI excludes David Ouaknine individually and he is not asserting a counterclaim against Halo.

24

6)      Upon information and belief, HALO CREATIVE & DESIGN LIMITED is a Hong Kong private company limited by shares, having its principal place of business at G/F, 17 Gough Street, Central, Hong Kong, Special Administrative Region of the People`s Republic of China, and is the exclusive owner of all right, title and interest in and to United States Design Patent No. D655,526. HALO TRADEMARKS LIMITED is a Hong Kong private company limited by shares, having its principal place of business at G/F, 17 Gough Street, Central, Hong Kong, Special Administrative Region of the People`s Republic of China, and is the exclusive owner of all right, title and interest in and to United States Design Patent No. D655,100, together with all right, title and interest in and to the trademark ODEON, and certain copyrights described hereinafter. HALO AMERICAS LIMITED is a Hong Kong private company limited by shares, having its principal place of business at G/F, 17 Gough Street, Central, Hong Kong, Special Administrative Region of the People`s Republic of China, and is a licensee of certain intellectual property owned by HALO TRADEMARKS LIMITED, which sells products encompassing such intellectual property to one or more customers in the United States.

## Existence of an Actual Controversy

7)      An actual controversy exists within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

8)      On October 20, 2014, Halo filed its Complaint against CDI alleging, *inter alia*, infringement of the `526 Patent and the `100 Patent, infringement of

several putative copyright registrations, infringement of an unregistered, common law trademark, and several preempted state law claims.

## COUNT I

## (Declaratory Judgment Copyright Invalidity and Non-Infringement)

9) CDI repeats and realleges paragraphs 1 through 8 hereof, as if fully set forth herein.

10) Halo alleges infringement of the following copyrights.[2]

| Accused Product | Copyright Application/Registration # |
|---|---|
| (20)[3] Vintage leather chair. | Pending © published 2010, application filed 7/23/2104 |
| (23) Aero Desk | Pending ©Published 2010, application filed 7/9/2014 |
| (24) Pacific Coupe Chair | Pending © published 2006, application filed 7/9/2014 |
| (25) Aero Coffee Table | Pending © pub. 2010, app filed 7/23/2014 |
| (26) Aero Side Table with Drawers | Pending © pub. 2011, app. filed 7/23/2014 |
| (27) Aero Chest | Pending © 2010, app filed 7/23/2014 |
| (28) Vintage Oil Wax Pull Leather Trunk 3 drawer | Pending © pub. 2007, app. filed 7/23/2014 |
| (29) Metal Trunk Cube 3 Drawer | Nothing identified in the complaint. |
| (30) Vintage Oil Pull Leather 3 Drawer Trunk | Pending ©, pub. 2007, app. filed 7/23/20014 |
| (31) Metal Finish Trunk with 3 Drawers | Nothing identified in the complaint. |
| (32) Odeon Glass Fringe 5-Ring Chandelier 31 Dia. | Pending ©, pub. 2012, app. filed 7/23/2014 and unregistered TM |
| (33) Odeon Glass Fringe 3-Ring Chandelier 19 Dia. | Pending ©, pub. 2012, app. filed 7/23/2014 and unregistered TM |
| (35) Odeon Glass Fringe Table | Pending ©, pub. 2012, app. filed 7/23/2014 and |

---

[2] A search of the Copyright Office's public catalog suggests most of these applications have not yet registered.

[3] The number in the (…) corresponds the numbered paragraphs in Halo's Complaint.

| Accused Product | Copyright Application/Registration # |
|---|---|
| Lamp | unregistered TM. |
| (36) Spencer Chandelier Medium 27 Dia. | Pending ©, pub. 2013, app. filed 7/23/2014 |
| (37) Spencer Chandelier Small 19 Dia. | Pending © pub. 2013, app. filed 7/23/2014 |
| (40) Large Orb Chandelier | Pending ©, pub. 2010, app. filed 7/23/2014 |
| (41) Medium Orb Chandelier | Pending ©, pub. 2010, app. filed 7/23/2014 |
| (42) Small Orb Chandelier | Pending ©, pub. 2010, app. filed 7/23/2014 |

11)    A controversy of sufficient immediacy and reality exists to warrant the issuance of a declaratory judgment of invalidity.

12)    A judicial declaration is necessary and appropriate so that CDI may ascertain its rights regarding the validity of the asserted copyrights.

13)    Upon information and belief, the applications for copyright registration attached to Halo's Complaint have yet to register, and the applied for designs are utilitarian and not copyrightable subject matter.

14)    CDI is entitled to a declaratory judgment that the asserted copyright registrations are invalid and/or not infringed.CDI is entitled to recover its attorneys' fees under 17 U.S.C. § 505 incurred in defending claims of copyright infringement for unregistered works.

