**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HALO CREATIVE & DESIGN LIMITED, a Hong Kong company, HALO TRADEMARKS LIMITED, a Hong Kong company and HALO AMERICAS LIMITED, a Hong Kong company, | ) ) ) ) ) | |
| *Plaintiffs and Counter-Defendants* | ) ) | Civil Action No. 1:14-cv-08196 |
| v. | ) ) | Judge Harry D. Leinenweber |
| COMPTOIR DES INDES INC., a Quebec corporation, CDI INTERNATIONAL, CDI FURNITURE, and DAVID OUAKNINE, | ) ) ) ) | Magistrate Judge Susan E. Cox |
| *Defendants and One Counter-Plaintiff.* | ) | |

**COUNTER-DEFENDANTS HALO CREATIVE & DESIGN LIMITED, HALO TRADEMARKS LIMITED AND HALO AMERICAS LIMITED'S ANSWER TO COUNTER-PLAINTIFF COMPTOIR DES INDES INC.'S COUNTERCLAIMS**

Plaintiffs and Counter-Defendants HALO CREATIVE & DESIGN LIMITED, HALO TRADEMARKS LIMITED and HALO AMERICAS LIMITED (collectively, "Halo"), by their attorneys, hereby respond to the Counterclaims of Defendant and Counter-Plaintiff COMPTOIR DES INDES, INC.'s ("CDI") as follows:

**Jurisdiction**

1)      This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the patent laws of the United States, 35 U.S.C. § 1 *et seq.,* the Copyright laws of the United States 17 U.S.C. § 1 *et seq.,* and the Lanham Act 15 U.S.C. § 1 *et seq.*

**ANSWER:**   Halo admits the Counterclaims purport to state causes of action for copyright non-infringement and invalidity, attempted monopolization, and tortious interference, but denies any and all allegations of wrongdoing asserted by Defendant CDI against Halo.

2)     This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 1338(a), 2201 and 2202.

**ANSWER:**  Halo admits that this Court has original jurisdiction over this action, but denies any and all allegations of wrongdoing asserted by Defendant CDI against Halo.

3)     Personal jurisdiction over Halo is proper in this District because it has availed itself of the rights and benefits of the laws of Illinois.

**ANSWER:**  Halo admits that the Court has personal jurisdiction over Halo.

**Venue**

4)     Venue is proper in this district under 28 U.S.C. § 1391(b) because Halo is subject to personal jurisdiction in this judicial district, and has directed its business, licensing and enforcement activities at this judicial district.

**ANSWER:**  Admitted.

**Parties**

5)     CDI is a corporation that is incorporated in Canada and has its principal place of business in Montreal, Quebec, Canada.  CDI's business in the United States comprises the sale of furniture to distributors and retailers.

**ANSWER:**  Halo is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

6)     Upon information and belief, HALO CREATIVE & DESIGN LIMITED is a Hong Kong private company limited by shares, having its principal place of business at G/F, 17 Gough Street, Central, Hong Kong, Special Administrative Region of the People's Republic of China, and is the exclusive owner of all right, title and interest in and to United States Design Patent No. D655,526.  HALO TRADEMARKS LIMITED is a Hong Kong private company limited by shares, having its principal place of business at G/F, 17 Gough Street, Central, Hong Kong, Special Administrative Region of the People's Republic of China, and is the exclusive owner of all right, title and interest in and to United States Design Patent No. D655,100, together with all right, title and interest in and to the trademark ODEON, and certain copyrights described hereinafter.  HALO AMERICAS LIMITED is a Hong Kong private company limited by shares, having its principal place of business at G/F, 17 Gough Street, Central, Hong Kong, Special Administrative Region of the People's Republic of China, and is a licensee of certain intellectual property owned by HALO TRADEMARKS LIMITED, which sells products encompassing such intellectual property to one or more customers in the United States.

**ANSWER:**  Admitted.

2

## Existence of an Actual Controversy

7)     An actual controversy exists within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**  Halo admits that a controversy exists over Defendant CDI's infringement of Halo's intellectual property rights, but denies any and all of Defendant CDI's allegations of wrongdoing by Halo.

8)     On October 20, 2014, Halo filed its Complaint against CDI alleging, *inter alia,* infringement of the '526 Patent and the '100 Patent, infringement of several putative copyright registrations, infringement of an unregistered, common law trademark, and several preempted state law claims.

**ANSWER:**  Halo admits that it filed its Complaint on October 20, 2014 but denies all of the remaining allegations of this paragraph.

## COUNT I

### (Declaratory Judgment Copyright
### Invalidity and Non-Infringement)

9)     CDI repeats and realleges paragraphs 1 through 8 hereof, as if fully set forth herein.

