**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HALO CREATIVE & DESIGN LIMITED, a Hong Kong company, HALO TRADEMARKS LIMITED, a Hong Kong company and HALO AMERICAS LIMITED, a Hong Kong company,<br><br>   *Plaintiffs,*<br><br>    v.<br><br>COMPTOIR DES INDES INC., a Quebec corporation, CDI INTERNATIONAL, CDI FURNITURE, and DAVID OUAKNINE,<br><br>   *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action No. 1:14-cv-08196<br><br>Judge Harry D. Leinenweber<br>Magistrate Judge Susan E. Cox<br><br><u>JURY DEMANDED</u> |

**<u>FIRST AMENDED COMPLAINT</u>**

Plaintiffs HALO CREATIVE & DESIGN LIMITED, HALO TRADEMARKS LIMITED and HALO AMERICAS LIMITED by their attorneys, complain against Defendants COMPTOIR DES INDES INC., CDI INTERNATIONAL, CDI FURNITURE and DAVID OUAKNINE as follows:

**NATURE AND STATUTORY BASIS OF ACTION**

1. This is an action for patent infringement under 35 U.S.C. § 101, et seq., for copyright infringement under 17 U.S.C. § 101, et seq., for trademark infringement under 15 U.S.C. § 1125(a), for violation of the State of Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, and for violation of the State of Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS 510.

**THE PARTIES**

2.     Plaintiff HALO CREATIVE & DESIGN LIMITED is a Hong Kong private company limited by shares, having its principal place of business at G/F, 17 Gough Street, Central, Hong Kong, Special Administrative Region of the People's Republic of China, and is the exclusive owner of all right, title and interest in and to United States Design Patent No. D655,526.  Plaintiff HALO TRADEMARKS LIMITED is a Hong Kong private company limited by shares, having its principal place of business at G/F, 17 Gough Street, Central, Hong Kong, Special Administrative Region of the People's Republic of China, and is the exclusive owner of all right, title and interest in and to United States Design Patent No. D655,100, together with all right, title and interest in and to the trademark ODEON, and certain copyrights described hereinafter.  Plaintiff HALO AMERICAS LIMITED is a Hong Kong private company limited by shares, having its principal place of business at G/F, 17 Gough Street, Central, Hong Kong, Special Administrative Region of the People's Republic of China, and is a licensee of certain intellectual property owned by HALO TRADEMARKS LIMITED, which sells products encompassing such intellectual property to one or more customers in the United States. Plaintiffs (collectively "HALO") have been in the business of designing, manufacturing, distributing and retailing furniture for well over ten (10) years, with the founders having been with the business for over thirty (30) years.  During such time, HALO has established itself as a leading designer, manufacturer and distributor of original, highly ornamented furniture products throughout the world.  In the United States, Halo's furniture products have enjoyed great commercial success, through its sales to prominent furniture retailers throughout the U.S., including its own Timothy Oulton retail stores.

2

3.      On information and belief, Defendant COMPTOIR DES INDES INC. is a Quebec corporation, having its principal place of business at 170 rue Sherbrooke Est, Montreal, Quebec H2X 3B3 Canada, and having another place of business at 241 rue Migneron, Saint-Laurent, Quebec H4T 1W8 Canada.  On information and belief, Defendant CDI INTERNATIONAL is another corporate name used by Defendant COMPTOIR DES INDES INC., also having a place of business at 241 rue Migneron, Saint-Laurent, Quebec H4T 1W8 Canada.  On information and belief, Defendant CDI FURNITURE is yet another corporate name used by Defendant COMPTOIR DES INDES INC., also having a place of business at 241 rue Migneron, Saint-Laurent, Quebec H4T 1W8 Canada.  On information and belief, each of COMPTOIR DES INDES INC., CDI INTERNATIONAL and CDI FURNITURE contracts for the manufacture of furniture products accused herein from at least one of several manufacturers in Asia, including sources in China, Vietnam and India, and imports such furniture into the United States, for the promotion and sale of such furniture products in the United States, including products sold within or into this judicial district.

4.      On information and belief, Defendant DAVID OUAKNINE is a Canadian resident having an address at 6247A Chemin Hillsdale, Montreal, Quebec H3S 2M8 Canada. On information and belief, Defendant DAVID OUAKNINE is the owner and registrant of the domain name <cdifurniture.com>, and directs and controls the website for the purpose of displaying images of furniture products that are accused of patent, copyright and/or trademark infringement herein, and also for the purposes of soliciting sales and promoting the importation and sales of such infringing furniture products in the United States, including products sold within or into this judicial district.  On information and belief, Defendant DAVID OUAKNINE is the President of Defendant COMPTOIR DES INDES INC., a closely held, private corporation

3

that is controlled by DAVID OUAKNINE and one or more of his family members. On information and belief, DAVID OUAKNINE's involvement with COMPTOIR DES INDES, INC. is beyond that of a mere officer; rather DAVID OUAKNINE has personally traveled, and continues to travel, to the United States to one or more trade shows for the purpose of selling, and offering for sale, one or more of the accused furniture products complained of herein, for distribution in the United States. Also, on information and belief, Defendant DAVID OUAKNINE directs and controls the operations of the remaining defendants, including their copying, marketing and sales of infringing products alleged herein. On information and belief, one or more of the Defendant entities owned, operated and/or controlled by Defendant DAVID OUAKNINE -- COMPTOIR DES INDES INC., CDI INTERNATIONAL and CDI FURNITURE -- is the *alter ego* of Defendant DAVID OUAKNINE. Defendants COMPTOIR DES INDES INC., CDI INTERNATIONAL, CDI FURNITURE and DAVID OUAKNINE are referred to collectively herein as "CDI."

