IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HALO CREATIVE & DESIGN LIMITED, a Hong Kong company, HALO TRADEMARKS LIMITED, a Hong Kong company and HALO AMERICAS LIMITED, a Hong Kong company,<br><br>Plaintiffs,<br><br>v.<br><br>COMPTOIR DES INDES INC., a Quebec corporation, CDI INTERNATIONAL, CDI FURNITURE, and DAVID OUAKNINE,<br><br>Defendants. | Case No. 14-cv-08196<br><br>Judge Harry D. Leinenweber<br><br>Magistrate Judge Susan E. Cox |

## COMPTOIR DES INDES, INC.'S MOTION TO DISMISS COUNTS III, V AND VI OF THE FIRST AMENDED COMPLAINT

Comptoir des Indes, Inc., d/b/a CDI International and CDI Furniture ("CDI"), by its attorneys, pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Court to dismiss Counts III, V and VI of the First Amended Complaint ("Amended Complaint") (ECF # 067). In support of this Motion, CDI states as follows:

1. Halo Creative & Design Limited, Halo Trademarks Limited and Halo Americas Limited (collectively, "Halo"), filed their Amended Complaint on July 29, 2016. [ECF # 067.] Count III alleges copyright infringement. [Id., p. 42.] Counts V and VI allege violations of the Illinois Consumer Fraud and Deceptive Business

1

Practices Act, 815 ILCS 505, and Deceptive Trade Practices Act, 815 ILCS 510, respectively. [Id. pp. 44, 45.]

2. Halo attached as Exhibit C to its Amended Complaint twenty-two applications filed with the United States Copyright Office to register works comprised of various ornamental furniture designs and ornamental lighting designs. [ECF # 067, p. 42, ¶ 68 and Exhibit C, pp. 982-1156.]

3. Halo filed its applications for copyright registration in either July 2014 or July 2016. [ECF # 067, p. 42, ¶ 68 and Exhibit C, pp. 982-1156.]

4. The Amended Complaint fails to allege that the Copyright Office has approved and registered the applications, or has rejected Halo's applications identified in its Amended Complaint.

5. Obtaining copyright registration, or a rejection of the applications from the Copyright Office is a prerequisite for Halo's ability to maintain an action for copyright infringement. *Gaiman v. McFarlane*, 360 F.3d 644, 655 (7th Cir. 2004); 17 U.S.C. §§ 411 and 412.

6. The Copyright Office identifies one registration to Halo. *See Exhibit 1 attached.* The fact that the Copyright Office has not approved Halo's remaining applications for close to 2 years suggests Halo may not be entitled to registration of the applied-for works.

7. Section 301(a) of the Copyright Act preempts Counts V and VI of Halo's Amended Complaint.

2

8. In further support of this Motion, CDI incorporates by reference its Memorandum in Support, filed contemporaneously herewith as if fully set forth herein.

WHEREFORE, CDI respectfully moves this Court to grant this motion, dismiss Counts III, V and VI of the Amended Complaint, and grant all other just and proper relief.

Dated: August 19, 2016

        Respectfully submitted,

/s/ *Alastair J. Warr*
FisherBroyles LLP
203 North LaSalle, Suite 2100
Chicago, IL 60601
Mailing Address: P.O. Box 666
Zionsville, IN 46077
Telephone: 317.407.5260
Email: alastair.warr@fisherbroyles.com

Bradley P. Nelson
FisherBroyles LLP
One North Franklin Street, Suite 3200
Chicago, IL 60606
Telephone: 312.300.4005
Email: brad.nelson@fisherbroyles.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

Bradley P. Nelson, an attorney, certifies that he caused the foregoing Notice of Motion and Motion to Dismiss Counts III, V, and VI of the First Amended Complaint to be filed with the Court's CM/ECF system this 19th day of August, 2016, which will cause it to be served on all counsel of record.

/s/ Bradley P. Nelson