IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HALO CREATIVE & DESIGN LIMITED, a Hong Kong company; HALO TRADEMARKS LIMITED, a Hong Kong company; and HALO AMERICAS LIMITED, a Hong Kong company,<br><br>    Plaintiffs,<br><br>v.<br><br>COMPTOIR DES INDES INC., a Quebec corporation; CDI INTERNATIONAL; CDI FURNITURE; and DAVID OUAKNINE,<br><br>    Defendants. | Case No. 14-cv-08196<br><br>Judge Harry D. Leinenweber<br><br>Magistrate Judge Susan E. Cox |

**COMPTOIR DES INDES, INC.'S MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS
<u>COUNTS III, V AND VI OF THE FIRST AMENDED COMPLAINT</u>**

INTRODUCTION

Halo Creative & Design Ltd., Halo Trademarks Ltd., and Halo Americas Ltd. (collectively "Halo") allege multiple claims against Comptoir des Indes, Inc., CDI International and CDI Furniture (collectively "CDI")[1] relating to several ornamental furniture and lighting designs. In terms of the number of products, the majority of Halo's claims involve allegations of copyright infringement. Halo attached to its First Amended Complaint ("Amended Complaint") twenty-two applications to register copyrights. Halo filed thirteen of the twenty-two

---

[1] CDI International and CDI Furniture are d/b/a's of Comptoir de Indes, Inc. [ECF # 67, ¶ 3.] As such, dismissal of the claims against the corporation would also dismiss the claims with respect to the two d/b/a's.

applications in July 2014, and filed the remaining copyright applications on July 18, 2016. The Amended Complaint alleges only that all twenty-two copyright applications are "pending," not that they have been approved or rejected by the Copyright Office. Seventh Circuit precedent holds that a copyright registration is a prerequisite to a suit to enforce a copyright. An application to register must be filed, and either granted or refused, before suit can be brought. *Gaiman v. McFarlane*, 360 F.3d 644, 655 (7th Cir. 2004); 17 U.S.C. § 411(a). For that reason, Count III of Halo's Amended Complaint should be dismissed.

The Court should also dismiss Counts V and VI, which purport to state claims under the Illinois Consumer Fraud and Deceptive Trade Practices Acts, on the grounds that the Copyright Act, 17 U.S.C. § 301(a), preempts such claims. Halo predicates both counts on CDI's alleged copying of the designs identified in its copyright applications. The Copyright Act preempts such state law claims, and Counts V and VI of Halo's Amended Complaint should be dismissed, with prejudice.

## STATEMENT OF FACTS

Halo filed the Amended Complaint on July 29, 2016. [ECF # 67.] Halo attached as Exhibit C to its Amended Complaint twenty-two copyright applications to register works comprised of various ornamental furniture and lighting designs. [ECF # 67, p. 42, ¶ 68 and Exhibit C, pp. 982-1156.] Halo's applications for copyright registration were filed in either July 2014 or July 2016. [*Id.*] The Amended Complaint alleges all twenty-two of the copyright applications are "pending federal copyright applications." [ECF # 67, ¶¶ 16 & 68.] Count III of the Amended Complaint alleges copyright infringement, but it does not allege that the

2

Copyright Office has accepted or rejected Halo's pending applications. [ECF # 67, ¶¶ 67-73.]

The following **Table 1** summarizes the applications in Exhibit C to the Amended Complaint.

| Title | Nature of the Work | Filing Date |
|---|---|---|
| Aviator Valkyrie Desk | Ornamental Furniture Design | July 9, 2014 |
| Mars Chair | Ornamental Furniture Design | July 9, 2014 |
| Aviator Tom Cat Chair | Ornamental Furniture Design | July 23, 2014 |
| Blackhawk Coffee Table | Ornamental Furniture Design | July 23, 2014 |
| Blackhawk Square Coffee Table | Ornamental Furniture Design | July 23, 2014 |
| Blackhawk Chest | Ornamental Furniture Design | July 23, 2014 |
| Stonyhurst Lamp Table | Ornamental Furniture Design | July 23, 2014 |
| Ampleforth Chest | Ornamental Furniture Design | July 23, 2014 |
| Odeon Chandelier Medium | Ornamental Lighted Design | July 23, 2014 |
| Odeon Chandelier Small | Ornamental Lighted Design | July 23, 2014 |
| Odeon Table Lamp | Ornamental Lighted Design | July 23, 2014 |
| Zig Zag Chandelier | Ornamental Lighted Design | July 23, 2014 |
| Gyro Crystal Chandelier | Ornamental Lighted Design | July 23, 2014 |
| Crystal Chandelier Large | Ornamental Lighted Design | July 18, 2016 |
| Crystal Chandelier Small | Ornamental Lighted Design | July 18, 2016 |
| Georgian Architectural Dining Table | Ornamental Furniture Design | July 18, 2016 |

| Title | Nature of the Work | Filing Date |
|---|---|---|
| Georgian Architectural Mirror | Ornamental Furniture Design | July 18, 2016 |
| Globetrotter Coffee Table | Ornamental Furniture Design | July 18, 2016 |
| Odeon Rectangular Chandelier | Ornamental Lighting Design | July 18, 2016 |
| Oviedo Chaise | Ornamental Furniture Design | July 18, 2016 |
| Scaffolding Coffee Table | Ornamental Furniture Design | July 18, 2016 |
| Scaffolding Console Table | Ornamental Furniture Design | July 18, 2016 |

