1

```
1                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF ILLINOIS
2                              EASTERN DIVISION

3    HALO CREATIVE & DESIGN LIMITED, )
     et al.,                         )
4                                    )
                  Plaintiffs,        )
5                                    )
                  v.                 )   No. 14 CV 08196
6                                    )
     COMPTOIR DES INDES INC., et al.,)   Chicago, Illinois
7                                    )   August 25, 2016
                  Defendants.        )   9:36 a.m.
8
                        TRANSCRIPT OF PROCEEDINGS
9
               BEFORE THE HONORABLE HARRY D. LEINENWEBER
10
     APPEARANCES:
11
     For the Plaintiffs:          GREENBERG TRAURIG, LLP
12                                BY:  MR. RICHARD D. HARRIS
                                       MR. BARRY R. HORWITZ
13                                77 West Wacker Drive, Suite 3100
                                  Chicago, Illinois 60601
14                                (312) 456-8400
                                  harrisr@gtlaw.com
15                                horwitzb@gtlaw.com

16   For the Defendants:          FISHER BROYLES, LLP
                                  BY:  MR. BRADLEY P. NELSON
17                                One North Franklin Street
                                  Suite 3200
18                                Chicago, Illinois 60606
                                  (312) 300-4005
19                                brad.nelson@fisherbroyles.com

20

21   Court Reporter:             Judith A. Walsh, CSR, RDR, F/CRR
                                 Official Court Reporter
22                               219 South Dearborn Street, Room 1944
                                 Chicago, Illinois 60604
23                               (312) 702-8865
                                 judith_walsh@ilnd.uscourts.gov
24

25
```

1     (Proceedings heard in open court:)

2          THE CLERK:  14 C 8196, Halo versus Comptoir.

3          MR. NELSON:  Good morning, your Honor.  Brad Nelson

4     on behalf of the defendants.

5          MR. HARRIS:  Good morning, your Honor.  Richard

6     Harris, H-a-r-r-i-s, and Barry Horwitz, H-o-r-w-i-t-z, on

7     behalf of plaintiff, Halo.

8          THE COURT:  This is a motion.  Fortunately, it's not

9     in French.

10         MR. HARRIS:  You remember this case, your Honor.

11         THE COURT:  Let's see.  You're not seeking to dismiss

12    the entire --

13         MR. NELSON:  No, your Honor.  We are -- well, on

14    behalf of Mr. Quaknine, personally he filed a motion to

15    dismiss for lack of personal jurisdiction, so that would be a

16    complete dismissal with respect to him.

17         CDI, the corporate defendant, filed motions to

18    dismiss Counts 3, 5, and 6, and we answered the other Counts

19    1, 2, and 4.  And we filed a motion to enlarge the time to

20    respond to discovery in part.  And the basis for that is two

21    things.  One, on behalf of Mr. Quaknine personally since he

22    moved to dismiss for lack of personal jurisdiction, we think

23    that he should not be required to participate in discovery

24    until that motion is decided.

25         And then secondly, on behalf of the corporate

1  defendant CDI, we filed a motion to postpone discovery with

2  respect to the products, the accused products that are the

3  subject of our motion to dismiss.  The complaint, Counts 1, 2,

4  and 4 which we answered, have patent and trademark claims

5  against seven accused products.  And we answered, and we're

6  perfectly happy to go ahead with discovery on those seven

7  accused products, but Counts 3, 5, and 6 concern about 28

8  other products that are only accused of violating their

9  copyrights.

10        We moved to dismiss the copyright claim in Counts 5

11  and 6 which are the state law claims on the grounds that they

12  are preempted by the copyright act.  And so what we're asking

13  is that discovery with respect to those 28 accused products

14  that are the subject of our motion to dismiss be postponed

15  until after your Honor rules on the motion to dismiss.

16        THE COURT:  1, 2, and 4 are what; design patents?

17        MR. NELSON:  There's two design patents in Counts 1

18  and 2, and then Count 4 is a trademark claim I think involving

19  three other involveds.

20        THE COURT:  3, 5, and 6 are state copyright?

21        MR. NELSON:  No.  Count 3 is a federal copyright

22  claim.  Count 4 is a claim under the Illinois Consumer Fraud

23  and Deceptive Business Practices Act, and Count 6 is a claim

24  under the Illinois Deceptive Business Practices Act.

