**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HALO CREATIVE & DESIGN LIMITED, a Hong Kong company, HALO TRADEMARKS LIMITED, a Hong Kong company and HALO AMERICAS LIMITED, a Hong Kong company, | ) ) ) ) ) | |
| *Plaintiffs and Counter-Defendants* | ) ) | Civil Action No. 1:14-cv-08196 |
| v. | ) ) | Judge Harry D. Leinenweber |
| COMPTOIR DES INDES INC., a Quebec corporation, CDI INTERNATIONAL, and CDI FURNITURE, | ) ) ) ) | Magistrate Judge Susan E. Cox |
| *Defendants and One Counter-Plaintiff.* | ) | |

**PROPOSED JURY INSTRUCTIONS**

The parties hereby submit the following proposed jury instructions. As noted in the Pretrial Order (Dkt. No. 178), the jury instructions are submitted in "redline" format: Text that is displayed in black in these instructions has been agreed upon by the parties. If all of the text in a given instruction is black, that is an "Agreed Instruction." Otherwise, the "original" version of the jury instruction is the one proposed by Plaintiffs, whereas line-edit deletions and additions to that instruction are proposed by Defendants—rendering such an instruction a "Disputed Instruction." In certain cases, one party has proposed an instruction that the other party wishes to delete in its entirety; for those cases, the instruction is referred to by the name of the party that proposed it.

The parties have identified their objections and explanations for their proposed revisions where applicable.

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

You have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them, and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

Each of the instructions is important, and you must follow all of them.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.


Agreed Instruction No. 1
Seventh Circuit Pattern Jury Instructions 1.01, 1.03 (2017 rev) (modified).

\_\_\_\_ Accepted
\_\_\_\_ Rejected
\_\_\_\_ Modified

**OBJECTION:**

2

## No Inference From Judge's Questions

During this trial, I may have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.


Agreed Instruction No. 2
Seventh Circuit Pattern Jury Instructions 1.02 (2017 rev) (modified).

\_\_\_\_ Accepted
\_\_\_\_ Rejected
\_\_\_\_ Modified

## **OBJECTION:**

## **All Litigants Equal Before the Law**

      In this case, the parties are corporations.  All parties are equal before the law.  A

corporation is entitled to the same fair consideration that you would give any individual person.


Agreed Instruction No. 3
Seventh Circuit Pattern Jury Instructions 1.03 (2017 rev) (modified).

\_\_\_\_\_  Accepted
\_\_\_\_\_  Rejected
\_\_\_\_\_  Modified

## **OBJECTION:**

## Evidence

In your deliberations you should consider only the evidence that I have admitted in the record, that is, the testimony of the witnesses, the exhibits and the stipulations. A stipulation is an agreement between parties that certain facts are true.

Certain things are not considered evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside of the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Agreed Instruction No. 4
Seventh Circuit Pattern Jury Instructions 1.04, 1.06, 1.07 (2017 rev) (modified).
_____ Accepted
_____ Rejected
_____ Modified

## OBJECTION:

**Consideration of Evidence**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question, regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Agreed Instruction No. 5
Seventh Circuit Pattern Jury Instructions 1.08, 1.11, 1.12 (2017 rev) (modified).
_____ Accepted
_____ Rejected
_____ Modified

**OBJECTION:**

6

### Credibility of Witnesses

Now, in saying you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You must decide whether the testimony of each witness is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you can give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things: the ability and opportunity the witness had to see, hear, or know the things that the witness testified about; the witness's memory; any interest, bias, or prejudice the witness may have; ~~whether any of the witness's testimony has been impeached;~~ the witness's intelligence; the manner and demeanor of the witness while testifying; and the reasonableness of the witness's testimony in light of all the evidence in the case.

Disputed Instruction No. 6
Seventh Circuit Pattern Jury Instructions 1.13 (2017 rev) (modified).
\_\_\_\_ Accepted
\_\_\_\_ Rejected
\_\_\_\_ Modified

**<u>OBJECTION</u>:** CDI has deleted and objects to Halo's addition of the wording "whether any of the witness's testimony has been impeached," because that wording is not in the pattern instruction, and the concept of impeachment is covered in the next instruction.

Halo believes it provides clarity to mention impeachment in this instruction, as "whether a witness's testimony has been impeached" is a valid consideration when determining the credibility of a witness.

**<u>Impeachment of Witnesses – Prior Inconsistent Statements</u>**

You may consider statements given by witnesses before trial as evidence of the truth of what the witness said in the earlier statements, as well as in deciding what weight to give the witness's testimony during the trial.

With respect to other witnesses, the law is different. If you decide that, before the trial one of these witnesses made a statement not under oath that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. <u>You need not accept the testimony of the larger number of witnesses.</u>

Disputed Instruction No. 7
Seventh Circuit Pattern Jury Instructions 1.14, 1.17 (2017 rev) (modified).
_____ Accepted
_____ Rejected
_____ Modified

**<u>OBJECTION</u>:** CDI has added the last sentence, which is taken from Pattern Jury Instructions 1.17.

Halo objects to that line and considers it unnecessary, as it is cumulative of and implied by the immediately preceding sentence.

