

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FILED

JAN **2 9** 2018

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

| | |
|---|---|
| HALO CREATIVE & DESIGN LIMITED, a Hong Kong company, HALO TRADEMARKS LIMITED, a Hong Kong company and HALO AMERICAS LIMITED, a Hong Kong company, | ) ) ) ) ) |
| *Plaintiffs and Counter-Defendants* | ) ) |
| v. | ) ) |
| COMPTOIR DES INDES INC., a Quebec corporation, CDI INTERNATIONAL, and CDI FURNITURE, | ) ) ) ) |
| *Defendants and One Counter-Plaintiff.* | ) |

Civil Action No. 1:14-cv-08196

Judge Harry D. Leinenweber

Magistrate Judge Susan E. Cox

## PROPOSED JURY INSTRUCTIONS

The parties hereby submit the following proposed jury instructions. As noted in the Pretrial Order (Dkt. No. 178), the jury instructions are submitted in "redline" format: Text that is displayed in black in these instructions has been agreed upon by the parties. If all of the text in a given instruction is black, that is an "Agreed Instruction." Otherwise, the "original" version of the jury instruction is the one proposed by Plaintiffs, whereas line-edit deletions and additions to that instruction are proposed by Defendants—rendering such an instruction a "Disputed Instruction." In certain cases, one party has proposed an instruction that the other party wishes to delete in its entirety; for those cases, the instruction is referred to by the name of the party that proposed it.

The parties have identified their objections and explanations for their proposed revisions where applicable.

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

You have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them, and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

Each of the instructions is important, and you must follow all of them.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.


Agreed Instruction No. 1

## **All Litigants Equal Before the Law**

In this case, the parties are corporations. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

Agreed Instruction No. 3

## **Evidence**

In your deliberations you should consider only the evidence that I have admitted in the record, that is, the testimony of the witnesses, the exhibits and the stipulations. A stipulation is an agreement between parties that certain facts are true.

Certain things are not considered evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside of the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Agreed Instruction No. 4

## **Consideration of Evidence**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question, regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Agreed Instruction No. 5

## Credibility of Witnesses

Now, in saying you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You must decide whether the testimony of each witness is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you can give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things: the ability and opportunity the witness had to see, hear, or know the things that the witness testified about; the witness's memory; any interest, bias, or prejudice the witness may have; the witness's intelligence; the manner and demeanor of the witness while testifying; and the reasonableness of the witness's testimony in light of all the evidence in the case.

Court-Ordered Instruction No. 6

### **Impeachment of Witnesses – Prior Inconsistent Statements**

You may consider statements given by witnesses before trial as evidence of the truth of what the witness said in the earlier statements, as well as in deciding what weight to give the witness's testimony during the trial.

With respect to other witnesses, the law is different. If you decide that, before the trial one of these witnesses made a statement not under oath that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.

Court-Ordered Instruction No. 7

**<u>Expert Witnesses</u>**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

You have heard Mr. Michael Pakter and Ms. Carrie Distler give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witnesses.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Agreed Instruction No. 8

**<u>Burden Of Proof</u>**

Each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence."

When I say a particular party must prove something by a "preponderance of the evidence," or when I use the expressions "if you find," or "if you decide," this is what I mean: Under a preponderance of the evidence standard, when you have considered all of the evidence in the case, you must be persuaded that the fact to be proven is more probably true than not true.

Agreed Instruction No. 9

## **Stipulations of Fact**

The parties have stipulated and agreed that Halo's asserted trademark and Halo's asserted design patents are valid and enforceable. The parties have also stipulated and agreed that certain of CDI's products infringe Halo's asserted design patents and Halo's asserted trademark, as discussed below. You must now treat those facts as having been proved for the purpose of this case.

Agreed Instruction No. 10

## **Patent – Nature of Case**

In part, this is a design patent case. It involves U.S. Design Patent No. D655,526 S, entitled "Armchair" and U.S. Design Patent No. D655,100 S, entitled "Seating Furniture." Patents are often referred to by their last three digits. I will call the patent[s] in this case the '526 Patent and the '100 Patent.

