```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3

 4   HALO CREATIVE & DESIGN, LTD.,     )  No. 14 C 8196
     et al.,                           )
 5                                     )
                      Plaintiffs,      )
 6                                     )
                 vs.                   )  Chicago, Illinois
 7                                     )
     COMPTOIR DES INDES, INC., et al., )
 8                                     )  May 24, 2018
                      Defendants.      )  9:30 a.m.
 9

10                    TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HON. HARRY D. LEINENWEBER
11

12   APPEARANCES:

13   For the Plaintiffs:      MS. JACQUELINE V. BROUSSEAU
                              Greenberg Traurig, LLP,
14                            77 West Wacker Drive, Suite 3100,
                              Chicago, Illinois  60601
15
     For the Defendants:      MR. ALASTAIR J. WARR
16                            FisherBroyles LLP,
                              203 North LaSalle Street, Suite 2100,
17                            Chicago, Illinois  60601

18

19

20

21

22

23
                           PATRICK J. MULLEN
24                       Official Court Reporter
                       United States District Court
25              219 South Dearborn Street, Room 1412
                         Chicago, Illinois  60604
```

1       THE CLERK: 14 C 8196, Halo versus CDI.

2       MS. BROUSSEAU: Good morning, Your Honor. Jacqueline
3 Brousseau for plaintiff Halo. Defendants were supposed to call
4 in.

5   (Discussion off the record.)

6       MR. WARR: (Via telephone) Good morning. Alastair
7 Warr.

8       THE COURT: Good morning. The status of the case? I
9 think you're waiting for a ruling from me.

10       MS. BROUSSEAU: Yeah, we are waiting on rulings on the
11 motion for a new trial or alternatively --

12       THE COURT: It's going to be written, and it should be
13 available soon. Is there anything else to report on the case?

14       MS. BROUSSEAU: Well, yes.

15       MR. WARR: Yes, Your Honor. Alastair Warr here. We
16 do have a pending petition for recognition and a motion for
17 stay in light of CDI's Canadian bankruptcy proceeding.

18       THE COURT: Has that been briefed?

19       MS. BROUSSEAU: It has not been briefed, and we do not
20 believe that needs to be briefed. We read the supplemental
21 filing yesterday that CDI filed for the petition, and some of
22 the documents were about the sale of the company. We're not
23 really sure what this all means, but these filings seem very
24 unusual to us.

25       First, Daniel Ouaknine, the owner of defendant, is

1  selling the company to himself, and Comptoir Des Indes,
2  defendant CDI, is selling the company to Container Direct
3  International Furniture, another CDI Furniture, the same
4  acronym. We're not really sure what this means. It seems a
5  little fishy, but we have someone looking into that in Canada.
6  But what we do know now is that on March 20th my
7  colleagues were here opposing CDI's first motion to stay, and
8  Mr. Rick Harris read into the record what is required for CDI
9  to get recognition for this foreign bankruptcy proceeding under
10 Chapter 15 of the Bankruptcy Code. We specifically read that
11 they needed to file a Chapter 15 petition with the U.S.
12 Bankruptcy Court, and this Court gave CDI leave to refile a
13 motion for stay after that had been filed. Rather than filing
14 the petition, CDI renewed the motion.
15 I'm not a bankruptcy lawyer, Your Honor, but I found
16 the Chapter 15 downloadable petition within two minutes on the
17 U.S. Bankruptcy Court website with very clear instructions on
18 what to do, including committee notes about the statute, and
19 Congress has set forth a very, very straightforward procedure
20 on what to do to get recognition for a forum proceeding.
21 CDI has had multiple opportunities to file its
22 petition, first in March when they filed the first motion,
23 second after that motion was denied, after the motion to stay
24 was denied, third within the past three months, fourth
25 yesterday when they filed a supplemental petition.

1  In view of this, we believe if they really wanted the
2  case stayed that they would have filed that petition, but they
3  haven't and we're not sure why. We don't know if it's because
4  they want to avoid the expense of filing because they want to
5  start up these new companies, or maybe they don't want a
6  bankruptcy court judge who sees these filings every day to look
7  at these, we think, unusual filings and not grant recognition.
8  But what we do know is we think they've had multiple
9  opportunities, and we think that this motion should be denied
10 without having to brief it any further.
11 THE COURT: Counsel?
12 MR. WARR: Yes, Your Honor. Thank you. We did refile
13 our petition and motion in this court on March 27. We recited
14 all the information that was required under the Bankruptcy Act.
15 We're asking this Court to stay the proceedings here to allow
16 the Canadian bankruptcy court to run its course. We believe
17 the Court has the inherent authority to stay this proceeding
18 and give comity to the Canadian proceedings.
19 If Halo believes that there is any mischief going on
20 in Canada, then we believe that they can address that with the
21 court in Canada that is blessing these proceedings and has
22 authorized the sales process at each step of the way as
23 documented in the supplemental filings we filed yesterday.
24 THE COURT: What is happening in Canada? I mean, you
25 said there's been a number of sales or possible sales of the

5

1 business?

2 MR. WARR: Yeah. On April 10, 2018, the trustee,
3 which is KPMG, filed an application to authorize to sell
4 substantially all of CDI's assets, and that is in the filings
5 that we submitted yesterday. The Court subsequently approved
6 that application on April 12. I understand that the parties
7 have requested an extension of time through June 29, 2018, to
8 finalize the sales of the assets, and by that I mean to put
9 together the paperwork by which those assets will be conveyed
10 from CDI to the purchasing entity.

11 THE COURT: All right. Well, I will proceed. I'll
12 check it out, and then I'll either issue a ruling or a stay.
13 We'll take a look at it. All right? It will happen soon.
14 Thank you.

15 MR. WARR: Okay. Thank you, Your Honor.

16 MS. BROUSSEAU: Thank you, Your Honor.

17 (Proceedings concluded.)

18 C E R T I F I C A T E

19 I, Patrick J. Mullen, do hereby certify that the
foregoing is a complete, true, and accurate transcript of the
20 proceedings had in the above-entitled case before the Honorable
HARRY D. LEINENWEBER, one of the judges of said Court, at
21 Chicago, Illinois, on May 24, 2018.

22 */s/ Patrick J. Mullen*
Official Court Reporter
23 United States District Court
Northern District of Illinois
24 Eastern Division

25