IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HALO CREATIVE & DESIGN LIMITED, A HONG KONG COMPANY, HALO TRADEMARKS LIMITED, A HONG KONG COMPANY AND HALO AMERICAS LIMITED, A HONG KONG COMPANY, <br><br> PLAINTIFFS, <br><br> V. <br><br> COMPTOIR DES INDES INC., A QUEBEC CORPORATION, CDI INTERNATIONAL, CDI FURNITURE, DAVID OUAKNINE, DANIEL OUAKNINE, CONCEPT DESIGN INNOVATION FURNITURE INC. (*DBA* MUEBLES CONTENEUR DIRECT INTERNATIONAL INC.) <br><br> DEFENDANTS. | CASE NO. 1:14-CV-08196 <br><br> JUDGE HARRY D. LEINENWEBER <br> Magistrate Judge Susan E. Cox |

**DEFENDANTS' MOTION AND MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' VERIFIED SUPPLEMENTAL COMPLAINT UNDER FED. R. CIV. P. 12(B)(6)**

Defendants move the Court to dismiss Plaintiffs' Verified Supplemental Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. There is good cause to grant the request for relief as described below.

Plaintiffs' Verified Supplemental Complaint fails to establish or provide sufficient justiciable bases from which the Court could infer that Plaintiffs have plausible and actionable claims for relief given the ongoing nature of the present suit and the depths to which this case has already reached. The seven counts upon which Plaintiffs allege harm are either stale attempts at having another bite at the proverbial apple, violative of equitable notions of fair play in litigation,

1

or are attempts to portray law-abiding businessmen as conniving scoundrels, intent on usurping U.S. law through Canadian loopholes – none of which is true.

Defendants move this court for dismissal based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below, the Verified Supplemental Complaint, including all information included or incorporated therein, and such further argument and matters as may be offered at the time of the hearing on this Motion. On closer examination, it should become apparent to this Court that the actions taken by Defendants were lawful, circumstantially appropriate, and within their rights.

Date: February 4, 2019

Respectfully Submitted,
Marshall Gerstein
*/s/ Julianne M. Hartzell*_____
Julianne M. Hartzel
Partner
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357 USA
D: +1.312.474.6625
T: +1.312.474.6300
F: +1.312.474.0448
jhartzell@marshallip.com

*Attorney for Defendants* DAVID OUAKNINE, DANIEL OUAKNINE, CONCEPT DESIGN INNOVATION FURNITURE, (*dba* MEUBLES DE CONCEPT DESIGN ETINNOVATION INC.), AND CONTAINER DIRECT INTERNATIONAL FURNITURE INC. (*dba* MEUBLES CONTENEUR DIRECT INTERNATIONAL INC.)

**Memorandum of Points and Authorities**

I. **THE COURT SHOULD DISMISS PLAINTIFFS' VERIFIED AMENDED COMPLAINT BECAUSE IT FAILS TO DEMONSTRATE SUFFICIENT ACTIONABLE GROUNDS IN WHICH PLAINTIFFS ARE ENTITLED RELIEF**

A. <u>Statement of the Issue</u>

In an attempt to beat a dead-horse, Plaintiffs filed a Verified Amended Complaint against Defendants alleging seven different counts more than one year after receipt of a jury verdict and judgment. The counts are as follows:

- Count I: Infringement of U.S. Patent No. D655,526S
- Count II: Infringement of U.S. Patent No. D655,100S
- Count III: Copyright Infringement of Halo's Ornamental Designs Under 17 U.S.C. §101
- Count IV: Trademark Infringement and Unfair Competition Under 15 U.S.C. §1125(a)
- Count V: Illinois Consumer Fraud and Deceptive Business Practices Act Under 815 ILCS 505
- Count VI: Illinois Uniform Deceptive Trade Practices Act Under 815 ILCS 510
- Count VII: Fraudulent Transfer Against the "CDI SYNDICATE" (740 ILCS 160/5) (Fraud in Fact and Law)

Out of the seven counts leveled against Defendants, six counts are re-alleged from the initial pleading in this case. *See* Dkt. No. 1. Aside from addition of new parties[1], the only amendments Plaintiffs made to the Verified Amended Complaint are the addition of certain new articles

---

[1] DANIEL OUAKNINE, CONCEPT DESIGN INNOVATION FURNITURE, INC., and CONTAINER DIRECT INTERNATIONAL FURNITURE INC.

3

alleged to infringe Plaintiffs' copyrights and Count VII in its entirety.[2] Effectively, Plaintiffs are asking the Court to initiate a redo of almost four years' worth of proceedings simply because of a bona-fide, legitimate bankruptcy proceeding.

