**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HALO CREATIVE & DESIGN LIMITED, a Hong Kong company, HALO TRADEMARKS LIMITED, a Hong Kong company and HALO AMERICAS LIMITED, a Hong Kong company, | ) ) ) ) ) | Civil Action No. 1:14-cv-08196 |
| | ) | |
| *Plaintiffs,* | ) ) ) | Judge Harry D. Leinenweber |
| v. | ) ) | Magistrate Judge Susan E. Cox |
| COMPTOIR DES INDES INC., a Quebec corporation, CDI INTERNATIONAL, CDI FURNITURE, DAVID OUAKNINE, DANIEL OUAKNINE, CONCEPT DESIGN INNOVATION FURNITURE, INC. (*dba* Meubles de Concept Design et Innovation Inc.), and CONTAINER DIRECT INTERNATIONAL FURNITURE INC. (*dba* Meubles Conteneur Direct International Inc., | ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| *Defendants.* | ) | |

---

**STIPULATION AND JOINT MOTION TO CONTINUE STAY FOR NINE MONTHS**

---

Plaintiffs Halo Creative & Design Limited, Halo Trademarks Limited and Halo Americas Limited, by counsel, and Defendants David Ouaknine, Daniel Ouaknine, Concept Design Innovation Furniture, Inc., and Container Direct International Furniture, Inc. (collectively, the "Parties"), by counsel, stipulate to, and jointly move the Court to order, a continuance of the stay of this case for an additional nine months, to allow Defendants to fully resolve insurance coverage issues raised in the Parties' settlement submissions. In support of this Stipulation and Joint Motion, the Parties state as follows:

1.      The Parties intend to engage in a mediation session before Magistrate Judge Cox to resolve their dispute, and this Court has referred the case to Magistrate Judge Cox for that purpose.

2. The mediation session was originally scheduled to take place in January 2020. However, after the Parties submitted their respective mediation statements to Magistrate Judge Cox, the Parties held a preliminary phone conference with Judge Cox. At that conference, Judge Cox concluded that the Parties would be more likely to achieve resolution of their dispute if Defendants could first pursue one or more lawsuits that Defendants had filed against their insurers. The purpose of those lawsuits was to resolve the issue of Defendants' insurance coverage relative to Plaintiffs' claims, which could, in turn, impact a more complete and amicable resolution of the present case.

3. Accordingly, on January 15, 2020, the Parties jointly moved this Court to enter a stay of six months so that Defendants could resolve insurance coverage issues. (Dkt. No. 382.) A stay of the present case was intended to permit Defendants the opportunity to thoroughly and diligently pursue coverage from its insurers which could, in turn, impact the resolution of this case. The Court granted that joint motion on January 22, 2020. (Dkt. No. 384.)

4. Defendants have diligently prosecuted their insurance coverage lawsuit. However, because of the COVID-19 pandemic, Defendants efforts were substantially impeded. According to Defendants' insurance trial counsel, the originally scheduled dates for submitting motions for summary judgment have been pushed back due to COVID-19. Presentment on Defendants' motion was originally set to occur on April 23, 2020, but, again, because of COVID-19, the court was closed, and presentment did not occur. (*See* Dkt. No. 388-4.) The parties to that insurance lawsuit are currently completing their briefing on cross motions for summary judgment, with the final brief submitted just recently. The court in that lawsuit has scheduled a hearing on these cross motions on December 2, 2020. However, COVID-19 may still create future scheduling hindrances and/or restrictions, and the hearing date may be subject to further change. Nevertheless, it appears that briefing and oral argument on the parties' summary judgment motions will be completed by the end of 2020. A favorable ruling for Defendants would enhance the likelihood that Defendants' insurer participates in settlement negotiations between the Parties.

5. Also because of the COVID-19 pandemic, the Northern District of Illinois issued a series of General Orders that extended the deadlines for *all* cases pending in this district by a total of 77 days.

As a result of those extensions, the Parties believe that the stay period in this lawsuit was extended up through and including October 7, 2020. The Parties jointly filed a status report on July 31, 2020 asserting that a continuance of the stay is warranted, to enable Defendants to resolve their insurance coverage dispute. (Dkt. No. 388.)

6.      While the Court has not yet granted any continuance of the stay, Judge Cox issued an order on November 13, 2020 requiring the Parties to file an updated joint status report by January 11, 2021. (Dkt. No. 393.) In that order, Judge Cox noted that, if the Parties do not indicate their readiness to proceed with a settlement conference in that January 11 status report—and that, if the Parties have not by that time "moved for another stay before the District Judge"—then Judge Cox will close her settlement referral. (*Id*.)

7.      While resolving this lawsuit through the settlement referral continues to be the paramount objective of the Parties, based on the schedule of the insurance lawsuit, it appears highly unlikely that the court in that lawsuit will have ruled by January 11, 2021, with respect to whether Defendants are entitled to insurance coverage. Rather, Defendants believe that the court in that lawsuit is likely to rule on those cross motions regarding insurance coverage by spring or early summer 2021.

8.      Accordingly, the Parties have stipulated to a nine-month continuance of the stay, to permit Defendants to resolve their coverage issues. The Parties jointly and respectfully submit this Motion for which good cause exists. As a term of the stipulation, Defendants agree that they will not voluntarily file for bankruptcy, either corporate or individual, during the period of continued stay.

WHEREFORE, the Parties, via counsel, respectfully request that this Court grant their joint request and Motion for a continuance of the stay for nine months—until July 7, 2021—relative to all proceedings in this case, and that the settlement referral to Magistrate Judge Cox remain open thereafter.

Dated November 20, 2020

Respectfully submitted,

**Greenberg Traurig, LLP**

By:  /s/ Barry Horwitz_____

Barry R. Horwitz
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: 312-456-8400
Facsimile: 312-456-8435

*Counsel for Plaintiffs*

**Wood Herron & Evans LLP**

By:  /s/ Glenn Bellamy_____

Glenn D. Bellamy (*pro hac vice*)
Charles D. Pfister (*pro hac vice*)
WOOD HERRON & EVANS L.L.P.
441 Vine Street
2700 Carew Tower
Cincinnati, Ohio 45202
(513) 241-2324

Julianne M. Hartzell
Partner
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357 USA
D: +1.312.474.6625
T: +1.312.474.6300
F: +1.312.474.0448
marshallip.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 20, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will electronically send notice of such filing to all counsel of record.

/s/ Barry Horwitz