# COUNT II

## (Attempted Monopolization – Sham IP Litigation (Sherman Act, § 2))

15)    CDI repeats and realleges paragraphs 1 through 14 hereof, as if fully set forth herein.

16)    For years, Halo has targeted CDI and tried to use its market power to CDI's detriment.  For example, several years ago during a trade show, Halo's owner

rampaged through CDI's booth and had to be forcibly restrained and removed.

17)    Upon information and belief, with one exception, Halo's copyright infringement claims represent a mere sham to allow it to interfere directly with CDI's lawful business.[4]

18)    Products placed before the public without protection of a patent (or copyright) are subject to appropriation without significant restraint.

19)    The efficient operation of the federal patent and copyright systems depends on substantially free trade in publicly known, unprotected designs and utilitarian concepts.

20)    With respect to the following copyright allegations, Halo has identified no copyright registration and CDI has not been able to confirm the U.S. Copyright Office has granted registrations on the applications appended to Halo's Complaint despite the fact nearly two years have passed since the applications were filed.

| Accused Product | Copyright Application/Registration # |
|---|---|
| (20) Vintage leather chair. | Pending © published 2010, application filed 7/23/2104 |
| (25) Aero Coffee Table | Pending © pub. 2010, app filed 7/23/2014 |
| (26) Aero Side Table with Drawers | Pending © pub. 2011, app. filed 7/23/2014 |
| (27) Aero Chest | Pending © 2010, app filed 7/23/2014 |
| (28) Vintage Oil Wax Pull Leather Trunk 3 drawer | Pending © pub. 2007, app. filed 7/23/2014 |
| (29) Metal Trunk Cube 3 Drawer | Nothing identified in the complaint. |
| (30) Vintage Oil Pull Leather 3 Drawer Trunk | Pending ©, pub. 2007, app. filed 7/23/20014 |
| (31) Metal Finish Trunk with 3 Drawers | Nothing identified in the complaint. |

---

[4] The exceptions relates to Halo's copyright registration for the Valkyrie Desk and Mars chair.  To be clear, CDI does not contend that Halo's patent or trademark claims constitute sham litigation like the bulk of the copyright claims.

| Accused Product | Copyright Application/Registration # |
|---|---|
| (32) Odeon Glass Fringe 5-Ring Chandelier 31 Dia. | Pending ©, pub. 2012, app. filed 7/23/2014 and unregistered TM |
| (33) Odeon Glass Fringe 3-Ring Chandelier 19 Dia. | Pending ©, pub. 2012, app. filed 7/23/2014 and unregistered TM |
| (35) Odeon Glass Fringe Table Lamp | Pending ©, pub. 2012, app. filed 7/23/2014 and unregistered TM. |
| (36) Spencer Chandelier Medium 27 Dia. | Pending ©, pub. 2013, app. filed 7/23/2014 |
| (37) Spencer Chandelier Small 19 Dia. | Pending © pub. 2013, app. filed 7/23/2014 |
| (40) Large Orb Chandelier | Pending ©, pub. 2010, app. filed 7/23/2014 |
| (41) Medium Orb Chandelier | Pending ©, pub. 2010, app. filed 7/23/2014 |
| (42) Small Orb Chandelier | Pending ©, pub. 2010, app. filed 7/23/2014 |

21)  After filing suit, Halo identified an additional 10 CDI products as allegedly infringing its designs.  CDI asked Halo to identify the intellectual property allegedly infringed but has received no substantive response from Halo. CDI must, therefore, conclude Halo has no protectable intellectual property right in the following 10 product designs.

| HALO PRODUCT | CDI PRODUCT |
|---|---|
| Oviedo Chaise | Vintage Leather Chaise |
| Scallofding Console | Industrial Console |
| Scaffolding Console Square | Industrial Console Square |
| Scaffolding Coffee | Industrial Coffee |
| Georgian Arch. Mirror | Mirrors |
| Globetrekker Coffee | Aero Metal Coffee |
| Georgian Dining Table | Reclaimed Dining Table |
| Crystal Table Lamp | Crystal Table Lamp |

| HALO PRODUCT | CDI PRODUCT |
|---|---|
| Crystal Chandelier | Crystal Chandelier |
| Odeon Rectangular Chandelier | Victoria Rectangular Chandelier |

22)     Halo cannot recover for copyright infringement without valid copyright registrations covering each Accused Product.  As such, the allegations of copyright infringement where Halo has not registered copyright are objectively baseless and made with subjective bad faith to rise to the level of sham litigation.