**ANSWER:**  Halo repeats and re-alleges paragraphs 1 through 8 hereof, as if fully set forth herein.

10)     Halo alleges infringement of the following copyrights.

| Accused Product | Copyright Application/Registration # |
|---|---|
| (20) Vintage leather chair. | Pending © published 2010, application filed 7/23/2104 |
| (23) Aero Desk | Pending ©Published 2010, application filed 7/9/2014 |
| (24) Pacific Coupe Chair | Pending © published 2006, application filed 7/9/2014 |
| (25) Aero Coffee Table | Pending © pub. 2010, app filed 7/23/2014 |

| | |
|---|---|
| (26) Aero Side Table with Drawers | Pending © pub. 2011, app. filed 7/23/2014 |
| (27) Aero Chest | Pending © 2010, app filed 7/23/2014 |
| (28)Vintage Oil Wax Pull Leather Trunk 3 drawer | Pending © pub. 2007, app. filed 7/23/2014 |
| (29) Metal Trunk Cube 3 Drawer | Nothing identified in the complaint. |
| (30)Vintage Oil Pull Leather 3 Drawer Trunk | Pending ©, pub. 2007, app. filed 7/23/20014 |
| (31)Metal Finish Trunk with 3 Drawers | Nothing identified in the complaint. |
| (32)Odeon Glass Fringe 5-Ring Chandelier 31 Dia. | Pending ©, pub. 2012, app. filed 7/23/2014 and unregistered TM |
| (33)Odeon Glass Fringe 3-Ring Chandelier 19 Dia. | Pending ©, pub. 2012, app. filed 7/23/2014 and unregistered TM |
| (35) Odeon Glass Fringe Table Lamp | Pending ©, pub. 2012, app. filed 7/23/2014 and unregistered TM. |
| (36) Spencer Chandelier Medium 27 Dia. | Pending ©, pub. 2013, app. filed 7/23/2014 |
| (37)Spencer Chandelier Small 19 Dia. | Pending © pub. 2013, app. filed 7/23/2014 |
| (40) Large Orb Chandelier | Pending ©, pub. 2010, app. filed 7/23/2014 |
| (41) Medium Orb Chandelier | Pending ©, pub. 2010, app. filed 7/23/2014 |
| (42) Small Orb Chandelier | Pending ©, pub. 2010, app. filed 7/23/2014 |

**ANSWER:** Halo admits that its Complaint filed on October 20, 2014 alleges infringement of certain copyrights and denies the remaining allegations of this paragraph. The Complaint speaks for itself.

11)     A controversy of sufficient immediacy and reality exists to warrant the issuance of a declaratory judgment of invalidity.

**ANSWER:** Denied.

12)     A judicial declaration is necessary and appropriate so that CDI may ascertain its rights regarding the validity of the asserted copyrights.

4

**ANSWER:** Denied.

13)     Upon information and belief, the applications for copyright registration attached to Halo's Complaint have yet to register, and the applied for designs are utilitarian and not copyrightable subject matter.

**ANSWER:** Denied.

14)     CDI is entitled to a declaratory judgment that the asserted copyright registrations are invalid and/or not infringed.  CDI is entitled to recover its attorneys' fees under 17 U.S.C. § 505 incurred in defending claims of copyright infringement for unregistered works.

**ANSWER:** Denied.

## COUNT II

### (Attempted Monopolization — Sham IP Litigation (Sherman Act, § 2))

15)     CDI repeats and realleges paragraphs 1 through 14 hereof, as if fully set forth herein.

**ANSWER:**  Halo repeats and re-alleges paragraphs 1 through 14 hereof, as if fully set

forth herein.

16)     For years, Halo has targeted CDI and tried to use its market power to CDI's detriment.  For example, several years ago during a trade show, Halo's owner rampaged through CDI's booth and had to be forcibly restrained and removed.

**ANSWER:** Denied.

17)     Upon information and belief, with one exception, Halo's copyright infringement claims represent a mere sham to allow it to interfere directly with CDI's lawful business.

**ANSWER:** Denied.

18)     Products placed before the public without protection of a patent (or copyright) are subject to appropriation without significant restraint.

**ANSWER:** Denied.

19)     The efficient operation of the federal patent and copyright systems depends on substantially free trade in publicly known, unprotected designs and utilitarian concepts.