5. On information and belief, CDI showcases, displays, and/or offers its accused products for sale in several furniture shows in the United States, including at the Las Vegas World Market in Las Vegas, Nevada, and at the High Point Market in High Point, North Carolina. On information and belief, CDI offers such furniture for sale for nationwide distribution within the United States.

6. On information and belief, CDI also showcases, displays, and/or offers its Accused Products, as defined hereinbelow, for sale through several distributors in the United States, without geographical limitation or restriction as to the method of sale, including through distributors who offer such products for sale over the Internet with free nationwide shipping,

including products for sale within or into this judicial district, in direct competition with HALO's products also being sold within this judicial district.

## JURISDICTION AND VENUE

7.      Jurisdiction over this Complaint is expressly conferred on this Court pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 106, and 28 U.S.C. §§ 1331, 1338, 1367 and 1400.

8.      On information and belief, CDI is doing business in the State of Illinois, by making its products available for sale within and into Illinois through several distributors who offer the Accused Products, as defined hereinbelow, for sale without geographic restriction in the U.S., often with free nationwide shipping, including shipment within, and into, the State of Illinois.  On information and belief, CDI has sold, or has offered for sale, its products through several Internet-based distributors, including MyHabit.com (a subsidiary of Amazon.com), TouchOfModern.com, Gilt.com, Fab.com, Inmod.com, Hautelook.com (a subsidiary of Nordstrom, Inc.), PlumGoose.com, DynamicHomeDecor.com and GreatChandeliers.com. Through one or more of these distributors, CDI's products are also offered for sale and resale through additional Internet-based retailers, including Amazon.com and BedBathandBeyond.com.

9.      On information and belief, CDI has offered its products for sale to consumers in Illinois through one or more of these distributors and/or resellers.  On information and belief, CDI has not placed any geographic restriction on any of these distributors' sales within the U.S., and thus CDI has intended for its products to be sold throughout the United States, including within the State of Illinois, whose population represents a significant portion of the market for such furniture products.

10.      On information and belief, personal jurisdiction over CDI is vested in this Court pursuant to one or more subsections of 735 ILCS 5/2-209(a)-(c), in that CDI has, with respect to the present case, transacted business in the State of Illinois, engaged in tortious acts within the

State of Illinois, and/or has contacts with the State of Illinois, all commensurate with the United States and Illinois Constitutions, so as to submit itself to the jurisdiction and process of this Court.

11.     Venue is proper in this Judicial District under 28 U.S.C. § 1391.

**HALO'S BUSINESS, PATENTS, COPYRIGHTS AND TRADEMARKS**

12.     HALO was first established as a furniture retailer by Major Philip Oulton in Manchester, England in 1976.  In February 2004, HALO expanded its business overseas to Hong Kong, where it has been designing, manufacturing and marketing its own distinctive furniture designs, including hand finished vintage inspired leathers, upholstery, and metal-clad cabinetry, chair and desk collections, together with ornamental lighting fixtures, for retail markets all over the world.

13.     HALO's distinctive and unique contemporary or modern furniture designs have achieved significant commercial success.  A prominent U.S. retailer has purchased and has offered for sale many of HALO's products, including the furniture products that Defendants have copied as detailed herein.  HALO has also opened its own brand of retail stores, called Timothy Oulton, in locations throughout the world, including in the United States, in Dallas, as well as boutiques in New York, Los Angeles and San Francisco.

14.     In addition to their commercial success, certain of HALO's designs have also gained nationwide fame through their prominence in nationally-distributed television shows, including HALO's Aviator Valkyrie desk in CBS' television show, "Two And A Half Men."

15.     HALO is the owner of several design patents covering the designs of several of the Accused Products herein, including U.S. Design Patent No. D655,526 S, titled "Armchair" by Michael Yeung Ka Fei, issued March 13, 2012 ("the '526 Patent") and U.S. Design Patent

No. D655,100 S, titled "Seating Furniture" by Michael Yeung Ka Fei, issued March 6, 2012 ("the '100 Patent"). The '526 and '100 Patents are attached hereto as Exhibits A and B, respectively.