**Table 1**

Upon information and belief, the Copyright Office has approved and registered only one of the twenty-two designs identified in Halo's Amended Complaint. The Copyright Office database shows one approved registration titled "Aviator Valkyrie desk & other title." *See Exhibit 1 attached to CDI's Motion to Dismiss.* Halo filed the application for this registration V9914D801 on July 28, 2014, and the Copyright Office approved it about one month later on August 20, 2014. *Id.* CDI has found no other registration belonging to Halo in the United States on the U.S. Copyright Office's searchable database.

Counts V and VI of the Amended Complaint allege violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, and the Illinois Deceptive Trade Practices Act, 810 ILCS 510, respectively. [ECF # 67, pp. 44 & 45.] As to Count V, Halo alleges "CDI's acts of copying each of HALO's products as described herein have been made with the intent of causing a likelihood of confusion, or of a misunderstanding as to the source, ownership and/or

4

authorship of its furniture designs." [Id. at ¶ 81.] In Count VI, Hallo alleges "CDI's acts of copying each of HALO's products as described herein have been made with the intent of causing a likelihood of confusion, or of a misunderstanding as to the source, ownership and/or authorship of its furniture designs." [Id. at ¶ 90.]

## ARGUMENT

### A.  Legal standards for motions to dismiss.

A motion to dismiss for failure to state a claim challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's allegations must raise its "right to relief above the speculative level." *Id.* at 555 (citation omitted). "Dismissal is proper if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support [its] claim for relief." *Wilson v. Price*, 624 F.3d 389, 392 (7th Cir. 2010) (quoting *Kennedy v. Nat'l Juvenile Pet. Ass'n*, 187 F.3d 690, 694 (7th Cir. 1999)). "Finally, a complaint must allege facts bearing on all material elements 'necessary to sustain a recovery under some viable legal theory.'" *Looper Maint. Serv. Inc. v. City of Indianapolis*, 197 F.3d 908, 911 (7th Cir. 1999) (quoting *Herdrich v. Pegram*, 154 F.3d 362, 369 (7th Cir. 1998)).

### B.  Count III of the Amended Complaint fails to state a claim for copyright infringement.

To state a claim for copyright infringement, Halo must allege: (1) ownership of the copyright; (2) copyright registration (unless the plaintiff attempted to register the work and registration was refused); and (3) infringement. *Mid Am. Title Co. v.*

*Kirk,* 991 F.2d 417, 421 n. 8 (7th Cir. 1993); *Villa v. Pearson Educ., Inc.,* 69 U.S.P.Q.2d 1411, 2003 U.S. Dist. LEXIS 24686 *4 (N.D. Ill. Dec. 8, 2003) (citing *Sweet v. City of Chi.,* 953 F. Supp. 225, 227 (N.D. Ill. 1996)); *see also Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 163-169 (2010) (holding the copyright registration requirement, 17 U.S.C. § 411(a), with limited exceptions, is a "precondition to filing suit," an element of a copyright infringement claim).

"[A]n application to register must be filed, and either granted or refused, before [a copyright enforcement] suit can be brought." *Gaiman v. McFarlane*, 360 F.3d 644, 655 (7th Cir. 2004). "The mere filing of an application for copyright registration does not satisfy the statutory requirement that a copyright must be registered prior to the initiation of an infringement action." *TriTeq Lock & Sec. LLC v. Innovative Secured Solutions, LLC*, No. 10-cv-1304, 2012 U.S. Dist. LEXIS 14147, *11 (N.D. Ill. Feb. 1, 2012); *accord Poblocki Paving Corp. v. Johnson & Sons Paving, LLC*, 2016 U.S. Dist. LEXIS 55968, *6 (E.D. Wis. April 27, 2016) ("A plaintiff claiming copyright infringement must register their copyright prior to initiating litigation.") Section 411(a) of the Copyright Act makes this clear, stating "[n]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made." 17 U.S.C. § 411(a).

Count III alleges infringement of 22 copyrights allegedly owned by Halo, but alleges only that the copyrights are based on "pending federal copyright applications," copies of which are attached to the Amended Complaint. Halo has

6

alleged neither copyright registration, nor that the applications have been rejected, nor that any other exception applies. The mere filing of an application for copyright registration does not satisfy the statutory requirement that a copyright must be registered (or refused) prior to the initiation of an infringement action. 17 U.S.C. § 411(b)(1) ("A certificate of registration satisfies the requirements of this section"). Halo has not plead registration or rejection of its applications, which is a prerequisite to its ability to file suit.