25        THE COURT:  What's the basis of dismissing Count 3?

1    MR. NELSON:  Count 3, on the grounds that they allege
2    that they have 22 copyright applications that are pending but
3    they haven't been granted or rejected by the copyright office.
4    And under the Seventh Circuit precedent which we cite in our
5    brief, the copyright claims can't be filed in the court until
6    the copyright office either grants the applications or rejects
7    them.
8    THE COURT:  Mr. Harris, you're not satisfied with
9    just three counts, you want six?
10   MR. HARRIS:  We want them all, your Honor.  And in
11   fact, we've wanted them all for a long, long time.  Your
12   Honor, this case is going on two years.
13   THE COURT:  In front of me?
14   MR. HARRIS:  In terms of its life.  This is not a
15   recent case.  This case was filed back in October of 2014.
16   The Court may recall that this case, upon other motions that
17   were brought by defendant, ended up going to the CAFC and
18   ended up getting returned to this court.
19   THE COURT:  Okay.  I haven't been delaying it then.
20   MR. NELSON:  No.
21   MR. HARRIS:  You have not, your Honor.  Someone else
22   has on that count.  Now, with regard --
23   MR. NELSON:  The CAFC, Judge.
24   MR. HARRIS:  Sure, it was the CAFC.
25   Your Honor, in fact, it's a continuing effort by CDI

1    and Mr. Quaknine to basically evade liability in this case and

2    to avoid discovery.  There's no coincidence at all, your

3    Honor, that their discovery on all these particular items are

4    due -- their documents and responses to interrogatories are

5    due, I believe, September 5th.  Here we are just before

6    discovery is due in a two-year-old case.

7         The case does involve, as mentioned, two patents, one

8    trademark, and 22 copyrights.  This, your Honor, this circuit,

9    the Seventh Circuit, is an application circuit, as they say,

10   when it comes to copyright.  If you file an application, the

11   court has jurisdiction to hear it.

12        It is perfectly fine, perfectly normal and, in fact,

13   with regard to what defendants say now, two years later with

14   regard to the copyrights, they say that they found the Seventh

15   Circuit case with some dicta and they're going to throw that

16   at the court, and they found one readily distinguishable case

17   where copyright was brought in for the first time.

18        THE COURT:  If this case was pending for two years,

19   why is -- why are the applications for copyright still

20   pending?

21        MR. HARRIS:  That's how long it takes.  You go back

22   and forth with the copyright office just like you do with the

23   patent office these days.  And just a normal copyright takes

24   at least eight to ten, eight to 12 months.  If you go back and

25   forth with the copyright office, it can take well over a year

1  and a half, two years.  And that's what's happened here.

2         Now, some of the more recent ones were filed within

3  just the last month or two, the ones when the complaint was

4  amended.  But we have a dozen cases.  The law is clear.  The

5  Seventh Circuit is an application circuit.  There is one item

6  of dicta in a Seventh Circuit case.

7         And by the way, there's one case where it was

8  actually done but that's because the copyright application was

9  filed a year after the original complaint.

10        THE COURT:  Who said -- whose dicta was it?

11        MR. HARRIS:  Judge Posner.

12        MR. NELSON:  Judge, and it's not dicta.  In the

13 Gaiman case, 360 F.3d 644, 655 --

14        THE COURT:  Well, are you going to file a response?

15        MR. HARRIS:  Your Honor, we could, but I do have to

16 tell you that the case law is in our favor.  They want to --

17        THE COURT:  I haven't read it.

18        MR. HARRIS:  Okay.  Well, we'll get that before the

19 Court.  But with regard to another motion, with regard to

20 Mr. Quaknine, we are told that our allegation that he owns the

21 website for which all these things are sold is simply not

22 true.  It's controlled by the company, not Mr. Quaknine.

23        Apparently, defendants -- oh, they also mentioned

24 that Mr. Quaknine in a sworn declaration says he's never come

25 to the United States to sell CDI's products, never.

1    Apparently, defendants are not aware of the thing called the

2    internet as well as the fact that what happens in Vegas no

3    longer stays in Vegas.