**Expert Witnesses**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

You have heard Mr. Michael Pakter and Ms. Carrie Distler give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witnesses.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Agreed Instruction No. 8
Seventh Circuit Pattern Jury Instructions 1.21 (2017 rev) (modified); Fed. R. Evid. 602, 701-705.

\_\_\_\_ Accepted
\_\_\_\_ Rejected
\_\_\_\_ Modified

**OBJECTION:**

**Burden Of Proof**

Each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence."

When I say a particular party must prove something by a "preponderance of the evidence," or when I use the expressions "if you find," or "if you decide," this is what I mean: Under a preponderance of the evidence standard, when you have considered all of the evidence in the case, you must be persuaded that the fact to be proven is more probably true than not true.

Agreed Instruction No. 9
Seventh Circuit Pattern Jury Instructions 1.27 (2017 rev) (modified).

\_\_\_\_ Accepted
\_\_\_\_ Rejected
\_\_\_\_ Modified

**OBJECTION:**

**Stipulations of Fact**

The parties have stipulated and agreed that Halo's asserted trademark and Halo's asserted design patents are valid and enforceable. The parties have also stipulated and agreed that certain of CDI's products infringe Halo's asserted design patents and Halo's asserted trademark, as discussed below. You must now treat those facts as having been proved for the purpose of this case.

Agreed Instruction No. 10
Seventh Circuit Pattern Jury Instructions 2.05 (2017 rev) (modified).

_____ Accepted
_____ Rejected
_____ Modified

**OBJECTION:**

**Patent – Nature of Case**

In part, this is a design patent case. It involves U.S. Design Patent No. D655,526 S, entitled "Armchair" and U.S. Design Patent No. D655,100 S, entitled "Seating Furniture." Patents are often referred to by their last three digits. I will call the patent[s] in this case the '526 Patent and the '100 Patent.

Plaintiff Halo contends that Defendant CDI infringed the design patents by selling certain furniture products. Specifically, Halo contends that CDI infringed the '526 patent through sales of CDI's Vintage Leather Chair and Aero Design Chair. Halo also contends that CDI infringed the '100 patent through sales of CDI's Eaton 1-Seater and Eaton 3-Seater sofas. Halo further contends that they are entitled to recover damages caused by that infringement, and that CDI's infringement was willful.

CDI has already admitted that Halo's two design patents are both valid and enforceable. CDI has also admitted that sales of its Vintage Leather Chair and Aero Design Chair have infringed Halo's '526 patent, and that CDI's sales of its Eaton 1-Seater and Eaton 3-Seater have infringed Halo' 100 patent. CDI contends its infringement was not willful and that it stipulated to infringement because the costs of defense exceeded its assessment of Halo's damages.

Disputed Instruction No. 11
Seventh Circuit Pattern Jury Instructions 11.1.1 (2008 rev) (modified).

\_\_\_\_\_ Accepted
\_\_\_\_\_ Rejected
\_\_\_\_\_ Modified

**OBJECTION:** Halo objects to CDI's addition of the last sentence, for which it cites no authority. Halo accepts informing the jury that "CDI contends its infringement was not willful," but Halo objects to CDI's desire to explain the reasoning for its stipulation. The jury need not know CDI's purported reason for the stipulation to accept it as fact.

**Willful Patent Infringement**

Halo contends that CDI infringed Halo's patents willfully. To prove willful infringement, Halo must prove by clear and convincing evidence that CDI knew it was highly likely that its actions constituted infringement of a valid patent, and it either knew of this high likelihood, or it was so apparent that CDI should have known. CDI contends its infringement was not willful and that it did not know its actions constituted infringement.

"Clear and convincing" evidence means evidence that convinces you that it is highly probable that the particular proposition is true. This is a more demanding burden than the "preponderance of the evidence" requirement that applies to infringement generally, but not as demanding a burden as the "beyond a reasonable doubt" requirement used in criminal cases.

At the conclusion of the case, I will explain in more detail how you are to decide the issue of willful infringement.


Agreed Instruction No. 12
Seventh Circuit Pattern Jury Instructions 11.4.10 (2008 rev) (modified).

\_\_\_\_ Accepted
\_\_\_\_ Rejected
\_\_\_\_ Modified

**OBJECTION:**

## **Patent Damages: Plaintiff's Lost Profits**

Since CDI has admitted that its sales of certain accused products have infringed the '526 Patent and '100 Patent, you must consider what amount of damages to award to Plaintiff Halo. Halo must prove its patent infringement damages by a preponderance of the evidence. The patent damages you award are intended to compensate Halo, not to punish CDI.

Halo may be entitled to recover its lost profits. Lost profits consist of any actual reduction in business profits Halo suffered as a result of CDI's infringement.

To recover lost profits, Halo must prove three things:

1. A reasonable probability that, if CDI had not infringed, Halo would have made additional sales of the patented product that CDI made.