Plaintiff Halo contends that Defendant CDI infringed the design patents by selling certain furniture products. Specifically, Halo contends that CDI infringed the '526 patent through sales of CDI's Vintage Leather Chair and Aero Design Chair. Halo also contends that CDI infringed the '100 patent through sales of CDI's Eaton 1-Seater and Eaton 3-Seater sofas. Halo further contends that they are entitled to recover damages caused by that infringement, and that CDI's infringement was willful.

CDI has already admitted that Halo's two design patents are both valid and enforceable. CDI has also admitted that sales of its Vintage Leather Chair and Aero Design Chair have infringed Halo's '526 patent, and that CDI's sales of its Eaton 1-Seater and Eaton 3-Seater have infringed Halo' 100 patent. CDI contends its infringement was not willful.

Court-Ordered Instruction No. 11

**Willful Patent Infringement**

Halo contends that CDI infringed Halo's patents willfully. To prove willful infringement, Halo must prove by clear and convincing evidence that CDI knew it was highly likely that its actions constituted infringement of a valid patent, and it either knew of this high likelihood, or it was so apparent that CDI should have known. CDI contends its infringement was not willful and that it did not know its actions constituted infringement.

"Clear and convincing" evidence means evidence that convinces you that it is highly probable that the particular proposition is true. This is a more demanding burden than the "preponderance of the evidence" requirement that applies to infringement generally, but not as demanding a burden as the "beyond a reasonable doubt" requirement used in criminal cases.

At the conclusion of the case, I will explain in more detail how you are to decide the issue of willful infringement.


Agreed Instruction No. 12

**<u>Patent Damages: Plaintiff's Lost Profits</u>**

Since CDI has admitted that its sales of certain accused products have infringed the '526 Patent and '100 Patent, you must consider what amount of damages to award to Plaintiff Halo. Halo must prove its patent infringement damages by a preponderance of the evidence. The patent damages you award are intended to compensate Halo, not to punish CDI.

Halo may be entitled to recover its lost profits. Lost profits consist of any actual reduction in business profits Halo suffered as a result of CDI's infringement.

To recover lost profits, Halo must prove three things:

1. A reasonable probability that, if CDI had not infringed, Halo would have made additional sales of the patented product that CDI made.

2. The amount of profit Halo would have made on those sales, though Halo does not need to prove this amount with precision.

3. CDI reasonably should have foreseen that Halo would have lost profits.


Agreed Instruction No. 13

### Patent Damages: Lost Profits – Amount

If you conclude that Plaintiff Halo proved that it lost profits because of CDI's infringement, the lost profits that you award should be the amount that Halo would have made on any sales that Halo lost because of the infringement, minus the additional costs that Halo would have incurred in making those sales, plus the amount by which Halo's profits on its own sales were decreased as a result of reduced prices or increased costs caused by CDI's infringement.

Halo is required to prove the amount of its lost profits to a reasonable probability and may not recover amounts that are merely speculative. However, mathematical certainty is not required, and if the reason Halo has difficulty proving the amount of its lost profits is that CDI did not maintain adequate records, then you should resolve any doubts as to the amount of lost profits in Halo' favor.

Agreed Instruction No. 15

**Patent Damages: Alternative to Halo's Lost Profits – CDI's Profits**

As an alternative to recovering its lost profits, Plaintiff Halo may recover the total profit that CDI earned for its sales of products that infringed Halo's design patents. If Halo elects to recover CDI's profits instead of its own lost profits, then Halo must prove CDI's revenues by a preponderance of the evidence.

If Halo elects to recover CDI's profits, then the CDI profits that you award should be the amount of revenues that CDI actually earned on any sales of patent infringing products, minus the costs that CDI proved it incurred in making those sales.