For the content of Counts I, II, and IV-VI, Defendants contend that these issues have been litigated to finality, a judgment has been issued as well as a permanent injunction—legally binding the Original Defendant parties: COMPTOIR DES INDES INC., CDI INTERNATIONAL and CDI FURNITURE (collectively, "Original Defendants") as well as their "owners and/or affiliated companies, their principals, officers, directors, agents, servants, and employees ("the CDI Entitles"), as well as any and all successors and/or assigns of any of the Defendants and/or the CDI Entities, and any and all entities acting in privity, concert, or participation with any of the Defendants and/or the CDI Entities …"[3] The final judgment is equally binding on the Plaintiffs, who waived any claim against items that could or should have been the subject of the original litigation. It would violate traditional norms of expedient dispute resolution and fair litigation practice to permit Plaintiffs to re-allege decided matters in which a final judgment was accorded.

It is evident that Plaintiffs' "newfound" issue is the disposition of the Original Defendants as insolvent pursuant to the Canadian bankruptcy proceeding and the present fact that the Original Defendants are legally and actually unable to satisfy the judgment. However, permitting the Plaintiffs to re-litigate this entire case on the basis of legitimate Canadian proceedings undermines the entire Canadian judicial authority in the United States, as well as significantly burdens the Defendants.

---

[2] *See* Verified Amended Complaint ¶98; ¶102; ¶103

[3] *Dkt.No.* 220

Therefore, Defendants move to dismiss this action for Plaintiffs' failure to state a claim upon which relief can be granted. For Counts I, II, IV-VI, relief has been granted in the form of a jury verdict, entry of judgment and enhanced damages, in addition to a fully binding permanent injunction. For Count III, Defendants contend that Plaintiffs waived their opportunity to allege infringement of the additional articles contained in the Verified Amended Complaint[4] by failing to include such articles in the initial complaint[5], First Amended Complaint[6], or the Corrected First Amended Complaint.[7] For Count VII, Defendants contend that Plaintiffs and this Court must defer to the decision of the Canadian bankruptcy court pursuant notions of comity and international good-faith. In addition, Defendants intend to proffer Mr. Stephane De Broux as a witness to testify as to the legitimacy, lawfulness and validity of the Canadian Bankruptcy procedure. Mr. De Broux's testimony, in conjunction with the approval and order pertaining to Defendants bankruptcy intention will demonstrate that Plaintiffs claims for fraud in fact and law are founded not on fact but rather on grandiose speculation and devious accusations.

**B. Relevant Facts**

This court is acutely aware of the facts surrounding this case. The original complaint was filed on October 20, 2014 between Plaintiffs and the Original Defendants. It persisted until a jury verdict was reached in favor of the Plaintiffs on January 1, 2018. *Dkt. No.* 217. On February 6, 2018 the Court also imposed a permanent injunction against the Original Defendants. *Dkt. No.* 220; *modified* 9/11/18 *Dkt. No. 266*. Thereafter, Plaintiffs moved the court to declare the case exceptional and grant enhanced damages for which the court granted Plaintiffs' motion on

---

[4] Verified Amended Complaint p. 57: "New CDI Vintage Leather Chair-Stainless Steel;" p. 60: "New CDI's Athena Rectangular Dining Table"
[5] *Dkt. No.* 1
[6] *Dkt. No.* 67
[7] *Dkt. No.* 100

October 2, 2018. *Dkt. No.* 270. Throughout this period, the parties remained before the Court and the circumstances of the trial remained constant, with one exception. Defendants, following the jury verdict and award of $3,559,284.00[8] (which was later enhanced to $7,118,568[9], not including bill of costs) filed for bankruptcy pursuant to Chapter 15 of the Canadian bankruptcy code. *Dkt.* 246. On one occasion, Defendants filed a motion to stay the judicial proceedings before this court pursuant to the ongoing bankruptcy proceedings in Canada.[10] This Court denied Defendants' motion for failing to comply with the requisite criteria for recognizing a foreign bankruptcy proceeding. *Dkt. No.* 270. Because seeking a stay became futile, the Defendants did not follow through with filing the petition for recognition.

Meanwhile, Defendants' application for authorization to sell certain assets was approved by the Superior Court of Canada, Province of Quebec, District of Montreal. *See Exhibit A*, attached hereto. Plaintiffs were notified and continuously aware of the bankruptcy proceedings the Original Defendants were participating in. *See Exhibit B*, attached hereto (discussed in more detail below). The proceedings were transparent as to who was bidding and to the terms of the offer. As such, Plaintiffs had ample opportunity to involve themselves with the Bankruptcy proceeding and ensure that any concerns they may have were handled to their satisfaction. To that end, Plaintiffs took no action in the bankruptcy proceedings and did not inquire as to any concerns they may have had with respect to the legitimacy of the transactions. *Exhibit B*.