23)     Upon information and belief, Halo possesses monopoly power in the relevant market, which can be described as classical, industrial, rustic of reproduction furniture.  That market exists worldwide.

24)     Upon information and belief, Halo has willfully acquired its monopoly power  as distinguished from growth or development of its business as a consequence of a superior product, business acumen, or historical accident.

25)     Upon information and belief, Halo has a dangerous probability of success in monopolizing the relevant market.

26)     Upon information and belief, Halo has a specific intent to destroy competition and build its monopoly.

27)     CDI has and continues to suffer an antitrust injury of the type the antitrust laws were intended to prevent that flows from Halo's objectively unreasonable assertion of copyright infringement claims when it lacks the requisite registration.

28)     CDI is a much smaller company than Halo, and upon information and belief, Halo has asserted copyright infringement claims where it lacks valid registration in an attempt to coerce CDI to settle the claims or face significant financial strain defending those baseless claims.

29)     Halo has represented to CDI's actual and potential customers that CDI is infringing Halo's copyrights and that it has filed a suit for copyright infringement when it lacks the requisite registrations to recover for alleged copyright infringement.  As a result of those representations, CDI has lost sales and business.

30)     Upon information and belief, Halo possesses market share greater than 70% in the relevant market.

31)     CDI has incurred and will incur attorneys' fees defending this anticompetitive lawsuit which can form the basis for antitrust damages.

32)     Halo allegations regarding alleged violations of Illinois state law are preempted by the Patent Act and/or the Copyright Act, and as such, also constitute sham litigation.

## COUNT III

## (Intentional Interference with Prospective Business Expectancy)

33)     CDI realleges the allegations of paragraphs 1 – 32 as if set forth verbatim herein.

34)     CDI had reasonable expectations of entering into valid business relationships with others, including without limitation Restoration Hardware.

35)     Halo knew of CDI's expectation.

31

36)     Halo interference purposefully with CDI's expectation that prevented CDI's legitimate expectancy from ripening into a valid business relationship by notifying Restoration Hardware and, upon information and belief, others that its products were protected by the Copyright Act and precluded CDI from selling competing products with knowledge that Halo had yet to obtain valid copyright registrations.

37)     CDI has been damaged as a direct and proximate result of Halo's tortious interference

## COUNT IV

## (Intentional Interference with Prospective Economic Advantage)

38)     CDI realleges the allegations of paragraphs 1 – 37 as if set forth verbatim herein.

39)     CDI has reasonable expectancy of entering into valid business relationships to sell its competing line of home furnishings, including without limitation Restoration Hardware.

40)     Halo knew about CDI's expectancy.

41)     Halo intentionally interfered with CDI's expectancy thereby preventing the expectancy from ripening into a valid business relationship by notifying Restoration Hardware and, upon information and belief, others that its products were protected by the Copyright Act and precluded CDI from selling competing products with knowledge that Halo had yet to obtain valid copyright registrations..

32

42)     CDI has been damaged as a direct and proximate result of Halo's intentional interference

**WHEREFORE**, CDI requests judgment against Halo as follows:

A.     Declaring the asserted copyrights are unregistered or invalid and that CDI is a prevailing party entitled to recover its reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

B.     Declaring CDI has not infringed the asserted copyrights and it is a prevailing party entitled to recover its reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

C.     Declaring the asserted common law mark is invalid, that this case is exceptional, and that CDI is a prevailing party entitled to recover its reasonable attorneys` fees pursuant to 15 U.S.C. § 1117;

D.     Entering judgment against Halo that it has attempted to monopolize the relevant market and award CDI its damages commensurate with its antitrust injuries, its costs and attorneys' fees under the Sherman Act. 15 U.S.C. § 15 *et seq.*

E.     Enter judgment against Halo that it has interfered intentionally and tortuously against CDI's prospective business expectancies and its prospective economic advantages'

F.     That HALO be ordered to pay all fees, expenses and costs associated with this action; and

G.     Awarding such other and further relief as this Court deems just and proper.

Respectfully Submitted,

KRIEG DEVAULT LLP


/s/David A. Buls
Alastair J. Warr
David A. Buls
KRIEG DeVAULT LLP
30 North LaSalle, Suite 2800
Chicago, IL 60602
Phone: (312) 423-9300
Facsimile: (312) 423-9303

*Attorneys for Comptoir des Indes Inc. and David Ouaknine*


# Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing Answer, Affirmative Defenses and Counterclaims was served on May 9, 2016, via the Northern District of Illinois electronic filing system, which will send notification of such filings to all counsel of record:

Richard D. Harris
Barry R. Horwitz
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601


/s/David A. Buls
David A. Buls

34