**ANSWER:** Denied.

20) With respect to the following copyright allegations, Halo has identified no copyright registration and CDI has not been able to confirm the U.S. Copyright Office has granted registrations on the applications appended to Halo's Complaint despite the fact nearly two years have passed since the applications were filed.

| Accused Product | Copyright Application/Registration # |
|---|---|
| (20) Vintage leather chair. | Pending © published 2010, application filed 7/23/2104 |
| (25) Aero Coffee Table | Pending © pub. 2010, app filed 7/23/2014 |
| (26) Aero Side Table with Drawers | Pending © pub. 2011, app. filed 7/23/2014 |
| (27) Aero Chest | Pending © 2010, app filed 7/23/2014 |
| (28)Vintage Oil Wax Pull Leather Trunk 3 drawer | Pending © pub. 2007, app. filed 7/23/2014 |
| (29) Metal Trunk Cube 3 Drawer | Nothing identified in the complaint. |
| (30)Vintage Oil Pull Leather 3 Drawer Trunk | Pending ©, pub. 2007, app. filed 7/23/20014 |
| (31) Metal Finish Trunk with 3 Drawers | Nothing identified in the complaint. |
| (32)Odeon Glass Fringe 5-Ring Chandelier 31 Dia. | Pending ©, pub. 2012, app. filed 7/23/2014 and unregistered TM |
| (33)Odeon Glass Fringe 3-Ring Chandelier 19 Dia. | Pending ©, pub. 2012, app. filed 7/23/2014 and unregistered TM |
| (35) Odeon Glass Fringe Table Lamp | Pending ©, pub. 2012, app. filed 7/23/2014 and unregistered TM. |
| (36) Spencer Chandelier Medium 27 Dia. | Pending ©, pub. 2013, app. filed 7/23/2014 |
| (37) Spencer Chandelier Small 19 Dia. | Pending © pub. 2013, app. filed 7/23/2014 |
| (40) Large Orb Chandelier | Pending ©, pub. 2010, app. filed 7/23/2014 |
| (41) Medium Orb Chandelier | Pending ©, pub. 2010, app. filed 7/23/2014 |
| (42) Small Orb Chandelier | Pending ©, pub. 2010, app. filed 7/23/2014 |

**ANSWER:** Halo is without knowledge or information sufficient to form a belief as to

CDI's allegations of this paragraph, and, therefore, denies the allegations of this paragraph.

21) After filing suit, Halo identified an additional 10 CDI products as allegedly infringing its designs. CDI asked Halo to identify the intellectual property allegedly infringed but has received no substantive response from Halo. CDI must, therefore, conclude Halo has no protectable intellectual property right in the following 10 product designs.

| HALO PRODUCT | CDI PRODUCT |
|---|---|
| Oviedo Chaise | Vintage Leather Chaise |
| Scallofding Console | Industrial Console |
| Scaffolding Console Square | Industrial Console Square |

6

| | |
|---|---|
| Scaffolding Coffee | Industrial Coffee |
| Georgian Arch. Mirror | Mirrors |
| Globetrekker Coffee | Aero Metal Coffee |
| Georgian Dining Table | Reclaimed Dining Table |
| Crystal Table Lamp | Crystal Table Lamp |
| Crystal Chandelier | Crystal Chandelier |
| Odeon Rectangular Chandelier | Victoria Rectangular Chandelier |

**ANSWER:** Denied.

22)    Halo cannot recover for copyright infringement without valid copyright registrations covering each Accused Product. As such, the allegations of copyright infringement where Halo has not registered copyright are objectively baseless and made with subjective bad faith to rise to the level of sham litigation.

**ANSWER:** Denied.

23)    Upon information and belief, Halo possesses monopoly power in the relevant market, which can be described as classical, industrial, rustic of reproduction furniture. That market exists worldwide.

**ANSWER:** Denied.

24)    Upon information and belief, Halo has willfully acquired its monopoly power as distinguished from growth or development of its business as a consequence of a superior product, business acumen, or historical accident.

**ANSWER:** Denied.

25)    Upon information and belief, Halo has a dangerous probability of success in monopolizing the relevant market.

**ANSWER:** Denied.

26)    Upon information and belief, Halo has a specific intent to destroy competition and build its monopoly.

**ANSWER:** Denied.

7

27)    CDI has and continues to suffer an antitrust injury of the type the antitrust laws were intended to prevent that flows from Halo's objectively unreasonable assertion of copyright infringement claims when it lacks the requisite registration.

**ANSWER:**  Denied.

28)    CDI is a much smaller company than Halo, and upon information and belief, Halo has asserted copyright infringement claims where it lacks valid registration in an attempt to coerce CDI to settle the claims or face significant financial strain defending those baseless claims.

**ANSWER:**  Denied.

29)    Halo has represented to CDI's actual and potential customers that CDI is infringing Halo's copyrights and that it has filed a suit for copyright infringement when it lacks the requisite registrations to recover for alleged copyright infringement.  As a result of those representations, CDI has lost sales and business.

**ANSWER:**  Denied.

30)    Upon information and belief, Halo possesses market share greater than 70% in the relevant market.

**ANSWER:**  Denied.

31)    CDI has incurred and will incur attorneys' fees defending this anticompetitive lawsuit which can form the basis for antitrust damages.

**ANSWER:**  Denied.

32)    Halo [sic] allegations regarding alleged violations of Illinois state law are preempted by the Patent Act and/or the Copyright Act, and as such, also constitute sham litigation.