16. HALO is the owner of several pending copyright applications for original ornamental designs for furniture. In particular, HALO has pending copyright applications for its original, ornamental designs in its Aviator Valkyrie Desk, Mars Chair, Aviator Tom Cat Chair, Blackhawk Coffee Table, Blackhawk Square Side Table, Blackhawk Chest, Stonyhurst Lamp Table, Ampleforth Chest, **Odeon™** Chandelier Medium, **Odeon™** Chandelier Small, **Odeon™** Table Lamp, Zig Zag Chandelier, Gyro Crystal Chandelier, Crystal Chandelier Large, Crystal Chandelier Small, Georgian Architectural Dining Table, Georgian Architectural Mirror, Globetrekker Coffee Table, **Odeon™** Rectangular Chandelier, Oviedo Chaise, Scaffolding Coffee Table, and Scaffolding Console Table, copies of which are collectively attached hereto as Exhibit C.

17. The scope of HALO's copyrights for each of its ornamental designs extends to products having different finishes, sizes, and mountings. For example, the scope of HALO's copyright for its Stonyhurst Lamp Table extends to the Stonyhurst Lamp Table, with leather finish and the Stonyhurst Lamp Table, with metal finish. The scope of HALO's copyright for its Ampleforth Chest likewise extends to the Ampleforth Chest, with leather finish and the Ampleforth Chest, with metal finish. The scope of HALO's copyright for its **Odeon™** Chandelier Small also extends to its **Odeon™** Floor Lamp. The scope of HALO's copyright for its Zig Zag Chandelier extends to each of the 27" and 19" sizes of the Zig Zag Chandelier, the Zig Zag Floor Lamp and the Zig Zag Table Lamp. Similarly, the scope of HALO's copyright for

its Gyro Crystal Chandelier extends to each size thereof, the Gyro Crystal Floor Lamp and the Gyro Crystal Table Lamp.

18.     HALO is the owner of several unregistered trademarks used in association with its original ornamental furniture designs.  Among these, HALO has used the trademark **Odeon**™ in association with several of its lighting products, including its **Odeon**™ Chandelier Medium, **Odeon**™ Chandelier Small, **Odeon**™ Floor Lamp, **Odeon**™ Table Lamp and **Odeon**™ Rectangular Chandelier.  HALO and its distributors have used the ODEON trademark as a source indicator for HALO's lighting products in United States commerce since at least as early as 2012.

19.     HALO's furniture products incorporating its patented and copyrighted designs, and those sold under its ODEON trademark, are displayed and advertised locally and throughout the United States, through its distributors' magazine advertisements, printed catalogs, brochures, circulars, inserts, and other printed matter at national and international trade shows featuring furniture and home décor, as well as on the Internet.

## CDI'S MISAPPROPRIATION OF HALO'S DESIGNS

20.     On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Vintage Leather Chair," the design of which has been materially copied and derived from HALO's Aviator Tom Cat Chair, and infringes upon HALO's '526 Design Patent.



| HALO's '526 Design Patent | CDI's Vintage Leather Chair |
| --- | --- |
| FIG. 3 | |
| HALO's '526 Design Patent | CDI's Vintage Leather Chair |
| FIG. 4 | |

| **HALO's '526 Design Patent** | **CDI's Vintage Leather Chair** |
|---|---|
|  FIG. 6 |  |
| **HALO's Aviator Tom Cat Chair**<br>**36 x 27 x 27** | **CDI's Vintage Leather Chair**<br>**37 x 31 x 29** |
|  |  |

| **HALO's Aviator Tom Cat Chair side view** | **CDI's Vintage Leather Chair side view** |
|---|---|
|  |  |

| HALO'S Aviator Tom Cat Chair rear view | CDI'S Vintage Leather Chair rear view |
|---|---|



21.     On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, an "Eaton 3 Seater," the design of which has been materially copied and derived from HALO's Scruffy 3 Seater, and infringes upon HALO's '100 Design Patent.



| HALO's '100 Design Patent | CDI's Eaton 3 Seater |
|---|---|
| FIG. 8 | |
| HALO's Scruffy 3 Seater<br>96 x 41 x 30 | CDI's Eaton 3 Seater<br>96 x 41 x 30 |

22.     On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, an "Eaton 1 Seater," the design of which has been materially copied and derived from HALO's Scruffy 1 Seater, and infringes upon HALO's '100 Design Patent.



23.     On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, an "Aero Design Desk," the design of which has been materially copied and derived from HALO's Aviator Valkyrie Desk.



| HALO's Aviator Valkyrie Desk 77 x 40 x 30 | CDI's Aero Desk 78 x 33 x 30 |
|---|---|

24.     On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Pacific Coupe Chair," the design of which has been materially copied and derived from HALO's Mars Chair.



| HALO's Mars Chair 33 x 29 x 27 | CDI's Pacific Coupe Chair 33 x 29 x 27 |
|---|---|



| HALO'S Mars Chair side view | CDI'S Pacific Coupe Chair side view |
| HALO'S Mars Chair rear view | CDI'S Pacific Coupe Chair rear view |

25.     On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, an "Aero Coffee Table," the design of which has been materially copied and derived from HALO's Blackhawk Coffee Table.

| HALO's Blackhawk Coffee Table 51 x 32 x 18 | CDI's Aero Coffee Table 48 x 28 x 18 |
|---|---|



17

26.     On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, an "Aero Side Table with Drawers," the design of which has been materially copied and derived from HALO's Blackhawk Square Side Table.