"Satisfaction of the § 411 condition while the suit is pending does not avoid the need to start anew." *Brooks-Ngwenya v. Thompson*, 202 F. App'x 125, 127 (7th Cir. 2006) (citations omitted). Because Halo failed to satisfy the registration or rejection requirement prior to filing its copyright infringement claim, Count III should be dismissed without prejudice. *See id.* ("If the condition can be satisfied while time remains in the statute of limitations, then a new suit may be filed and resolved on the merits.").

### C. The Copyright Act preempts the state law claims in Counts V and VI.

Section 301(a) of the Copyright Act preempts the state law claims in Counts V and VI of Halo's Amended Complaint. All state law rights that are "equivalent to any of the exclusive rights within the general scope of copyright" under 17 U.S.C. §106, in "works of authorship that are fixed in tangible medium of expression and come within the subject matter of copyright" under 17 U.S.C. §§ 102 and 103, are preempted. 17 U.S.C. § 301(a). A state law right is preempted under this section if: (1) the work in which the right is asserted is fixed in tangible form and comes within the "subject matter" of copyright as specified in §§ 102 and 103; and (2) the

7

right is equivalent to any of the rights specified in § 106. *Baltimore Orioles, Inc. v. Major League Baseball Players Assoc.*, 805 F.2d 663, 674 (7th Cir. 1986). Both conditions are met here.

Halo's state law claims (Counts V and VI) are based on the alleged copying and misappropriation of Halo's allegedly proprietary designs. [ECF # 67, ¶ 81 ("On information and belief, CDI's acts of copying each of HALO's products as described herein have been made with the intent of causing a likelihood of confusion, or of a misunderstanding as to the source, ownership and/or authorship of its furniture designs.") and ¶ 90 ("On information and belief, CDI's acts of copying each of HALO's products as described herein have been made with the intent of causing a likelihood of confusion, or of a misunderstanding as to the source, ownership and/or authorship of its furniture designs.").] The Amended Complaint itself alleges that the ornamental designs which are the subject of Halo's state law claims come within the subject matter of copyright in that Halo has applied for copyright protection for those designs. Whether all or only some of the designs were actually copyrighted is immaterial for preemption purposes. *Toney v. L'Oreal U.S.A. Inc.*, 406 F.3d 905, 907-8 (7th Cir. 2005) (state laws that intrude on the domain of copyright are preempted even if the particular expression is neither copyrighted nor copyrightable). Because CDI's alleged furniture and lighting designs fall squarely within the subject matter of the Copyright Act, the first test for preemption is satisfied.

The second test for preemption is also met because the Amended Complaint asserts rights that are "equivalent to" the rights specified in Section 106: reproduction, derivation, display, and distribution. 17 U.S.C. § 106. The Amended Complaint alleges throughout that CDI copied, displayed, and distributed Halo's furniture and lighting designs. [ECF # 67, ¶¶ 20-54, 81, 90.] These claims equate to the rights vested under the Copyright Act and are preempted. *The Higher Gear Group, Inc. v. Rockenbach Chevrolet Sales, Inc.*, 223 F. Supp. 2d 953, 957 (N.D. Ill. 2002) (state right is "equivalent" to rights under copyright law if it is violated by the exercise of any of the rights set forth in § 106, including the right to distribute or display copyrighted material); *Excel Homes, Inc. v. Locricchio,* 7 F. Supp. 3d 706 (E.D. Mich. 2014) (dismissing state law unfair trade practices, unfair competition, consumer protection act, and civil conspiracy claims where plaintiff's injury derived from defendants' alleged copying of plaintiff's copyrighted drawings). Thus, the second condition for preemption is also met. Counts V and VI are preempted, and should be dismissed with prejudice.

## CONCLUSION

Obtaining copyright registration or a rejection from the Copyright Office is a prerequisite for Halo's ability to maintain this litigation. *Gaiman,* 360 F.3d at 655; 17 U.S.C. §§ 411 and 412. Halo does not allege that it has received copyright registrations or rejections from the Copyright Office, and the Court should dismiss Count III for copyright infringement on that basis. Counts V and VI allege state law claims that the Copyright Act preempts. The Court should dismiss Counts V and VI on such preemption grounds, with prejudice.

9

Dated: August 19, 2016

        Respectfully submitted,

        FISHERBROYLES LLP

        */s/ Alastair J. Warr*
        FisherBroyles LLP
        203 North LaSalle, Suite 2100
        Chicago, IL 60601
        Mailing Address: P.O. Box 666
        Zionsville, IN 46077
        317.407.5260
        alastair.warr@fisherbroyles.com

        Bradley P. Nelson
        FisherBroyles LLP
        One North Franklin Street, Suite 3200
        Chicago, IL 60606
        312.300.4005
        brad.nelson@fisherbroyles.com

        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

Bradley P. Nelson, an attorney, certifies that he caused a copy of the foregoing document to be filed with the Court's CM/ECF system this 19th day of August, 2016, which will cause it be served on all counsel of record.

/s/ Bradley P. Nelson