4         Your Honor, you can check the internet.  The

5    ownership of the website is clear.  We have a dozen pictures

6    of Mr. Quaknine in his showroom in Las Vegas.  We've got

7    another dozen pictures of Mr. Quaknine in High Point, North

8    Carolina, with a bevy of attractive salespeople surrounding

9    him to sell the goods.  And my favorite is actual pictures of

10   Mr. Quaknine's airline tickets and passport to Greensboro,

11   North Carolina, to attend the show, but he's never been there.

12        MR. NELSON:  Your Honor, that's mischaracterizing his

13   affidavit and our motion.  And our motion cites the fiduciary

14   shield doctrine and says that Mr. Quaknine, to the extent that

15   he's traveled here for trade shows and other things, has been

16   as an officer and employee of the company, not personally.

17        And under the fiduciary shield doctrine, he's not

18   subject to personal jurisdiction if he's working on behalf of

19   the company.  And that's clear in our motion.  Mr. Quaknine's

20   declaration does not misrepresent any of those facts.

21        THE COURT:  Well, I'm going to have to read what you

22   filed and what you're about to file.  How much time do you

23   want?

24        MR. HARRIS:  Your Honor, we're going to be out of

25   town on business next week, and with the holiday coming up, we

1    would like until, I believe, the week of the -- sometime

2    during the week of the 12th of September.

3           THE COURT:  September 12th.

4           MR. HARRIS:  September 12th, 13th, something like

5    that.

6           THE CLERK:  16th.

7           THE COURT:  15th?

8           THE CLERK:  16th.

9           THE COURT:  Reply, seven days.

10           MR. NELSON:  If we could have 14, Judge.

11           THE COURT:  All right.  That would be the 29th.

12           MR. HARRIS:  Your Honor, with regard to the stay on

13    discovery, I have to tell you, we were given numbers as part

14    of -- the Court had mentioned, as it frequently does, that the

15    parties should talk to one another.

16           THE COURT:  Right.

17           MR. HARRIS:  There was an exchange of preliminary

18    numbers, now all -- including numbers on the copyrighted

19    products, on the products that are subject to the copyright

20    counts.  There was an exchange of numbers.  And we've asked

21    that we get discovery so that we can now verify the accuracy

22    of those numbers.  There's been a request to the Court to stay

23    discovery until after all this, all these motions and

24    everything.  We want that discovery.

25           THE COURT:  Well, why wouldn't -- since you've

1    answered some, let's proceed with discovery.

2            MR. NELSON:  Well, Judge, that's what our motion

3    says.  We're happy to proceed with discovery on the seven

4    products that are accused in Counts 1, 2, and 4, and we're

5    perfectly satisfied to do that.  The only objection we have is

6    having to proceed with discovery on all these 28 other

7    products that are -- that we believe are going to be out of

8    the lawsuit.

9            THE COURT:  Let's put it this way.  I'll endeavor to

10   rule, say, towards the end of October on the motions.

11           THE CLERK:  October 27th at 9:00.

12           THE COURT:  So there should be enough work for you on

13   the ones where they're agreed to until then.

14           MR. HARRIS:  Well, your Honor, the point is, is that

15   all of these numbers come out of the same computer, from the

16   same database.  At the very minimum, we would like the sales

17   numbers just to be able to verify that the numbers they gave

18   us during the settlement talks --

19           THE COURT:  All right.

20           MR. HARRIS:  -- are even close to reality.

21           THE COURT:  You already gave him the information.

22   Just give him the -- verify it.

23           MR. NELSON:  Verify the numbers that we gave him in

24   the settlement discussions?

25           THE COURT:  Yes.

1        MR. HARRIS:  Verify what actually the numbers are

2   regardless of what you told us in settlement.  With documents

3   and numbers off that computer, we want to know what they sold

4   at a very minimum.

5        THE COURT:  All right.  Very good.

6        MR. HARRIS:  Thank you, your Honor.

7        MR. NELSON:  Thank you, your Honor.

8      (Proceedings adjourned at 9:48 a.m.)

9                    *  *  *  *  *  *  *

10                 C E R T I F I C A T E

11        I, Judith A. Walsh, do hereby certify that the

12   foregoing is a complete, true, and accurate transcript of the

13   proceedings had in the above-entitled case before the

14   Honorable HARRY D. LEINENWEBER, one of the judges of said

15   Court, at Chicago, Illinois, on August 25, 2016.

16

17   /s/ Judith A. Walsh, CSR, RDR, F/CRR      September 6, 2016

18   Official Court Reporter

19   United States District Court

20   Northern District of Illinois

21   Eastern Division

22

23

24

25