2. The amount of profit Halo would have made on those sales, though Halo does not need to prove this amount with precision.

3. CDI reasonably should have foreseen that Halo would have lost profits.

Agreed Instruction No. 13
Seventh Circuit Pattern Jury Instructions 11.4.1-4.3 (2008 rev) (modified).

_____ Accepted
_____ Rejected
_____ Modified

## **OBJECTION:**

**Patent Damages: Plaintiff's Lost Profits – *Panduit* Test**

One way that Halo may establish that it is reasonably probable that it would have made additional sales of the patented product is by proving three things:

1. There was a demand for the patented product;

2. There was no acceptable, non-infringing substitute for the patented product; and

3. Halo was capable of satisfying the demand.

An "acceptable, non-infringing substitute" is a product that has the advantages of the patented invention that were important to the purchasers of CDI's product. If purchasers of the CDI's product were motivated to purchase that product because of features that were available only from that product and the Halo's patented product, then other products are not acceptable substitutes, even if they otherwise competed with Halo's and CDI's products.

CDI's Proposed Instruction No. 14
Seventh Circuit Pattern Jury Instructions 11.4.3.1 (2008 rev) (modified).

_____ Accepted
_____ Rejected
_____ Modified

**OBJECTION:** Halo objects to the entirety of this instruction, which CDI has proposed purportedly because Mr. Pakter's report cites to *Panduit*. See 11/6/2017 Report, p. 14 n. 11. The instruction expressly states that the *Panduit* test is "one way that Halo may establish" its lost profits, and Halo does not intend to establish any of its patent damages using the *Panduit* test. The Federal Circuit has expressly stated that the *Panduit* test is useful, but not the exclusive test for determining lost profits patent damages. *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995).

**Patent Damages: Lost Profits – Amount**

If you conclude that Plaintiff Halo proved that it lost profits because of CDI's infringement, the lost profits that you award should be the amount that Halo would have made on any sales that Halo lost because of the infringement, minus the additional costs that Halo would have incurred in making those sales, plus the amount by which Halo's profits on its own sales were decreased as a result of reduced prices or increased costs caused by CDI's infringement.

Halo is required to prove the amount of its lost profits to a reasonable probability and may not recover amounts that are merely speculative. However, mathematical certainty is not required, and if the reason Halo has difficulty proving the amount of its lost profits is that CDI did not maintain adequate records, then you should resolve any doubts as to the amount of lost profits in Halo' favor.

Agreed Instruction No. 15
Seventh Circuit Pattern Jury Instructions 11.4.3.6 (2008 rev) (modified).

_____ Accepted
_____ Rejected
_____ Modified

**OBJECTION:**

**Patent Damages: Alternative to Halo's Lost Profits – CDI's Profits**

As an alternative to recovering its lost profits, Plaintiff Halo may recover the total profit that CDI earned for its sales of products that infringed Halo's design patents. If Halo elects to recover CDI's profits instead of its own lost profits, then Halo must prove CDI's revenues by a preponderance of the evidence.

If Halo elects to recover CDI's profits, then the CDI profits that you award should be the amount of revenues that CDI actually earned on any sales of patent infringing products, minus the costs that CDI proved it incurred in making those sales.

Agreed Instruction No. 16
35 U.S.C § 289; Seventh Circuit Pattern Jury Instructions 11.4.3.6 (2008 rev) (modified).

\_\_\_\_ Accepted
\_\_\_\_ Rejected
\_\_\_\_ Modified

**OBJECTION:**

**Requirement of Notice for Patent Damages**

Plaintiff Halo can recover patent damages only for infringement that occurred after it gave notice of its patent rights. Halo must prove by a preponderance of the evidence that it gave notice. There are two ways a patent holder can give notice of its patent rights.

The first way is to give notice to the public in general, by placing the word "patent" or the abbreviation "PAT." with the number of the patent on substantially all the products it sold that included the patented invention. This type of notice is effective from the date Halo and its licensees began to mark in this manner substantially all of its products that included the patented invention.

The second way to give notice of patent rights is by directly informing ~~Defendant~~ CDI that it is infringing a particular patent and identifying the infringing product~~, such as by way of a letter or by the filing of a lawsuit~~. This type of notice is effective from the time it is given.

If Halo did not give notice in either of these ways before filing this lawsuit, then Halo can recover damages only for infringement that occurred ~~once it has given notice~~after it filed the lawsuit on October 20, 2014.

Disputed Instruction No. 17
Seventh Circuit Pattern Jury Instructions 11.4.6 (2008 rev) (modified).

\_\_\_\_ Accepted
\_\_\_\_ Rejected
\_\_\_\_ Modified

**OBJECTION:** Halo deleted from the pattern instruction the first edited sentence above on "Anyone that Halo licensed." Halo has never licensed its asserted patents, and considers that sentence confusing and prejudicial as it is irrelevant. That is why the pattern instruction leaves that language in brackets.