Agreed Instruction No. 16

**Requirement of Notice for Patent Damages**

Plaintiff Halo can recover patent damages only for infringement that occurred after it gave notice of its patent rights. Halo must prove by a preponderance of the evidence that it gave notice. There are two ways a patent holder can give notice of its patent rights.

The first way is to give notice to the public in general, by placing the word "patent" or the abbreviation "PAT." with the number of the patent on substantially all the products it sold that included the patented invention. This type of notice is effective from the date Halo and its licensees began to mark in this manner substantially all of its products that included the patented invention.

The second way to give notice of patent rights is by directly informing Defendant CDI that it is infringing a particular patent and identifying the infringing product. This type of notice is effective from the time it is given.

Halo can recover damages for infringement that occurred after it filed the lawsuit on October 20, 2014.

Court-Ordered Instruction No. 17

## **Trademark – Nature of Claim**

Plaintiff Halo claims that Defendant CDI has infringed one of Halo's trademarks.

A trademark is a word, symbol or combination of words or symbols used by a person to identify his product to distinguish his product from those manufactured or sold by others, and to indicate the source of his product.

The purpose of trademark law is to prevent confusion among consumers about the source of products and to permit trademark owners to show ownership of their products and control their product's reputation.

Halo claims that CDI infringed Halo's trademark ODEON for lighting products, by using the name ODEON with certain of CDI's lighting products. CDI has admitted that Halo's ODEON trademark is valid and enforceable, and CDI has also admitted that its sales of lighting products incorporating the word ODEON infringed Halo's trademark rights.

Court-Ordered Instruction No. 18

**Trademark - Remedies**

Since Defendant CDI admitted its sales of certain products infringed on Plaintiff Halo's ODEON trademark, you must consider the amount of money to award to Halo, if any. This amount should include actual damages that Halo sustained because of CDI's infringement, and the profits that CDI made because of its infringement.


Court-Ordered Instruction No. 19

## Trademark Remedies - Actual Damages

To recover actual damages, Plaintiff Halo must prove by a preponderance of evidence:

1. Defendant CDI's admitted infringement caused actual confusion among consumers; and

2. As a result, Halo sustained injury.

If you find that Halo have proved these things, then you must consider what amount to award Halo as actual damages, if any.

Actual damages consist of the amount of money required to compensate Halo for injury caused by CDI's infringement. Halo must prove its actual damages by a preponderance of the evidence.

You may consider Halo's lost profits on lost sales, which consists of the revenue Halo would have earned but for CDI's infringement, less the expenses Halo would have sustained in earning those revenues.

You may also consider Plaintiffs' loss of goodwill as a result of Defendants' acknowledged infringement. Goodwill is consumer recognition or "drawing power" of a trademark. In determining Plaintiffs' loss of goodwill, you should compare the value of Plaintiff's goodwill before the infringement, with the value of Plaintiff's goodwill after the infringement.

Court-Ordered Instruction No. 20

## **Trademark Remedies – CDI's Profits**

In addition to Plaintiff Halo's actual damages, Halo may recover the profits Defendant CDI gained from the trademark infringement. You may not, however, include in any award of CDI's profits any amount that you took into account in determining Halo's actual damages.

Profit is determined by deducting expenses from gross revenue. Gross revenue is all of the money CDI received due to its use of the trademark.

Halo is not required to prove that CDI's infringement caused actual confusion among consumers.

Halo is required only to prove CDI's gross revenue. CDI is required to prove any expenses that it argues should be deducted in determining its profits.

Halo is entitled to recover CDI's total profits from its uses of the trademark unless CDI proves that some portion of the profit is due to factors other than use of the trademark.

Court-Ordered Instruction No. 21

## **Trademark - Intentional Infringement**

Since CDI has admitted that its sales of certain products infringed on Plaintiff Halo's ODEON trademark, you must also determine whether Halo has proved that, at the time CDI used the trademark, CDI acted willfully. CDI acted willfully if it knew that it was infringing Halo's trademark or if it acted at any time with indifference to Halo's trademark rights.