C. **Legal Principles**

1. **Plaintiff must allege facts sufficient to show a plausible claim for relief**

---

[8] *See* Judgment, Dkt. No. 217
[9] *See* 10/2/2018 Order, Dkt. No. 270
[10] *See* Dkt. Nos. 246

6

Fed. R. Civ. P. 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also West Bend Mut. Ins. Co. v. Procaccio Painting & Drywall Co.*, 928 F. Supp. 2d 976, 987 (N.D. Ill. 2013). Fed. R. Civ. P. 12(b)(6), however, requires a complaint to be dismissed if it fails to state a claim upon which relief can be granted. *Fed. R. Civ. P. 12*. The complaint must contain "enough facts to state a claim to relief that is plausible on its face" and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level. *West Bend Mut. Ins. Co.*, 928 F Supp. 2d at 988 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929).

"[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. at 558 (quoting *Associated Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 528, n. 217 (1983)). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1996). A complaint "must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action …" *Twombly*, 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* §1216, pp. 235-236 (3d ed. 2004)). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

2. **Equitable Defense of Waiver**

"Although waiver is a flexible concept with no definite and rigid meaning, it is generally defined as an intentional relinquishment of a known right." *Shearson Hayden Stone, Inc. v. Leach*, 583 F.3d 367, 370 (7th Cir. 1978) (internal citation omitted). "It is basically an equitable principle used by courts to avoid harsh results when a party has conducted itself in such a way as to make those results unfair. *Id.* citing *L. Orlik Ltd. v. Helme Products Inc.*, 427 F. Supp. 771, 776 (S.D.N.Y. 1977). "Our doctrine on waiver acknowledges that a right may be 'taken away from its holder as a penalty for failure to assert it in a clear and timely manner.'" *Goldman v. Gagnard*, 757 F.3d 575, 579 (7th Cir. 2014) (internal quotation omitted).

3. **Plaintiff Must Allege Sufficient Facts to Demonstrate Plausible Fraud**

The Illinois' Uniform Fraudulent Transfer Act ("IUFTA") provides that a transfer of property "may be set aside as fraudulent if the transfer tends to hinder or defeat the rights of the grantor's creditor." *Mamacita, Inc. v. Colborne Acquisition co., LLC*, 2011 U.S. Dist. LEXIS 25146 *16 (N.D. Ill. Mar. 11, 2011) (internal quotation omitted). A transfer that is fraudulent in fact is defined as:

(a) A transfer made or obligation incurred by a debtor is fraudulent as to the creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(1) With actual intent to hinder, delay or defraud any creditor of the debtor.

740 ILCS 160/5(a)(1).

In determining the defendant's intent, the court may consider the presence of the "badges of fraud" that are enumerated in the IUFTA.[11]

A transfer that is fraudulent in law is defined as:

"A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation." *740 ILCS 160/6(a)*.

D. **Argument**

Plaintiffs' Verified Amended Complaint is a direct attempt at having a second "bite of the apple." Plaintiffs have been embroiled in this litigation for over four years and received an award of extensive damages pursuant to their judgment, in addition to a permanent injunction. Yet, upon termination of a Canadian bankruptcy proceeding in which the Original Defendants were deemed insolvent–a result undoubtedly attributable to the predicament the Original Defendants were placed in as a result of the judgment and injunction–Plaintiffs reupped the ante and decided to continue hunting heads. Nonetheless, Plaintiff's Verified Amended Complaint fails to adequately allege a factual basis upon which this Court can grant relief for two main

---

[11] The badges of fraud enumerated in the IUFTA required courts to consider whether: (1) the transfer or obligation was to an insider; (2) the debtor retained possession or control of the property transferred after the transfer; (3) the transfer or obligation was disclosed or concealed; (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (5) the transfer was of substantially all of the debtor's assets; (6) the debtor absconded; (7) the debtor removed or concealed assets; (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor. *740 ILCS 160/5(b)(1)-1(11)*.

9

reasons: (1) Plaintiffs waived any chance at claiming infringement of the newly alleged articles and (2) this Court ought to afford comity and deference to the determination of the honorable Superior Court of Quebec and, upon recognition of the Canadian bankruptcy judgment and disposition, must do so.