**ANSWER:**  Denied.

### COUNT III

### (Intentional Interference with Prospective Business Expectancy)

33)    CDI realleges the allegations of paragraphs 1 - 32 as if set forth verbatim herein.

**ANSWER:**  Halo repeats and re-alleges paragraphs 1 through 32 hereof, as if fully set forth herein.

34)    CDI had reasonable expectations of entering into valid business relationships with others, including without limitation Restoration Hardware.

8

**ANSWER:** Halo is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, therefore, denies them.

35) Halo knew of CDI's expectation.

**ANSWER:** Denied.

36) Halo [sic] interference purposefully with CDI's expectation that prevented CDI's legitimate expectancy from ripening into a valid business relationship by notifying Restoration Hardware and, upon information and belief, others that its products were protected by the Copyright Act and precluded CDI from selling competing products with knowledge that Halo had yet to obtain valid copyright registrations.

**ANSWER:** Denied.

37) CDI has been damaged as a direct and proximate result of Halo's tortious interference

**ANSWER:** Denied.

## COUNT IV

### (Intentional Interference with Prospective Economic Advantage)

38) CDI realleges the allegations of paragraphs 1 - 37 as if set forth verbatim herein.

**ANSWER:** Halo repeats and re-alleges paragraphs 1 through 37 hereof, as if fully set

forth herein.

39) CDI has reasonable expectancy of entering into valid business relationships to sell its competing line of home furnishings, including without limitation Restoration Hardware.

**ANSWER:** Halo is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, therefore, denies them.

40) Halo knew about CDI's expectancy.

**ANSWER:** Denied.

41) Halo intentionally interfered with CDI's expectancy thereby preventing the expectancy from ripening into a valid business relationship by notifying Restoration Hardware and, upon information and belief, others that its products were protected by the Copyright Act and precluded CDI from selling competing products with knowledge that Halo had yet to obtain valid copyright registrations.

9

**ANSWER:** Denied.

42) CDI has been damaged as a direct and proximate result of Halo's intentional interference

**ANSWER:** Denied.

**WHEREFORE**, CDI requests judgment against Halo as follows:

A.    Declaring the asserted copyrights are unregistered or invalid and that CDI is a prevailing party entitled to recover its reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

B.    Declaring CDI has not infringed the asserted copyrights and it is a prevailing party entitled to recover its reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

C.    Declaring the asserted common law mark is invalid, that this case is exceptional, and that CDI is a prevailing party entitled to recover its reasonable attorneys` fees pursuant to 15 U.S.C. § 1117;

D.    Entering judgment against Halo that it has attempted to monopolize the relevant market and award CDI its damages commensurate with its antitrust injuries, its costs and attorneys' fees under the Sherman Act. 15 U.S.C. § 15 *et seq.*

E.    Enter judgment against Halo that it has interfered intentionally and tortuously against CDI's prospective business expectancies and its prospective economic advantages'

F.    That HALO be ordered to pay all fees, expenses and costs associated with this action; and

G.    Awarding such other and further relief as this Court deems just and proper.

**ANSWER:** Halo denies that CDI is entitled to any relief or remedy against Halo at all, much less the relief requested above.

**WHEREFORE**, Plaintiffs and Counterclaim Defendants Halo respectfully request that this Court:

(a)     Dismiss CDI's Counterclaims in their entirety;

(b)     Deny CDI any and all of its requested relief;

(c)     Award Halo its reasonable costs and attorney's fees; and

(d)     Grant Halo such additional and further relief as this Court deems necessary or appropriate.

## JURY DEMAND

Halo requests a trial by jury as to all issues triable by a jury.

Dated: <u>May 31, 2016</u>      By:    <u>/s/Richard D. Harris</u>
                                        Richard D. Harris, Reg. No. 1137913
                                        Barry R. Horwitz, Reg. No. 6296764
                                        GREENBERG TRAURIG, LLP
                                        77 West Wacker Drive, Suite 3100
                                        Chicago, Illinois 60601
                                        Telephone: 312-456-8400
                                        Fax: 312-456-8435

                                        Attorneys for Plaintiffs and Counter-Defendants
                                        Halo Creative & Design Limited, Halo Trademarks
                                        Limited and Halo Americas Limited

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date set forth below, I electronically filed the foregoing **COUNTER-DEFENDANTS HALO CREATIVE & DESIGN LIMITED, HALO TRADEMARKS LIMITED AND HALO AMERICAS LIMITED'S ANSWER TO COUNTER-PLAINTIFFS COMPTOIR DES INDES INC.'S COUNTERCLAIMS** with the Clerk of Court using the CM/ECF system, which will send notification of such filings to all counsel of record.

Dated: May 31, 2016                                         /s/Richard D. Harris