| HALO's Blackhawk Square Side Table 26 x 26 x 21 | CDI's Aero Side Table with Drawers 24 x 24 x 24 |
|---|---|
|  | |

27.     On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, an "Aero Chest," the design of which has been materially copied and derived from HALO's Blackhawk Chest.



| HALO's Blackhawk Chest 47 x 40 x 20 | CDI's Aero Chest 47 x 40 x 20 |
| --- | --- |

28.    On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Vintage oil wax pull leather trunk 3 drawer," the design of which has been materially copied and derived from HALO's Stonyhurst Lamp Table, shown below in leather finish.

| HALO's Stonyhurst Lamp Table, leather finish<br>23 x 23 x 23 | CDI's Vintage oil wax pull leather trunk 3 drawer<br>21 x 21 x 18 |
|---|---|
|  | |

29.    On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Metal Trunk Cube 3 Drawer," the design of which has been materially copied and derived from HALO'S Stonyhurst Lamp Table, shown below in metal finish.



| HALO's Stonyhurst Lamp Table, metal finish 27 x 27 x 18 | CDI's Metal Trunk Cube 3 Drawer 21 x 21 x 18 |

30.    On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Vintage Oil Pull Leather 3 Drawer Trunk," the design of which has been materially copied and derived from HALO's Ampleforth Chest, shown below in leather finish.



| HALO's Ampleforth Chest, leather finish 39 x 31 x 19 | CDI's Vintage Oil Pull Leather 3 Drawer Trunk 41 x 40 x 21 |

31.     On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Metal Finish Trunk With 3 Drawers," the design of which has been materially copied and derived from HALO's Ampleforth Chest, shown below in metal finish.

| HALO's Ampleforth Chest, metal finish 40 x 40 x 20 | CDI's Metal Finish Trunk with 3 Drawers 41 x 40 x 21 |
|---|---|



32.     On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "1920's **Odeon** Glass Fringe 5-Ring Chandelier," the design of which has been materially copied and derived from HALO's **Odeon**™ Chandelier Medium.

| HALO's Odeon™ Chandelier Medium 31 Dia. | CDI's 1920s Odeon Glass Fringe 5-Ring Chandelier 31 Dia. |
|---|---|



33.     On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "1920's **Odeon** Glass Fringe 3-Ring Chandelier," the design of which has been materially copied and derived from HALO's **Odeon**™ Chandelier Small.

| HALO's Odeon™ Chandelier Small 19 Dia. | CDI's 1920s Odeon Glass Fringe 3-Ring Chandelier 19 Dia. |
|---|---|



34.    On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "1920's **Odeon** Glass Fringe Floor Lamp," the design of which has been materially copied and derived from HALO's **Odeon**™ Floor Lamp and/or HALO's **Odeon**™ Chandelier Small.

| HALO's Odeon™ Floor Lamp 19 Dia. x 63 | CDI's 1920s Odeon Glass Fringe Floor Lamp 19 Dia. x 63 |
|---|---|
|  | |

35.    On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "1920's **Odeon** Glass Fringe Table Lamp," the design of which has been materially copied and derived from HALO's **Odeon**™ Table Lamp.

| HALO's Odeon™ Table Lamp<br>14 Dia. x 26 | CDI's 1920s Odeon Glass Fringe Table Lamp<br>14 Dia. x 26 |
|---|---|



36.     On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Spencer Chandelier Medium," the design of which has been materially copied and derived from HALO's Zig Zag Chandelier.



| HALO's Zig Zag Chandelier 27 Dia. | CDI's Spencer Chandelier Medium 27 Dia. |

37.     On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Spencer Chandelier Small," the design of which has been materially copied and derived from HALO's Zig Zag Chandelier.



| HALO's Zig Zag Chandelier 19 Dia. | CDI's Spencer Chandelier Small 19 Dia. |

38.     On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Spencer Floor Lamp," the design of which has been materially copied and derived from HALO's Zig Zag Floor Lamp and/or HALO's Zig Zag Chandelier.

| HALO's Zig Zag Floor Lamp<br>19 Dia. x 66 | CDI's Spencer Floor Lamp<br>19 Dia. x 67 |
|---|---|
|  | |

39. On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Spencer Chandelier Small," the design of which has been materially copied and derived from HALO's Zig Zag Table Lamp and/or HALO's Zig Zag Chandelier.



| HALO's Zig Zag Table Lamp<br>15 Dia. x 27 | CDI's Spencer Table Lamp<br>15 Dia. x 30 |
|---|---|

40.    On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Large Orb Chandelier," the design of which has been materially copied and derived from HALO's Gyro Crystal Chandelier.



| HALO's Gyro Crystal Chandelier | CDI's Large Orb Chandelier |

41.    On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Medium Orb Chandelier," the design of which has been materially copied and derived from HALO's Gyro Crystal Chandelier.



| HALO's Gyro Crystal Chandelier | CDI's Medium Orb Chandelier |

42.    On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, a "Small Orb Chandelier," the design of which has been materially copied and derived from HALO's Gyro Crystal Chandelier.