CDI deleted the word "Defendant"—Halo has proposed including the word "Plaintiff" and "Defendant" the first time each party is mentioned in each instruction to help the jury keep the parties straight.

Halo added to the pattern instruction "such as by way of a letter or by the filing of a lawsuit," to provide examples of the ways that CDI could be directly informed of Halo's patent rights. Halo believes these illustrative examples will aid the jury.

Halo proposed modifying the pattern instruction so that the last sentence simply reads "Halo can recover damages for infringement that occurred once it has given notice." Halo contends that CDI had sufficient notice well before the lawsuit was filed, because CDI met with Halo and contacted Halo in 2011-2012 requesting to carry Halo's products, which request Halo denied because many requested products were exclusive to Restoration Hardware. CDI then sold copies of Halo's products anyway, despite Halo's refusal. Halo also sent a demand letter to CDI in May 2012. Further, CDI's own distributor warned CDI in April 2013 that it (the distributor) was being sued by Halo over its copy of Halo's Mars Chair. Halo contends that each of these events alone were sufficient to give CDI notice. CDI responds that not all of the products accused of infringement were mentioned in the 2012 demand letter or the April 2013 distributor email.

CDI has modified Halo's proposal final paragraph to match the pattern instruction.

**<u>Trademark – Nature of Claim</u>**

Plaintiff Halo claims that ~~Defendant~~ CDI has infringed one of Halo's trademarks.

A trademark is a word, symbol or combination of words or symbols used by a person to identify his product to distinguish his product from those manufactured or sold by others, and to indicate the source of his product.

The purpose of trademark law is to prevent confusion among consumers about the source of products and to permit trademark owners to show ownership of their products and control their product's reputation.

Halo claims that CDI infringed Halo's trademark ODEON for lighting products, by using the name ODEON with certain of CDI's lighting products.  CDI has admitted that Halo's ODEON trademark is valid and enforceable, and CDI has also admitted that its sales of lighting products incorporating the word ODEON infringed Halo's trademark rights.

Disputed Instruction No. 18
Seventh Circuit Pattern Jury Instructions 13.1.1(2017 rev) (modified).

\_\_\_\_ Accepted
\_\_\_\_ Rejected
\_\_\_\_ Modified

**<u>OBJECTION</u>:** CDI deleted the word "Defendant"—Halo has proposed including the word "Plaintiff" and "Defendant" the first time each party is mentioned in each instruction to help the jury keep the parties straight.

CDI proposes deleting the references to Plaintiff and Defendant except for the first time as members of the jury are more likely to associate with the parties' names rather than the legal terms.

## **Trademark - Remedies**

Since ~~Defendant~~ CDI admitted its sales of certain products infringed on Plaintiff Halo's

ODEON trademark, you must consider the amount of money to award to Halo, if any. This

amount should include actual damages that Halo sustained because of CDI's infringement, and

the profits that CDI made because of its infringement.

To recover damages or profits, Halo must prove by a preponderance of the

evidence that CDI knew that Halo claimed trademark rights in its ODEON mark.

Disputed Instruction No. 19
Seventh Circuit Pattern Jury Instructions 13.6.1 and 13.6.2. (2008 rev) (modified).

\_\_\_\_ Accepted
\_\_\_\_ Rejected
\_\_\_\_ Modified

**OBJECTION:** CDI deleted the word "Defendant"—Halo has proposed including the
word "Plaintiff" and "Defendant" the first time each party is mentioned in each
instruction to help the jury keep the parties straight.

CDI also added the second paragraph from pattern instruction 13.6.2. Halo objects to that
instruction, ***which on its face only applies to "Registered Marks,"*** and requires that a
plaintiff with a registered mark provides notice ***of the registration***. Halo has always
asserted trademark rights in its ***unregistered*** ODEON mark throughout this case. (Dkt.
No. 67, ¶ 18.) CDI maintains that Halo must prove that CDI new Halo claimed trademark
rights in the ODEON mark regardless of the status of registration. Halo has also included
on its exhibit list the file history for the registration of the mark after the complaint was
filed.

Halo merely included the file history for the *application* to register the ODEON mark
(which application has still not registered) to show that governmental agencies like the
U.S. Copyright Office and U.S. Trademark Office often initially reject applications, and
that does not mean the applied-for material is not entitled to registration. CDI provides
absolutely no authority for its claim that notice of an unregistered mark is required to
recover damages.

21

**Trademark Remedies - Actual Damages**

To recover actual damages, Plaintiff Halo must prove by a preponderance of evidence:

1. ~~Defendant~~ CDI's ~~admitted~~ infringement caused actual confusion among consumers; and

2. As a result, Halo sustained injury.

If you find that Halo have proved these things, then you must consider what amount to award Halo as actual damages, if any.

Actual damages consist of the amount of money required to compensate Halo for injury caused by CDI's infringement. Halo must prove its actual damages by a preponderance of the evidence.

You may consider Halo's lost profits on lost sales, which consists of the revenue Halo would have earned but for CDI's infringement, less the expenses Halo would have sustained in earning those revenues.