Agreed Instruction No. 22

## **Copyright – Allegation Defined**

Halo claims that CDI infringed Halo's copyrights in its furniture and/or lighting designs by copying those furniture and/or lighting designs. CDI denies the validity and infringement of Halo's copyrights.

Agreed Instruction No. 23

## Definition of Copyright

Copyright is the exclusive right to copy. The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using any work covered by copyright for a specific period of time.

A "derivative work" is a work based upon one or more preexisting works, such as an art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted.

A copyrighted work can be a literary work, musical work, dramatic work, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, or architectural work.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

Original works of authorship fixed in any tangible medium of expression from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, are protected by the Copyright Act.

"Pictorial, graphic, and sculptural works" include two-dimensional and three-dimensional works of fine, graphic, and applied art, photographs, prints and art reproductions, maps, globes, charts, diagrams, models, and technical drawings, including architectural plans. Such works shall include works of artistic craftsmanship insofar as their form but not their mechanical or utilitarian aspects are concerned; the design of a useful article, such as the furniture and lighting

fixture products at issue in this case, shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.

Agreed Instruction No. 24

## **Copyright Infringement**

To succeed on its claims, Halo must prove the following things:

1.      Halo owns the copyright; and

2.      CDI copied the protected expression in Halo's copyrighted work.

I will explain the meaning of some of the legal terms.

If you find that Halo proved each of these things, then you must find for Halo.  However, if you find that Halo did not prove each of these things, then you must find for CDI.

Agreed Instruction No. 25

## Ownership of Copyright

Plaintiff Halo owns copyright rights in a furniture and/or lighting fixture design if Halo created the work.

Court-Ordered Instruction No. 26

**Copying**

As I stated, Plaintiff Halo must prove that CDI copied the protected expression in Halo's work.

You may infer that CDI copied Halo's work if CDI had a reasonable opportunity to view the work or had access to the work before creating its own work and that the two works are so similar that a reasonable person would conclude Defendant took protected expression from Halo's work.

You may infer that CDI copied Halo's work if the similarities between the two works can be explained only by copying, rather than by coincidence, independent creation, or the existence of a common source for both works.

Dissection of the copied subject matter into its copyrighted and unprotected elements is generally rejected in favor of examining the copying of the "total concept and feel" of the copyrighted work. Such dissection is inappropriate since the substantial similarity inquiry is conducted from the perspective of the "ordinary observer" who "unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same."

The substantial similarity inquiry must take into account that the copyright laws preclude appropriation of only those elements of the work that are protected by the copyright.

In determining whether Halo proved copying, you may consider evidence, if any, that CDI's work was created independently of Halo's copyrighted work.

Agreed Instruction No. 27

## **Protected Expression**

"Protected expression" means expression in Halo's works that was created independently, involving some creativity,

Copyright law protects only original expression in the work. This includes the way that ideas are expressed in the work. It does not include the ideas themselves.

The design of a useful item such, as furniture or lighting fixtures, is considered a protected expression only if it includes pictorial, graphic and/or sculptural features that can be identified separately from the item itself, and those features are capable of existing independently of the item's useful aspects. Protected expression does not include functional features of furniture or lighting fixtures, that is, those features necessary to carry out the furniture's function for storing, containing or displaying articles, or the lighting fixtures' function of lighting a portion of a room.

A feature of a design of useful item such as furniture or lighting fixtures is considered a protected expression if the feature can be perceived as a two or three-dimensional work of art separate from the useful article; and would qualify as a protectable pictorial, graphic or sculptural work – either on its own or fixed in some other tangible medium of expression – if it were imagined separately from the useful article into which it is incorporated.

Agreed Instruction No. 28

### Copyright—Damages

If you find that Plaintiff Halo has proved that Defendant CDI infringed Halo's copyright(s), then you must determine the amount of damages, if any, Halo is entitled to recover. If you find that Halo failed to prove the claim, then you will not consider the question of damages on any particular asserted copyright.