1. **Plaintiffs Waived the Opportunity to Allege Infringement of the CDI Vintage Leather Chair and Athena Rectangular Dining Table**

The 7th Cir. acknowledges that the concept of waiver is flexible and sometimes ambiguous. *See Goldman*, 757 F.3d 575 at 580. However, that does not detract from its efficacy. A party "waives" certain rights when it fails to assert said rights in a clear and timely manner. *United States v. Jonson*, 223 F.3d 665, 669 (7th Cir. 2000). In other words, Plaintiffs intentionally and unequivocally relinquished their right to litigate infringement of the CDI Vintage Leather Chair and Athena Rectangular Dining Table—the only new material contained in the Verified Amended Complaint by failing to include the CDI Vintage Leather Chair and Athena Rectangular Dining Table in the initial complaint[12], First Amended Complaint[13], or the Corrected First Amended Complaint.[14] Notably, Plaintiffs had the opportunity to include these items in their earlier filings and complaints, as each item existed well within the pendency of the initial case. *See Exhibit C* "CDI Catalog" Bates No. CDI-0049029 (Vintage Brown Leather Chair w/Stainless Steel Frame); *Exhibit D* "CDI Catalog" Bates No. CDI-0048720 (Large Rectangular Dining Table Black Finish Reclaimed wood w/white marble top). The presence of Bates Numbers on the attached exhibits unambiguously shows that Plaintiffs received these documents pursuant to discovery and had them in their possession. As such and given the multiple

---

[12] *Dkt. No.* 1
[13] *Dkt. No.* 67
[14] *Dkt. No.* 100

opportunities Plaintiffs were granted to amend their initial complaint, any claim to infringement of HALO derivative works by these two products necessarily should have been brought during the pendency of the original suit—certainly prior to a multi-day jury trial. Therefore, Plaintiff effectively waived its opportunity to claim those articles as infringers.

In addition, the Verified Amended Complaint is devoid of any actual indication of what other devices or articles, if any, it believes are infringements. A complaint "must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action …" *Twombly*, 550 U.S. at 555 *supra*. Rather than clearly point out which of the Defendants' products Plaintiffs allege to be infringements, Plaintiffs recite a plethora of their own products and conclude infringement. *See Verified Amended Complaint* ¶¶124-148. This type of conclusory complaint is precisely the type of pleading that the plausibility standard was designed to prevent. *See Twombly*, 550 U.S. at 555 *supra.* While Defendants acknowledge the ongoing circumstances of this suit, there is no excuse for deficient complaints, regardless of the timing.

2. **Plaintiffs Have Failed to Allege Sufficient Facts to Demonstrate Fraud in Fact or Law**

Plaintiffs carefully and meticulously complain that actions taken pursuant to the Defendants bankruptcy petition constitute fraud under 704 ILCS 160/5. *Verified Amended Complaint*: ¶¶169-184. However, the acts that Plaintiff complains of are all attributable to the bankruptcy proceeding, of which Plaintiffs were fully aware and apprised. On April 4, 2018 the bankruptcy trustee was contacted by Emily Haslam, a representative for Plaintiffs. *Exhibit B*: p. 8. Contained therein is evidence that unarguably establishes Plaintiffs awareness of the Original Defendants' intention on filing for bankruptcy and Plaintiffs receipt of notice that the Original Defendants

11

had filed a notice of invention. *Id.* ("Dear Stephane … It has come to my attention that Comptoir Des Indes has filed a notice of invention to file for bankruptcy."). Also contained therein is an acknowledgment that the subsidiary of Plaintiffs that was included in the list of creditors and that all correspondence sent to that entity is forwarded to the proper address of Plaintiffs in Hong Kong. *Id.* at 9. Thereafter, the trustee replied that the name and address would be corrected and by providing any documents that Plaintiff may not have received. *Id.* at 8. Then on April 13, 2018, Plaintiffs were provided copies and notice of the Approval and Vesting order rendered by the Superior Court as well as a report detailing the same from KPMG. *Id.* at 5. One month later, on May 14, 2018, Plaintiffs' representative again communicated with the trustee in respect to the bankruptcy proceedings. *Id.* at 3 ("Dear Stephane, Please can you confirm the next steps in respect of this matter?"). Thereafter, on August 21, 2018 Counsel for Plaintiffs was informed that Comptoir des Indes Inc. had sold all of its assets in accordance with the Vesting Order issued on April 12, 2018—of which Plaintiffs had received copies and detailed reports thereof. *Id.* at 2.