| HALO's Gyro Crystal Chandelier 21 Dia. | CDI's Small Orb Chandelier 21 Dia. |
|---|---|
|  | |

43.     On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, an "Antique Finish Floor Lamp with Curve Tubes" and an "Antique Finish Floor Lamp with Curved Tubings," the designs of which has been materially copied and derived from HALO's Gyro Crystal Floor Lamp and/or HALO's Gyro Crystal Chandelier.



| HALO's Gyro Crystal Floor Lamp 24 Dia. x 69 | CDI's Antique Finish Floor Lamp with Curve Tubes 24 Dia. x 71 |

44.     On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, an "Antique Finish Table Lamp Curved Tubes," the design of which has been materially copied and derived from HALO's Gyro Crystal Table Lamp and/or HALO's Gyro Crystal Chandelier.

| HALO's Gyro Crystal Table Lamp 32 x 21 x 21 | CDI's Antique Finish Table Lamp Curved Tubes 33 x 22 x 20 |
|---|---|



45.     On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, its "Crystal Chandelier" in "small" and "medium" sizes and "chrome" and "rustic" finishes, the design of which has been materially copied and derived from HALO's Crystal Chandelier Large and/or HALO's Crystal Chandelier Small.

| HALO's Crystal Chandelier Small | CDI's Crystal Chandelier Small Rustic Iron Frame |
|---|---|
| HALO's Crystal Chandelier Small | CDI's Crystal Chandelier Small Chrome Iron Frame |
| HALO's Crystal Chandelier Large | CDI's Crystal Chandelier Medium Iron Frame |



| HALO's Crystal Chandelier Large | CDI's Crystal Chandelier Medium Rustic Iron Frame |
|---|---|



46.     On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, its "Reclaimed Dining Table," the design of which has been materially copied and derived from HALO's Georgian Architectural Dining Table.

| HALO's Georgian Architectural Dining Table | CDI's Reclaimed Dining Table 108 x 42 x 30 |
|---|---|



| HALO's Georgian Architectural Dining Table | CDI's Reclaimed Dining Table 72 x 40 x 30 |
|---|---|



47. On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, an ornate framed mirror, in two sizes, the design of which has been materially copied and derived from HALO's Georgian Architectural Mirror.

| HALO's Georgian Architectural Mirror | CDI's Mirror 55 x 6 x 96 |
|---|---|





| HALO's Georgian Architectural Mirror | CDI's Mirror 64 x 6 x 106 |
|---|---|

48.    On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, its "Aero Metal Coffee Table," the design of which has been materially copied and derived from HALO's Globetrekker Coffee Table.



| HALO's Globetrekker Coffee Table | CDI's Aero Metal Coffee Table 46 x 30 x 16 |
|---|---|

49.    On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, its "Victoria Rectangular Chandelier," the design of which has been materially copied and derived from HALO's **Odeon™** Rectangular Chandelier. On information and belief, CDI has removed the Victoria Rectangular Chandelier from its website but continues selling the product.



50.    On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, its "Lounge Chair" in both "Brown Vintage Leather" and "Black Vintage Leather," the design of which has been materially copied and derived from HALO's Oviedo Chaise.



| HALO's Oviedo Chaise | CDI's Lounge Chair Brown Vintage Leather |
| --- | --- |
| HALO's Oviedo Chaise | CDI's Lounge Chair Black Vintage Leather |

51.     On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, its "Industrial Coffee Table," the design of which has been materially copied and derived from HALO's Scaffolding Coffee Table.

| HALO's Scaffolding Coffee Table | CDI's Industrial Coffee Table<br>47 x 24 x 16 |
|---|---|
|  | |

52. On information and belief, without the prior knowledge or authorization of HALO, and with access to and knowledge of HALO's earlier, original ornamental design, CDI has marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, its "Console Table," the design of which has been materially copied and derived from HALO's Scaffolding Console Table.

| HALO's Scaffolding Console Table | CDI's Industrial Console Table<br>47 x 16 x 31 |
|---|---|
|  | |

53. Exhibit D comprises pages from CDI's 2014 catalog, for each of the Vintage Leather Chair, the Eaton 3 Seater, the Eaton 1 Seater, the Aero Design Desk, the Pacific Coupe

Chair, the Aero Coffee Table, the Aero Side Table, the Aero Chest, the Vintage Oil Wax Pull Leather Trunk 3 Drawer, the Vintage Oil Pull Leather 3 Drawer Trunk, the Metal Trunk Cube 3 Drawer, the Metal Finish Trunk With 3 Drawers, the 1920's **Odeon** Glass Fringe 5-Ring Chandelier, the 1920's **Odeon** Glass Fringe 3-Ring Chandelier, the 1920's **Odeon** Glass Fringe Floor Lamp, the 1920's **Odeon** Glass Fringe Table Lamp, the Spencer Chandelier Medium, Spencer Chandelier Small, the Spencer Floor Lamp, the Spencer Table Lamp, the Large Orb Chandelier, Medium Orb Chandelier, the Small Orb Chandelier, the Antique Finish Floor Lamp with Curve Tubes, the Antique Finish Floor Lamp Curved Tubings, and the Antique Finish Table Lamp Curved Tubes and pages from CDI's 2016 catalogue for each of the Crystal Chandelier Small and Medium sizes, the Reclaimed Dining Table, the Mirror, the Aero Metal Coffee Table, the Victoria Rectangular Chandelier, the Lounge Chair in both Brown and Black Vintage Leather, the Industrial Coffee Table, and the Industrial Console Table. (collectively the "Accused Products").