~~You may also consider Plaintiffs' loss of goodwill as a result of Defendants' acknowledged infringement. Goodwill is consumer recognition or "drawing power" of a trademark. In determining Plaintiffs' loss of goodwill, you should compare the value of Plaintiff's goodwill before the infringement, with the value of Plaintiff's goodwill after the infringement.~~

Disputed Instruction No. 20
Seventh Circuit Pattern Jury Instructions 13.6.3 (2008 rev) (modified).

\_\_\_\_ Accepted
\_\_\_\_ Rejected
\_\_\_\_ Modified

**OBJECTION:** CDI deleted the word "Defendant"—Halo has proposed including the word "Plaintiff" and "Defendant" the first time each party is mentioned in each instruction to help the jury keep the parties straight.

CDI also deleted the word "admitted." Halo added that word because CDI has admitted that its sales of certain products infringed Halo's ODEON trademark. (Dkt. No. 114, ¶¶ 12-13.) Thus, the jury should be alerted that CDI has admitted that its products infringed Halo's trademark in this instruction, and there is no basis for failing to inform the jury of that fact. This concept is addressed in earlier instructions.

CDI also deleted the last paragraph from pattern instruction 13.6.3, on the basis that Halo's expert has not proffered opinions on damages related to Halo's loss of goodwill. Thus, CDI asserts that evidence on that type of damages is not anticipated at trial, and that if no such evidence is anticipated, no reason to have the language exists.

Halo believes its expert need not proffer opinions on that issue for the jury to find that Halo lost any goodwill. Halo intends to offer evidence that CDI's actions damaged Halo's goodwill. CDI cites no authority holding that expert opinions are required for a jury to determine loss of goodwill.

## Trademark Remedies – CDI's Profits

In addition to Plaintiff Halo's actual damages, Halo may recover the profits ~~Defendant~~ CDI gained from the trademark infringement. You may not, however, include in any award of CDI's profits any amount that you took into account in determining Halo's actual damages.

Profit is determined by deducting expenses from gross revenue. Gross revenue is all of the money CDI received due to its use of the trademark.

~~Halo is not required to prove that CDI's infringement caused actual confusion among consumers.~~

Halo is required only to prove CDI's gross revenue. CDI is required to prove any expenses that it argues should be deducted in determining its profits.

Halo is entitled to recover CDI's total profits from its uses of the trademark unless CDI proves that some portion of the profit is due to factors other than use of the trademark.

Disputed Instruction No. 21
Seventh Circuit Pattern Jury Instructions 13.6.4 (2008 rev) (modified); *see Web Printing Controls Co. v. Oxy-Dry Corp.*, 906 F.2d 1202, 1204-06 (7th Cir. 1990) (holding that a "plaintiff wishing to recover **damages** for a violation of the Lanham Act must prove the defendant's Lanham Act violation, **that the violation caused actual confusion among consumers** of the plaintiff's product, and, as a result, that the plaintiff suffered actual injury, i.e., a loss of sales, profits, or present value (goodwill)," but that other avenues of relief are not foreclosed, and where a plaintiff makes "other claims, claims not for damages (in the traditional sense but for **equitable relief such as a request for defendant's profits on an unjust enrichment theory**," the plaintiff need not show injury caused by actual confusion to recover those profits) (emphases added).

\_\_\_\_  Accepted
\_\_\_\_  Rejected
\_\_\_\_  Modified

**OBJECTION:** CDI deleted the word "Defendant"—Halo has proposed including the word "Plaintiff" and "Defendant" the first time each party is mentioned in each instruction to help the jury keep the parties straight.

24

Halo proposed modifying the pattern instruction to clarify that, in contrast with *Halo's claims for actual damages* for CDI's admitted trademark infringement, Halo has no burden to prove "actual confusion" in order to recover *CDI's profits*. *See* case cited above as authority. Otherwise, Halo is concerned that the jury will believe proof of "actual confusion" is necessary for Halo to recover CDI's profits, when the law says that is not the case.

CDI objects to Halo's proposed modification because it falls outside of the pattern instruction. This instruction addresses profits not the distinction between actual or likely confusion.

Halo responds that there is a distinction between claims for actual damages and claims for defendant's profits under an unjust enrichment theory—the former requires proof of actual confusion, while the latter does not. The jury may be confused by this distinction unless it is directly drawn to their attention.

**<u>Trademark - Intentional Infringement</u>**

Since CDI has admitted that its sales of certain products infringed on Plaintiff Halo's

ODEON trademark, you must also determine whether Halo has proved that, at the time CDI used

the trademark, CDI acted willfully.  CDI acted willfully if it knew that it was infringing Halo's

trademark or if it acted at any time with indifference to Halo's trademark rights.

Agreed Instruction No. 22
Seventh Circuit Pattern Jury Instructions 13.6.5 (2008 rev) (modified).

_____ Accepted
_____ Rejected
_____ Modified

**<u>OBJECTION</u>:**

**<u>Copyright – Allegation Defined</u>**

Halo claims that CDI infringed Halo's copyrights in its furniture and/or lighting designs by copying those furniture and/or lighting designs. CDI denies the validity and infringement of Halo's copyrights.