Halo must prove damages by a preponderance of evidence.

Halo may recover its actual damages for any actual losses suffered because of the infringement, plus any profits CDI made that are attributable to the infringement, which are not taken into account when computing Halo's actual damages. I will define these terms in the following instructions.

Actual damages may include the amount of money adequate to compensate the copyright owner for the reduction of the market value of the copyrighted work caused by the infringement.

Actual damages also can include profits that Halo proves it would have made without the infringement. Profits are the revenue Plaintiff would have made on sales it would have made without the infringement, less any additional costs and expenses it would have incurred in making those sales.

In addition to actual damages, the copyright owner is entitled to any profits of CDI attributable to the infringement. CDI's profits are recoverable, however, only to the extent that you have not taken them into account in determining Halo's actual losses.

If Halo asserts that it lost profits because Halo would have made sales of its own products were it not for CDI's infringement, Halo may elect to recover Halo's own lost profits, or CDI's profits, but not both.

Profits are the revenue CDI made on sales of infringing products, less any additional costs and expenses it incurred in making those sales.

Halo has the burden of proving gross revenue by a preponderance of the evidence. CDI has the burden of proving its expenses by a preponderance of the evidence.

Halo is entitled to recover CDI's total profits from CDI's unauthorized use of the copyright unless CDI meets its burden of proving that some portion of the profit CDI has identified is due to factors other than use of the copyright.

Court-Ordered Instruction No. 29

## Copyright - Intentional Infringement

If you find that CDI infringed Halo's copyrights, you must also determine whether Halo has proven that, at the time CDI infringed the copyright, CDI acted willfully. CDI acted willfully if it knew its conduct was an infringement or acted in reckless disregard of Halo's rights.

Agreed Instruction No. 30

## **Selection of Presiding Juror and General Verdict**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

Agreed Instruction No. 31

## **Communication With Court**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

Agreed Instruction No. 32

## **Disagreement Among Jurors**

The verdict[s] must represent the considered judgment of each juror. Your verdict[s], whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Agreed Instruction No. 33

## **Validity of Halo's Copyrights and Limited Purpose of Copyright Office Documents**

The Court has already ruled that Halo's asserted copyrights in this trial are valid as a matter of law.

The Court has allowed certain U.S. Copyright Office documents into evidence in this case for the limited purpose of showing that CDI believed Halo's copyright rights were not enforceable as of Fall 2016, when CDI learned that Halo's copyright applications had been refused registration by the Copyright Office. The Court's ruling on the validity of Halo's asserted copyright rights has resolved that issue entirely. You should consider the U.S. Copyright Office documents admitted in this case solely with regard to CDI's claim that its infringement was not willful.

Court-Ordered Instruction No. 34

**<u>Infringing Importation</u>**

Importation into the United States, without the authority of the copyright owner, of copies of a work that have been acquired outside the United States is an infringement of the copyright owner's exclusive right to distribute copies.

Court-Ordered Instruction No. 35

## **<u>Copyright Notice</u>**

No copyright notice of any kind is required for liability to arise against a copyright infringer.


Court-Ordered Instruction No. 36

## **Number of Goods Sold**

There are no limitations on copyright infringement liability relative to the numbers of copyrighted products you sell. Regardless of whether a copyright holder sells one or a million of its products has no bearing whatsoever on whether his or her copyright rights are enforceable. The laws of copyright in Canada have no bearing on this case whatsoever.

Court-Ordered Proposed Instruction No. 37

## **Third Party Infringing Copies**

CDI cannot escape or reduce its liability based on a theory that, had it not infringed, others would have caused similar losses by selling infringing works. More specifically, CDI cannot point to the existence of third party infringing copies of Halo's products as evidence that Halo would not have made CDI's sales.

Court-Ordered Instruction No. 38