Contrary to the assertions leveled by Plaintiffs, the Defendants' actions pursuant to the bankruptcy proceeding were not "intended to thwart [Plaintiff]'s efforts at collecting on the judgment entered by this Court." *Verified Amended Complaint*: p. 52. Rather, Defendants were acting in full accordance with Canadian law. To permit the Plaintiffs to assert that "the entire bankruptcy itself was a fraudulent act intended to thwart [Plaintiff]'s collection efforts" would condemn *every* bankruptcy and would be a direct insult to the Superior Court of Canada, and the presiding justice. *Id.* Plaintiffs knew as early as April 4, 2018 that bankruptcy proceedings were being initiated by the Original Defendants, yet Plaintiffs allege, verified under penalty of perjury, that "the Canadian Bankruptcy court issued the Charge Order before [Plaintiffs] received notice

12

of the bankruptcy filings." *Id.* at 53. This is a blatant falsity, one which is demonstrably refuted by the attached Exhibit B.

As a result of the final approval and order regarding the order of vesting in the Canadian bankruptcy proceeding, any actions taken by the Defendants with respect to the Canadian bankruptcy proceeding must be afforded their due deference as they necessarily have been deemed legally sufficient under the laws of our sister-nation, which closely mirror the United States bankruptcy codes. "Comity is to be accorded an act of foreign court as long as that court is of competent jurisdiction and as long as the laws and the public policy of the forum state are not violated." *Hilton v. Guyot*, 159 U.S. 113, 202-203, 40 L.Ed. 95, 16 S. Ct. 139 (1895). "Illinois courts have granted comity to the laws of foreign jurisdictions in the absence of evidence that such recognition would be repugnant to its policy or prejudicial to its interest. *Klesman & Assocs. V. American Sensors*, 1997 U.S. Dist. LEXIS 11509, *4 (N.D. Ill. Jul. 28, 1997) (internal citation omitted). "Courts following Illinois law have granted comity to foreign bankruptcy proceedings in common law countries. *Id.* citing *Daniels v. Powell*, 604 F. Sup. 689, 694-695 (N.D. Ill. 1985).

Stephane De Broux, a member of KPMG, the trustee in bankruptcy, will be produced as a witness at the hearing scheduled for February 6, 2019, to explain the process that was followed. The testimony of Mr. De Broux will illuminate the legitimacy and validity of all actions taken pursuant to the Canadian bankruptcy procedure and shed light on the alleged "fraudulent" actions taken by the Defendants. Taken in conjunction, the approved order and the testimony of Mr. De Broux necessarily show that the actions taken by the Defendants were necessitated by a desperate situation, but were lawful nonetheless.

Ultimately, Plaintiffs' claims that Defendants acted fraudulently in the filing of bankruptcy and transference of ownership are all either demonstrably false or baseless allegations. Should Plaintiffs' claims withstand this motion, it would effectively permit a prevailing party, with a judgment and injunction in hand, to continue to attack companies after forcing them into bankruptcy. There are no plausible grounds upon which the Plaintiffs can base their claims of fraud. Instead, Plaintiffs use inflammatory language and suspect concoctions of the "truth" to bolster their claims in hopes of recovering a judgment against individuals and the legitimate successor of an insolvent company against which it holds a judgment.

### E. Conclusion

For the reasons stated herein, Defendants respectfully move this Court to dismiss Plaintiffs' Verified Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Counts I, II, IV, V, and VI are reiterations of decided disputes and a judgment has already been rendered pursuant to those claims. Count III must be dismissed as the Plaintiffs had ample opportunity to allege infringement, but failed to do so throughout the entirety of the initial case. Moreover, Plaintiffs' failure to particularly indicate what it considers to be an infringement leaves Defendants guessing as to the complained-of acts. Lastly, Plaintiffs' ostensibly had no knowledge of the Original Defendants Bankruptcy proceedings, but the evidence paints a different picture. Moreover, after receipt of a certificate of recognition, Defendants intend to present this Court with a valid, legally binding bankruptcy approval order which nullifies any baseless claim that Plaintiffs may proffer as to the efficacy of the bankruptcy itself.

| | |
|---|---|
| Date: February 4, 2019 | Respectfully Submitted, |
| | Marshall Gerstein |
| | */s/ Julianne M. Hartzell*_____<br>Julianne M. Hartzell<br>Partner<br>Marshall, Gerstein & Borun LLP<br>233 South Wacker Drive<br>6300 Willis Tower<br>Chicago, IL 60606-6357 USA<br>D: +1.312.474.6625<br>T: +1.312.474.6300<br>F: +1.312.474.0448<br>jhartzell@marshallip.com<br>marshallip.com |

**CERTIFICATE OF SERVICE**

I certify that on February 4, 2019, I electronically filed the above document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of notice of electronic filing generated by CM/ECF.

*/s/ Julianne M. Hartzell*