54.     The photo comparisons shown in ¶¶ 20-52, *supra*, comparing HALO's designs with each of the Accused Products, and as collectively shown in the Comparison Chart attached hereto as Exhibit E, illustrate that virtually each and every material detail of the design of the Accused Products has been copied and derived from each of the corresponding details of HALO's earlier, original ornamental design.  Moreover, the Accused Products have been sized to be virtually identical to HALO's corresponding designs.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. D655,526 S

55.     HALO hereby adopts and reavers each of the allegations contained in Paragraphs 1 through 54 above, inclusive.

56.     United States Design Patent No. D655,526 S ("the '526 Patent") was duly and legally issued by the United States Patent and Trademark Office on March 13, 2012, which is presumed to be valid and enforceable pursuant to 35 U.S.C. § 282.

57.     CDI has infringed and continues to infringe, directly and indirectly through contributory and/or induced infringement, the claim of the '526 Patent by selling and/or offering to sell in the United States and/or importing into the United States, one or more of CDI's furniture products identified in this Complaint, including its Vintage Leather Chair.  CDI's infringing activities violate 35 U.S.C. § 271.

58.     CDI has earned profits by virtue of its infringement of the '526 Patent.

59.     HALO has sustained damages as a direct and proximate result of CDI's infringement of the '526 Patent.

60.     HALO is suffering, and will continue to suffer, irreparable harm from CDI's infringement of the '526 Patent.  HALO has no adequate remedy at law and is entitled to an injunction against CDI's continuing infringement of the '526 Patent.  Unless enjoined, CDI will continue its infringing conduct.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. D655,100 S

61.     HALO hereby adopts and reavers each of the allegations contained in Paragraphs 1 through 60 above, inclusive.

62.     United States Design Patent No. D655,100 S ("the '100 Patent") was duly and legally issued by the United States Patent and Trademark Office on March 6, 2012, which is presumed to be valid and enforceable pursuant to 35 U.S.C. § 282.

63.     CDI has infringed and continues to infringe, directly and indirectly through contributory and/or induced infringement, the claim of the '100 Patent by selling and/or offering

to sell in the United States and/or importing into the United States, one or more of CDI's furniture products identified in this Complaint, including its Eaton 3 Seater and Eaton 1 Seater. CDI's infringing activities violate 35 U.S.C. § 271.

64.     CDI has earned profits by virtue of its infringement of the '100 Patent.

65.     HALO has sustained damages as a direct and proximate result of CDI's infringement of the '100 Patent.

66.     HALO is suffering, and will continue to suffer, irreparable harm from CDI's infringement of the '100 Patent.  HALO has no adequate remedy at law and is entitled to an injunction against CDI's continuing infringement of the '100 Patent.  Unless enjoined, CDI will continue its infringing conduct.

## COUNT III:  COPYRIGHT INFRINGEMENT OF HALO'S ORNAMENTAL DESIGNS UNDER 17 U.S.C. § 101

67.     HALO hereby adopts and reavers each of the allegations contained in Paragraphs 1 through 66 above, inclusive.

68.     HALO has pending federal copyright applications for registration for each of the original ornamental designs for its Aviator Valkyrie Desk, Mars Chair, Aviator Tom Cat Chair, Blackhawk Coffee Table, Blackhawk Square Side Table, Blackhawk Chest, Stonyhurst Lamp Table, Ampleforth Chest, **Odeon™** Chandelier Medium, **Odeon™** Chandelier Small, **Odeon™** Table Lamp, Zig Zag Chandelier, Gyro Crystal Chandelier, Crystal Chandelier Large, Crystal Chandelier Small, Georgian Architectural Dining Table, Georgian Architectural Mirror, Globetrekker Coffee Table, **Odeon™** Rectangular Chandelier, Oviedo Chaise, Scaffolding Coffee Table, and Scaffolding Console Table (collectively, "HALO's Ornamental Designs"). (Ex. C.)  HALO's copyrights are valid and enforceable.

69.     CDI has had access to HALO's Ornamental Designs as soon as the designs were published by HALO through inclusion and/or display of the underlying products in retail stores, advertisements, showrooms, trade shows, and/or on the Internet, including but not limited to, their prominent display in its U.S. distributors' stores, catalogs, advertisements and websites.

70.     CDI has directly copied and/or materially derived HALO's Ornamental Designs for its infringing furniture products corresponding to HALO's Ornamental Designs.

71.     In copying HALO's Ornamental Designs, CDI has violated the copyright laws of the United States, under 17 U.S.C. § 101, et seq.