Agreed Instruction No. 23
Seventh Circuit Pattern Jury Instructions 12.1.1 (2017 rev.).

_____ Accepted
_____ Rejected
_____ Modified

**<u>OBJECTION</u>:**

### Definition of Copyright

Copyright is the exclusive right to copy. The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using any work covered by copyright for a specific period of time.

A "derivative work" is a work based upon one or more preexisting works, such as an art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted.

A copyrighted work can be a literary work, musical work, dramatic work, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, or architectural work.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

Original works of authorship fixed in any tangible medium of expression from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, are protected by the Copyright Act.

"Pictorial, graphic, and sculptural works" include two-dimensional and three-dimensional works of fine, graphic, and applied art, photographs, prints and art reproductions, maps, globes, charts, diagrams, models, and technical drawings, including architectural plans. Such works shall include works of artistic craftsmanship insofar as their form but not their mechanical or utilitarian aspects are concerned; the design of a useful article, such as the furniture and lighting

28

fixture products at issue in this case, shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.

Agreed Instruction No. 24
*See generally* 17 U.S.C. §§ 101, 102, 106.

_____ Accepted
_____ Rejected
_____ Modified

**OBJECTION:**

**Copyright Infringement**

To succeed on its claims, Halo must prove the following things:

1.      The furniture and/or lighting fixture designs are the subject of a valid copyright;

2.      Halo owns the copyright; and

3.      CDI copied the protected expression in Halo's copyrighted work.

I will explain the meaning of some of the legal terms.

If you find that Halo proved each of these things, then you must find for Halo. However, if you find that Halo did not prove each of these things, then you must find for CDI.

Agreed Instruction No. 25
Seventh Circuit Pattern Jury Instructions 12.2.1 (2017 rev).

_____ Accepted
_____ Rejected
_____ Modified

**OBJECTION:**

## **Validity**

To be eligible for copyright protection, a work must be original and in a form that can be seen, heard, reproduced, or communicated.

A work is original if it was created independently, as opposed to being copied from another work. It must contain at least some minimal degree of creativity. The work need not be completely new. A work can be original even if it incorporates elements that are not original to the author. However, only the original elements added by the author are protected by copyright.

Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to being copied from other works), and that it possesses at least some minimal degree of creativity.

~~Certain of the works in this case are based on earlier works in the public domain. In those circumstances, the only "originality" required for the new work to be copyrightable is enough expressive variation from public-domain or other existing works to enable the new work to be readily distinguished from its predecessors. Originality in this context means little more than a prohibition of actual copying by Defendant.~~

Common geometric shapes, familiar symbols or designs, typographic ornamentation, lettering, coloring and mere variations thereof are not copyrightable. A familiar, well-known shape . . . decisions regarding curve, size, color, and number included in a set do not make the product sufficiently original so that the work is copyrightable.

Disputed Instruction No. 26
Seventh Circuit Pattern Jury Instructions 12.3.1 (2017 rev); *see Feist Publ'ns, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 345 (1991) (originality generally); *Bucklew v. Hawkins, Ash Baptie & Co, LLP*, 329 F.3d 923, 929 (7th Cir. 2003) (originality for works based on earlier public domain works); COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES (3d Ed.) (2014) ("COMP. 3d") § 906.2
.

\_\_\_\_  Accepted
\_\_\_\_  Rejected
\_\_\_\_  Modified

**OBJECTION:** Halo proposed modifying the pattern instruction to include a specific point on originality in the context of Halo's works that are based on earlier public domain works. Some of Halo's asserted works were inspired by antiques, and Halo quoted language directly from the *Bucklew* decision explaining the originality requirement in the context of such works. CDI has deleted that language and objects to its inclusion because it is not in the pattern instruction.  Further, CDI maintains the concept is covered by the preceding paragraph and is redundant.


**THIS INSTRUCTION ONLY APPLIES IF THE COURT'S SUMMARY JUDGMENT RULINGS DO NOT FULLY DISPOSE OF THE ISSUE OF COPYRIGHT VALIDITY**

**Ownership of Copyright**

Plaintiff Halo owns copyright rights in the protected expression of a furniture and/or lighting fixture design if Halo created the work.

[If Halo agrees to the modification above that ties in protected expression, then CDI can agree to delete the following.]

Halo owns a copyright only in the original expression that is added to an earlier work.

Halo does not own a copyright in the expression taken from an earlier work.

Disputed Instruction No. 27
Seventh Circuit Pattern Jury Instructions 12.4.1 (2017 rev).