72.     CDI has knowingly and willfully infringed upon HALO's rights in and to its Ornamental Designs.

73.     By reason and as a direct result of these acts of copyright infringement by CDI, HALO has suffered great and irreparable damage, the full extent of which is currently unknown, while CDI positions itself for unjust enrichment at HALO's substantial expense.    HALO is suffering, and will continue to suffer, great and irreparable damage unless and until CDI is enjoined by this Court.

**COUNT IV:  TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
UNDER 15 U.S.C. § 1125(a)**

74.     HALO hereby adopts and reavers each of the allegations contained in Paragraphs 1 through 73 above, inclusive.

75.     HALO hereby charges CDI with federal trademark infringement and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

76.     HALO is the owner of all right, title, interest and goodwill in and to its unregistered **Odeon™** trademark associated with its **Odeon™** brand of lighting products. HALO's trademark rights are valid and enforceable.  HALO's distinctive **Odeon™** trademark

has acted and continues to act as a source indicator in the marketplace for HALO's lighting products. HALO's **Odeon**™ trademark is recognized by consumers among other things, as a result of the substantial effort of HALO, and its distributors, in marketing HALO's **Odeon**™ brand of lighting products in the United States.

77.     Having knowledge of these trademark rights, CDI has misappropriated HALO's distinctive **Odeon**™ trademark, by having marketed, advertised, showcased, displayed, offered for sale and/or sold the following CDI products:

>     (a)     1920's **Odeon** Glass Fringe 5-Ring Chandelier;
>
>     (b)     1920's **Odeon** Glass Fringe 3-Ring Chandelier;
>
>     (c)     1920's **Odeon** Glass Fringe Floor Lamp; and
>
>     (d)     1920's **Odeon** Glass Fringe Table Lamp.

78.     CDI has willfully infringed upon HALO's rights in and to its distinctive **Odeon**™ trademark used in association with certain of its lighting products asserted herein.

79.     By reason and as a direct result of these acts of unfair competition and trademark infringement by CDI, HALO has suffered great and irreparable damage, the full extent of which is currently unknown, while CDI is positioned for unjust enrichment on account of HALO's style, goodwill and reputation, at HALO's substantial expense. HALO will continue to suffer great and irreparable damage unless and until CDI is enjoined by this Court.

### COUNT V:  ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT UNDER 815 ILCS 505

80.     HALO hereby adopts and reavers each of the allegations contained in Paragraphs 1 through 79 above, inclusive.

81.     On information and belief, CDI's acts of copying each of HALO's products as described herein have been made with the intent of causing a likelihood of confusion, or of a misunderstanding as to the source, ownership and/or authorship of its furniture designs.

82.     CDI's acts constitute a violation of Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505.

83.     Upon information and belief, CDI has willfully engaged in the deceptive trade practices complained of herein.

84.     CDI's aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to HALO.

85.     CDI's statutory violations and other wrongful acts have injured and threaten to continue to injure HALO, including loss of customers, dilution of goodwill, confusion of existing and potential customers, injury to its reputation, and diminution in the value of its works.

86.     CDI has realized revenue and profits by virtue of its wrongful acts that it otherwise would not have obtained and to which it is not entitled.

87.     HALO has also been injured and will continue to incur attorneys' fees and costs in bringing the present action.

88.     HALO has no adequate remedy at law for the wrongful actions of CDI.

**COUNT VI:  ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT UNDER
815 ILCS 510**

89.     HALO hereby adopts and reavers each of the allegations contained in Paragraphs 1 through 88 above, inclusive.

90.     On information and belief, CDI's acts of copying each of HALO's products as described herein have been made with the intent of causing a likelihood of confusion, or of a misunderstanding as to the source, ownership and/or authorship of its furniture designs.

91.     CDI's acts constitute a violation of Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS 510.

92.     On information and belief, CDI has willfully engaged in the deceptive trade practices complained of herein.

93.     CDI's aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to HALO.

94.     CDI's statutory violations and other wrongful acts have injured and threaten to continue to injure HALO, including loss of customers, dilution of goodwill, confusion of existing and potential customers, injury to its reputation, and diminution in the value of its works.

95.     CDI has realized revenue and profits by virtue of its wrongful acts that it otherwise would not have obtained and to which it is not entitled.

96.     HALO has also been injured and will continue to incur attorneys' fees and costs in bringing the present action.

97.     HALO has no adequate remedy at law for the wrongful actions of CDI.

## PRAYER FOR RELIEF

Plaintiff HALO prays for the following relief:

A.     That this Court find CDI has infringed, contributorily infringed, and/or induced infringement of the claim the '526 Patent;

B.     That this Court find CDI has infringed, contributorily infringed, and/or induced infringement of the claim of the '100 Patent;

C.     That this Court find that HALO owns valid and enforceable copyrights rights in each of its Aviator Valkyrie Desk, Mars Chair, Aviator Tom Cat Chair, Blackhawk Coffee Table, Blackhawk Square Side Table, Blackhawk Chest, Stonyhurst Lamp Table, Ampleforth

Chest, **Odeon™** Chandelier Medium, **Odeon™** Chandelier Small, **Odeon™** Table Lamp, Zig