_____ Accepted
_____ Rejected
_____ Modified

**OBJECTION:** Halo objects to the texted added in the first sentence as going beyond the pattern instruction, and objects to the text in the last two sentences as an alternative—for the same reason. CDI proposed modifying the pattern instruction because Halo claims certain of its works are inspired from preexisting works and the following conceptual separability instructions. Halo believes those statements are irrelevant and prejudicial—the jury should not be dissecting Halo's works into its protected elements added by Halo and its unprotected elements. *See Roulo v. Russ Berrie & Co., Inc.*, 886 F.2d 931, 939 (7th Cir. 1989) (noting that dissection of the copied "subject matter into its copyrighted and unprotected elements is generally rejected in favor of examining [the copying of] the 'total concept and feel' of the copyrighted work. . . . Such dissection is inappropriate since the substantial similarity inquiry is conducted from the perspective of the 'ordinary observer' who 'unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same'").

## **Copying**

As I stated, Plaintiff Halo must prove that CDI copied the protected expression in Halo's work.

You may infer that CDI copied Halo's work if CDI had a reasonable opportunity to view the work or had access to the work before creating its own work and that the two works are so similar that a reasonable person would conclude Defendant took protected expression from Halo's work.

You may infer that CDI copied Halo's work if the similarities between the two works can be explained only by copying, rather than by coincidence, independent creation, or the existence of a common source for both works.

Dissection of the copied subject matter into its copyrighted and unprotected elements is generally rejected in favor of examining the copying of the "total concept and feel" of the copyrighted work. Such dissection is inappropriate since the substantial similarity inquiry is conducted from the perspective of the "ordinary observer" who "unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same."

The substantial similarity inquiry must take into account that the copyright laws preclude appropriation of only those elements of the work that are protected by the copyright.

In determining whether Halo proved copying, you may consider evidence, if any, that CDI's work was created independently of Halo's copyrighted work.

Agreed Instruction No. 28
Seventh Circuit Pattern Jury Instructions 12.5.1 (2017 rev); *Roulo v. Russ Berrie & Co., Inc.*, 886
F.2d 931, 939 (7th Cir. 1989).

\_\_\_\_ Accepted
\_\_\_\_ Rejected
\_\_\_\_ Modified

**Protected Expression**

"Protected expression" means expression in Halo's works that was created independently, involving some creativity,

Copyright law protects only original expression in the work. This includes the way that ideas are expressed in the work. It does not include the ideas themselves.

The design of a useful item such, as furniture or lighting fixtures, is considered a protected expression only if it includes pictorial, graphic and/or sculptural features that can be identified separately from the item itself, and those features are capable of existing independently of the item's useful aspects. Protected expression does not include functional features of furniture or lighting fixtures, that is, those features necessary to carry out the furniture's function for storing, containing or displaying articles, or the lighting fixtures' function of lighting a portion of a room.

A feature of a design of useful item such as furniture or lighting fixtures is considered a protected expression if the feature can be perceived as a two or three-dimensional work of art separate from the useful article; and would qualify as a protectable pictorial, graphic or sculptural work – either on its own or fixed in some other tangible medium of expression – if it were imagined separately from the useful article into which it is incorporated.

You must determine if the separately identified feature has the capacity to exist apart from the utilitarian aspects of the article. If the feature is not capable of existing as a pictorial, graphic, or sculptural work once separated from the useful article, then it was not a pictorial, graphic, or sculptural feature of that article, but rather one of its utilitarian aspects.

Agreed Instruction No. 29
Seventh Circuit Pattern Jury Instructions 12.5.2 (2017 rev); *Star Athletica* v. *Varsity Brands* 137 S.Ct. 1002, (2017) (holding that a feature incorporated into a design of a useful article is eligible for copyright protection under the Copyright Act of 1976 if the feature (1) can be perceived as a

two or three-dimensional work of art separate from the useful article, and (2) would qualify as a protectable pictorial, graphic or sculptural work – either on its own or fixed in some other tangible medium of expression – if it were imagined separately from the useful article into which it is incorporated);  17 U.S.C. §§ 101.

\_\_\_\_  Accepted
\_\_\_\_  Rejected
\_\_\_\_  Modified

**Copyright—Damages**

If you find that Plaintiff Halo has proved that ~~Defendant~~ CDI infringed Halo's copyright(s), then you must determine the amount of damages, if any, Halo is entitled to recover. If you find that Halo failed to prove the claim, then you will not consider the question of damages on any particular asserted copyright.

Halo must prove damages by a preponderance of evidence.

Halo may recover its actual damages for any actual losses suffered because of the infringement, plus any profits CDI made that are attributable to the infringement, which are not taken into account when computing Halo's actual damages. I will define these terms in the following instructions.

~~Actual damages may include the amount of money adequate to compensate the copyright owner for the reduction of the market value of the copyrighted work caused by the infringement.~~

Actual damages ~~also~~ can include profits that Halo proves it would have made without the infringement. Profits are the revenue Plaintiff would have made on sales it would have made without the infringement, less any additional costs and expenses it would have incurred in making those sales.

In addition to actual damages, the copyright owner is entitled to any profits of CDI attributable to the infringement. CDI's profits are recoverable, however, only to the extent that you have not taken them into account in determining Halo's actual losses.