Zag Chandelier, Gyro Crystal Chandelier, Crystal Chandelier Large, Crystal Chandelier Small,

Georgian Architectural Dining Table, Georgian Architectural Mirror, Globetrekker Coffee Table,

**Odeon™** Rectangular Chandelier, Oviedo Chaise, Scaffolding Coffee Table, and Scaffolding

Console Table;

       D.      That this Court find that CDI has unlawfully, and without authorization, infringed

the copyrighted ornamental designs of HALO's Aviator Valkyrie Desk, Mars Chair, Aviator

Tom Cat Chair, Blackhawk Coffee Table, Blackhawk Square Side Table, Blackhawk Chest,

Stonyhurst Lamp Table, Ampleforth Chest, **Odeon™** Chandelier Medium, **Odeon™** Chandelier

Small, **Odeon™** Table Lamp, Zig Zag Chandelier, Gyro Crystal Chandelier, Crystal Chandelier

Large, Crystal Chandelier Small, Georgian Architectural Dining Table, Georgian Architectural

Mirror, Globetrekker Coffee Table, **Odeon™** Rectangular Chandelier, Oviedo Chaise,

Scaffolding Coffee Table, and Scaffolding Console Table;

       E.      That this Court find that HALO owns valid and enforceable trademark rights in its

**Odeon™** trademark;

       F.      That this Court find that CDI has unlawfully, and without authorization, infringed

upon HALO's **Odeon™** trademark, and engaged in unfair competition, both in violation of the

Lanham Act, 15 U.S.C. § 1125, *et seq.* and has done so willfully

       G.      That this Court find that CDI is in violation of Illinois' Consumer Fraud and

Deceptive Business Practices Act, 815 ILCS 505 and that the violation has been done so

willfully;

       H.      That this Court find that CDI is in violation of Illinois' Uniform Deceptive Trade

Practices Act, 815 ILCS 510 and that the violation has been done so willfully;

47

     I.     That CDI and its officers, agents, servants, employees, attorneys, and all other persons in active concert and/or participation with it who receive notice, be preliminarily and permanently enjoined and restrained from:

     i.     Infringement of HALO's '526 and '100 Patents;

     ii.     Infringement of HALO's copyrights;

     iii.     Infringement of HALO's **Odeon™** trademark;

     iv.     Engaging in consumer fraud and deceptive business practices;

     v.     Engaging in deceptive trade practices;

     vi.     Using, selling, distributing, importing, trading and/or otherwise dealing in any product incorporating any of HALO's original designs, and/or any material parts thereof;

     vii.     Displaying any product incorporating any of HALO's original designs or trademarks, and/or any material parts thereof, on its website or any website controlled by it, in association with the sale, distribution, import, trading and/or otherwise dealing in furniture or lighting products; and

     viii.     Using HALO's **Odeon™** trademark in United States commerce.

     J.     That, pursuant to 17 U.S.C. § 503, CDI be directed to deliver up to this Court for destruction or other reasonable disposition, as a part of a final judgment in favor of HALO, all copies claimed to have been made or used in violation of HALO's exclusive rights, and of all products, prints, advertisements, promotional materials, electronic media and/or other articles in its possession incorporating, bearing and/or exhibiting HALO's copyrighted designs, products derived therefrom, and all plates, molds, matrices, screens, or other means of making the same;

K.     That this Court award HALO all damages adequate to compensate for CDI's infringement of HALO's '526 and '100 Patents, and in no event less than a reasonable royalty for CDI's acts of infringement;

L.     That this Court award HALO all of CDI's profits resulting from its infringement of HALO's '526 and '100 Patents, pursuant to 35 U.S.C. § 289;

M.     That an accounting be held and judgment rendered for damages sustained by HALO on account of CDI's copyright infringement;

N.     That an accounting be held and judgment rendered for damages sustained by HALO on account of CDI's trademark infringement and unfair competition;

O.     That this Court assess pre-judgment and post-judgment interest against CDI for the amount awarded to HALO; and

P.     That this Court award reasonable attorney fees, taxable costs and such other and further relief to HALO as deemed just and lawful.

**JURY DEMAND**

HALO requests a trial by jury as to all issues triable to a jury.

Respectfully submitted,

HALO CREATIVE & DESIGN LIMITED,
HALO TRADEMARKS LIMITED and
HALO AMERICAS LIMITED

Dated: July 29, 2016      By:   /s/Richard D. Harris
                                    Richard D. Harris, Esq.
                                    Barry R. Horwitz, Esq.
                                    GREENBERG TRAURIG, LLP
                                    77 West Wacker Drive, Suite 3100
                                    Chicago, Illinois  60601
                                    Telephone:  312-456-8400
                                    Facsimile:  312-456-8435

                                    Counsel for Plaintiffs HALO CREATIVE &
                                    DESIGN LIMITED, HALO
                                    TRADEMARKS LIMITED and HALO
                                    AMERICAS LIMITED

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the date set forth below, I electronically filed the foregoing **FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of such filings to all counsel of record.


Dated:  July 29, 2016                          /s/Richard D. Harris_____