If Halo asserts that it lost profits because Halo would have made sales of its own products were it not for CDI's infringement, Halo may elect to recover Halo's own lost profits, or CDI's profits, but not both.

37

Profit are the revenue CDI made on sales of infringing products, less any additional costs and expenses it incurred in making those sales.

Halo has the burden of proving gross revenue by a preponderance of the evidence. CDI has the burden of proving its expenses by a preponderance of the evidence.

Halo is entitled to recover CDI's total profits from CDI's unauthorized use of the copyright unless CDI meets its burden of proving that some portion of the profit CDI has identified is due to factors other than use of the copyright.


Disputed Instruction No. 30
Seventh Circuit Pattern Jury Instructions 12.8.1-12.8.3 (2017 rev) (modified); See *Deltak, Inc. v. Advanced Sys.*, 767 F.2d 357, 363 (7th Cir. 1985) ("The owner of the copyright is not allowed to recover its own lost sales and the infringer's profits if that results in double-counting of the same economic transaction, usually a sale to a third-party consumer."); See *Nintendo of America v. Dragon Pacific Intern.* 40 F.3d 1007, 1012 (9th Cir. 1994) (where infringing and noninfringing elements of a work cannot be readily separated, all of a defendant's profits should be awarded to a plaintiff).


\_\_\_\_ Accepted
\_\_\_\_ Rejected
\_\_\_\_ Modified


**OBJECTION:** CDI deleted the word "Defendant"—Halo has proposed including the word "Plaintiff" and "Defendant" the first time each party is mentioned in each instruction to help the jury keep the parties straight.

Halo had modified the exact wording, but included the fourth paragraph based on pattern instruction 12.8.2, which states that a copyright owner's actual damages may include "a decrease in the market value of the copyrighted work caused by the infringement." CDI deleted that fourth paragraph, on the basis that Halo's expert has not proffered opinions on damages related to the reduced market value of Halo's works. Halo believes its expert need not proffer opinions on that issue for the jury to find that Halo's works lost any market value, and CDI offers no authority holding that expert opinions are required for a jury to determine reduction in market value.

## **Copyright - Intentional Infringement**

If you find that CDI infringed Halo's copyrights, you must also determine whether Halo has proven that, at the time CDI infringed the copyright, CDI acted willfully. CDI acted willfully if it knew its conduct was an infringement or acted in reckless disregard of Halo's rights.


Agreed Instruction No. 31
See *Video Views, Inc. v. Studio 21, Ltd*., 925 F.2d 1010, 1016 (7th Cir. 1991) (infringement is willful if infringer knew its conduct was an infringement or acted in reckless disregard of copyright owner's right).


\_\_\_\_ Accepted
\_\_\_\_ Rejected
\_\_\_\_ Modified

**OBJECTION:**

**<u>Intentional Interference with Prospective Economic Advantage and Business Expectancy</u>**

CDI asserted counterclaims against Halo contending Halo intentionally interfered with CDI's prospective economic advantage and/or business expectancies.

To prevail on a claim of intentional interference with prospective economic advantage, CDI must prove by a preponderance of the evidence: (i) a reasonable expectancy of entering into a valid business relationship; (ii) Halo's knowledge of that expectancy; (iii) an intentional or unjustified interference by Halo that caused a breach or termination of the expectancy, and (iv) damage to CDI resulting from Halo's interference. The same elements are required for a claim of intentional interference with prospective business expectancy.

CDI Proposed Instruction No. 32
*Anderson v. Vanden Dorpl.*, 667 N.E. 2d. (Ill. 1996); *United Phosphorus Ltd. v. Angus Chem. Co*., 1996 U.S. Dist. LEXIS 203, at *27-28 (N.D. Ill. Jan. 9, 1996) (*citing Delloma v. Consolidation Coal Co*., 996 F.2d 168, 170-171 (7th Cir. 1993)).

\_\_\_\_\_   Accepted
\_\_\_\_\_   Rejected
\_\_\_\_\_   Modified

**<u>OBJECTION</u>**: Halo objects that CDI's proposed instruction is unnecessary as it has provided no evidence to support the above claim. Halo has filed a summary judgment motion on CDI's claims of intentional interference, and this instruction will not apply if the Court grants summary judgment for Halo on that issue.

## **Selection of Presiding Juror and General Verdict**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

Agreed Instruction No. 33
Seventh Circuit Pattern Jury Instructions 1.32 (2017 rev).

_____  Accepted
_____  Rejected
_____  Modified

## **Communication With Court**

       I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

Agreed Instruction No. 34
Seventh Circuit Pattern Jury Instructions 1.33 (2017 rev).

\_\_\_\_  Accepted
\_\_\_\_  Rejected
\_\_\_\_  Modified

**<u>Disagreement Among Jurors</u>**

The verdict[s] must represent the considered judgment of each juror. Your verdict[s], whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Agreed Instruction No. 35
Seventh Circuit Pattern Jury Instructions 1.34 (2017 rev).

\_\_\_\_ Accepted
\_\_\_\_ Rejected
\_\_\_\_ Modified